UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GUY CARPENTER & COMPANY, LLC and MARSH & McLENNAN COMPANIES, INC., <br><br>Plaintiffs,<br><br>v.<br><br>JULIAN SAMENGO-TURNER, RON WHYTE, and MARCUS HOPKINS,<br><br>Defendants. | Case No. 07 - CV- 3580 (DC)<br><br>**DECLARATION OF JOHN P. BARRY** |

I, John P. Barry, hereby declare:

1. I am a member of Proskauer Rose LLP, attorneys for defendant Ron Whyte ("Defendant") in the above-captioned matter. I submit this declaration in support of Defendant Whyte's motion to dismiss plaintiffs' Complaint based upon insufficient personal jurisdiction and/or under the doctrine of forum *non conveniens*.

2. A true and correct copy of the Court's Pretrial Scheduling Order, dated May 22, 2007, is attached as Exhibit 1.

3. A true copy of Plaintiffs' Complaint, without attachments, is attached as Exhibit 2.

4. A true copy of Marsh Services Ltd.'s December 26, 2005 "Report and Financial Statements" is attached as Exhibit 3.

5. A true copy of Marsh Services Ltd.'s Certificate of Incorporation and related documentation is attached as Exhibit 4.

6. True and correct copies of the U.K. Contracts of Messrs. Samengo-Turner and Hopkins are attached as Exhibits 5 and 6.

7. True and correct copies of the U.K. Contracts amendments of Messrs. Samengo-Turner and Hopkins are attached as Exhibits 7 and 8.

8. True and correct copies of the Bonus Contracts of Messrs. Samengo-Turner, Whyte, and Hopkins are attached as Exhibits 9, 10, and 11.

9. A true and correct copy of select pages of the transcript of Marsh's first quarter 2007 Earnings Conference Call, which took place on May 8, 2007, are attached as Exhibit 12.

10. In further support of Defendant's motion to dismiss, it is important for the Court to recognize the significant involvement of English counsel for both sides. Before this suit was ever filed, Plaintiffs' London legal counsel (Herbert Smith LLP) sent letters to each Defendant on or about April 5, 2007, at their respective U.K. residences, with identical written demands for information designed to support the existence of Detrimental Activity. A true and correct copy of these letters are attached as Exhibit 13.

11. Defendants' London-based solicitors, Elborne Mitchell, Defendants denied Plaintiffs' allegations on April 11, 2007. A true and correct copy of this letter is attached as Exhibit 14.

12. On April 19, 2007, Elborne Mitchell further advised Herbert Smith that Defendants were willing to sign written undertakings confirming that they will comply with their garden leave obligations and that they had no documentation or other property belonging to Plaintiffs other than mobile telephone handsets which they offered to return. A true and correct copy of this letter is attached as Exhibit 15.

13. Elborne Mitchell wrote to Herbert Smith again on May 1 for additional information in support of GC's oppressive demands. A true and correct copy of this letter is attached as Exhibit 16.

14. By letter dated May 3, Herbert Smith confirmed that Plaintiffs had refused to provide any additional information to support its information demands but, nonetheless, anticipated receiving the Defendants' written responses and undertakings as soon as possible.

15. *The very next day*, however, this lawsuit was filed in the United States District Court for the Southern District of New York.

16. By letter dated May 17, 2007, Elborne Mitchell nonetheless proposed that it would recommend that Defendants sign a written undertaking which set forth, in pertinent part:

> I confirm my agreement to remain an employee of Marsh Services Limited ("the Company") until 2 October 2007 and to serve out my notice period on garden leave as requested by the Company. I undertake that while I remain an employee of the Company I will abide by my contractual duty of good faith and fidelity to the Company. I further undertake that during this period of garden leave I will not:
>
> (a) Save for the purpose of obtaining legal advice, or save as required or permitted by law, or save with the express permission of the Company.
>
>> (A) disclose or permit to be disclosed to any person firm or company any confidential information of the Company or of any other member of the Group.
>>
>> (B) disclose in any way, or use for my own or another's advantage, any of the data, programmes or manuals, or any of the business methods or information of a confidential nature relating to the affairs of any group Company.
>
> (b) be employed or engaged or otherwise provide services directly or indirectly, except as an employee of the Company, in the business of underwriting or as an insurance, reinsurance, or mortgage broker or agent without having first gained the written consent of the Company.

A true and correct copy of this letter is attached as Exhibit 17.

17. Plaintiffs, however, rejected that offer.

3

      Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: Newark, New Jersey
       May 24, 2007

                                                                    John P. Barry

6473/39438-002 Current/9692720v2