UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
:
GUY CARPENTER & COMPANY, LLC and :
MARSH & McLENNAN COMPANIES, INC., :
:
                 Plaintiffs, :      07 Civ. 3580 (DC) (KNF)
:
              - against - :      **DECLARATION**
:
JULIAN SAMENGO-TURNER, RON WHYTE, :
and MARCUS HOPKINS, :
:
                Defendants. :
:
------------------------------------------------------------ x

        I, Andrew Gordon Brown, hereby declare:

        1.     I am a partner (technically, a member) in the United Kingdom law firm, Herbert Smith LLP ("Herbert Smith"), working in the firm's London office. Herbert Smith are the solicitors for, among other entities, Guy Carpenter & Company, LLC ("Guy Carpenter") and Marsh & McLennan Companies, Inc. ("MMC," and together with Guy Carpenter, "plaintiffs") in proceedings initiated in the United Kingdom by the defendants in this action, Julian Samengo-Turner, Ron Whyte and Marcus Hopkins (together, "defendants"). I submit this declaration in opposition to defendant Ron Whyte's motion to dismiss plaintiffs' complaint due to alleged lack of personal jurisdiction and forum *non conveniens*.

        2.     Plaintiffs were first advised on May 29, 2007 that defendants in this action had commenced an action in the United Kingdom before the High Court on May 25, 2007 seeking an anti-suit injunction that would have prohibited plaintiffs from maintaining this action in this Court; that action sought effectively to deprive this Court of adjudicatory authority over this matter. Defendants' principal claim was based on European Council Regulation 44/2001 (the "Regulation") which provides, amongst other things, that an employer must sue its

employees in the courts of the jurisdiction where the employees are domiciled, in matters relating to their individual contracts of employment. In addition, defendants claimed, amongst other things, that litigation in the United States is "oppressive" because of the availability of depositions and put forward a number of arguments which I understand to be substantively the same as those made in defendant Whyte's motion to dismiss in this action. Herbert Smith accepted service of process in that action on behalf of plaintiffs (notwithstanding that similar courtesies were not extended by defendants in this action).

3. The return date on defendants' application for interim relief in the United Kingdom action was set for May 31, 2007, just two days after plaintiffs were first advised of the action. Solely to obtain an extension of time in which plaintiffs could prepare a proper response to the United Kingdom action, plaintiffs agreed to the Consent Order, a true and correct copy of which is attached as Exhibit A hereto.

4. On June 6, 2007, a hearing was held before the High Court, and the High Court rejected defendants' request for an anti-suit injunction. The judge found that the Regulation does not apply to this action by plaintiffs for the following reasons. First, plaintiffs are not and never have been defendants' employers. Defendants' employer is and always has been MSL (formerly Marsh Corporate Services Limited and prior to that J&H Marsh and McLennan (Services) Limited), which is not a party to this action. Second, the Marsh & McLennan Companies 2000 Senior Executive Incentive and Stock Award Plan (the "Plan") and the agreements defendants executed in connection with the awards made to them effective November 1, 2005 under the Plan are not defendants' contracts of employment, either on their own or when taken together with their individual employment contracts, and therefore this action does not concern matters relating to an individual contract of employment.

KL3 2597294.2

5. The judge also expressly commented that the public policy considerations set out in recital 13 of the preamble to the Regulation (namely that in relation to employment, the weaker party (the employee) should be protected by rules of jurisdiction more favourable to his interests than the general rules provide for) had little bearing in this case which concerned very senior executive officers with substantial assets and know-how.

6. Having rejected defendants' argument based on the Regulation, the judge went on to consider defendants' argument that he should grant an anti-suit injunction on the basis that this action is vexatious, unconscionable or oppressive. He rejected that argument. He noted that whilst England might be the natural forum for employee disputes, that was not the case for matters relating to the Plan; he specifically recognized the fact that the Plan was administered in New York and the need for the MMC group to have a coherent strategy with regard to awards under the Plan. He commented that these considerations countered the suggestion that the New York proceedings were vexatious or unconscionable.

7. For defendants to convince the judge to grant an anti-suit injunction, they had to show only that they had a good arguable case on the points they raised. In other words, they had to show a reasonable prospect of success (a standard that falls short of showing that they would be likely to succeed at a full trial). The judge found that defendants' arguments did not satisfy this test.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed:   London, England, United Kingdom
            June 7, 2007

_____
Andrew Gordon Brown

KL3 2597294.2

# EXHIBIT A

*Cor: Underhill*
*CT37*

Claim No. 2007 Folio 945

*1/6/07*

**IN THE HIGH COURT OF JUSTICE**
**QUEEN'S BENCH DIVISION**
**COMMERCIAL COURT**
MR JUSTICE UNDERHILL
31 MAY 2007
B E T W E E N :



(1) JULIAN SAMENGO-TURNER
(2) RONALD DENNIS WHYTE
(3) MARCUS HOPKINS

Claimants

-and-

(1) MARSH SERVICES LIMITED
(Formerly MARSH CORPORATE SERVICES LIMITED
and prior to that J&H MARSH & MCLENNAN (SERVICES) LIMITED)
(2) GUY CARPENTER & COMPANY LCC
(3) MARSH & MCLENNAN COMPANIES INC

Defendants

---

CONSENT ORDER

---

UPON HEARING counsel for the Claimants and counsel for the Defendants

AND UPON the Defendants by their Counsel undertaking that until 4-30pm on Wednesday 6 June 2007 or further order, they will not, whether by themselves, their servants or agents or otherwise howsoever continue, prosecute or otherwise take any steps in the action commenced by the Second and Third Defendants in United States District Court Southern District of New York (Index number 07 Civ 3580) ("the

US Proceedings"), including for the avoidance of doubt that they will not take any steps to seek enforcement of and/or compliance with the order of 18 May 2007 made in the US Proceedings;

AND UPON the First and Second Claimants undertaking by their Counsel that, by 4-30pm on Wednesday 6 June 2007, they will lodge with their solicitors, Messrs. Elborne Mitchell, the documents or true copies of the documents listed in the Schedule annexed hereto which are within their control (the word "control" having the meaning given to it in the CPR Rule 31.8) and for which they have made a reasonable search (the expression "reasonable search" having the meaning given to it in CPR Rule 37.7);

AND UPON Messrs. Elborne Mitchell undertaking to use their best endeavours to procure an undertaking from the Third Claimant in like terms to that provided by the First and Second Claimants by 4-30pm on Monday 4 June 2007;

BY CONSENT IT IS ORDERED THAT:

1. The Claimants application for an interim anti-suit injunction made by an Application Notice dated 29 May 2007 be adjourned to the date fixed at paragraph 5.

2. The Defendants do file acknowledgement of service and such evidence as they propose to rely on in response to the Claimants' application by 4-30pm on Friday 1 June 2007.

3. The Defendants do serve their skeleton argument in response to the Claimants' skeleton argument served on 29 May 2007 by 4-30pm on Monday 4 June 2007.

4. The Claimants do file their evidence in reply to the Claimants' evidence by 4-30pm on Tuesday 5 June 2007.

5. The application be heard on 6 June 2007.

6. The Defendants, if so advised, do issue and serve such application as they propose to make at the trial of this action or such originating process as they propose to commence for disclosure and provision of information by 4-30pm on Friday 1 June 2007. The time table for the service of evidence for such application or originating process is the same as for the evidence for the trial of the action herein. The Defendants' skeleton argument in support of such application or originating process to be served with the application. Such application or originating process be listed to be heard with the Claimants' application, to be heard if time permits.

7. Costs reserved.

Dated this 31st day of May 2007

Claire Blanchard
Counsel for the Claimants

Andrew Lenon QC
Counsel for the Defendants

## DOCUMENTS REQUESTED

1. All documents concerning defendants' hiring by Integro, including but not limited to each defendant's offer letter from Integro or employment contract with Integro reflecting defendant's job titles, duties and responsibilities at Integro, and/or defendant's compensation from Integro (including without limitation salary, bonus, stock and other non-cash compensation.); notes, correspondence (electronic or otherwise), and other documentation reflecting defendants' discussions and negotiations with Integro; and any drafts of the foregoing.

2. All documents concerning each defendants' resignation from Guy Carpenter, including but not limited to communications between (a) each defendant and (b) Integro or any person relating to the reasons for defendants' departure from Guy Carpenter.

3. All documents concerning Integro's recruitment or solicitation of defendants, including but not limited to communications between each defendant and Integro and communications among defendants.

4. All documents concerning in-person meetings or interviews (whether formal or informal) between each defendant and Integro.

5. All documents concerning communications between each defendant and any client of Guy Carpenter concerning (a) defendants' resignations from Guy Carpenter or hiring by Integro or (b) the possibility of any client using Integro for its facultative brokerage business.

6. All documents concerning communications between each defendant and current or former Guy Carpenter or MMC employees concerning Integro.

- 4 -

7. All documents concerning in-person meetings or interviews (whether formal or informal) relating to potential employment (of anyone) with Integro between each defendant and current or former Guy Carpenter or MMC employees.

8. All documents concerning in-person meetings or interviews (whether formal or informal) between Integro and current or former Guy Carpenter or MMC employee relating to potential employment with Integro.

9. All documents concerning defendant Samengo-Turner's conversation with Mark Newman of Guy Carpenter, on or about April 3, 2007, concerning Integro.

10. All documents concerning communications among defendants concerning the recruitment or potential hiring by Integro of current or former Guy Carpenter or MMC employees.

11. All documents concerning communications between each defendant and Integro regarding the recruitment or potential hiring by Integro of current or former Guy Carpenter or MMC employees.

12. All documents concerning communications between each defendant and Integro about Guy Carpenter's facultative reinsurance group.

13. All documents concerning work done by defendants for Integro to date or plans for work to be done for Integro during defendants' Guy Carpenter notice period.

14. All documents concerning the business of plaintiffs, including without limitation all documents containing confidential information or concerning employees of

- 5 -

plaintiffs that are currently in their possession or control or were in their possession or control at any time after April 3, 2007.

15. All documents concerning communications by defendant(s) to Integro of any confidential documents or information of or relating to Guy Carpenter or MMC or any of their clients.

Dated: New York, New York
May __, 2007

KRAMER LEVIN NAFTALIS & FRANKEL LLP

By:_____
    Barry H. Berke (BB-1421)
    Robert N. Holtzman (RH-9525)
    Rachel M. Manne (RM-7151)
1177 Avenue of the Americas
New York, New York 10036
(212) 715-9100

Attorneys for Plaintiffs

To:    John Barry, Esq.
       Proskauer Rose LLP
       One Newark Center
       Newark, NJ 07071-5211
       973-274-6081

       Attorneys for Defendants