UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————— x
:
GUY CARPENTER & COMPANY, LLC and          :
MARSH & McLENNAN COMPANIES, INC.,         :
:
                              Plaintiffs,          :          07 Civ. 3580 (DC) (KNF)
:
                  - against -                        :          **DECLARATION**
:
JULIAN SAMENGO-TURNER, RON WHYTE,        :
and MARCUS HOPKINS,                            :
:
                              Defendants.          :
:
———————————————————————— x

I, Iain Charles Colquhoun, hereby declare:

1.          I am a solicitor in the London office of the international law firm, Herbert Smith LLP.

2.          I submit this declaration to inform the Court of the efforts that plaintiffs have made, through my law firm and the process server we retained, to serve the Summons and Complaint (and related documents) in this action, upon defendants.

3.          On Friday, May 4, 2007, Herbert Smith LLP was requested by Kramer Levin Naftalis & Frankel LLP ("Kramer Levin"), on behalf of our firms' mutual clients Guy Carpenter & Company LLC and Marsh & McLennan Companies, Inc., to make arrangements for the service of the Summons and Complaint (and related documents) in above-captioned action upon defendants Julian Samengo-Turner, Ron Whyte and Marcus Hopkins ("defendants") in the United Kingdom. For this purpose, we contacted Ash Enforcement Services, which arranged for Elizabeth Schmitz to act as process server.

4.      Ms. Schmitz was instructed to serve the Summons and Complaint (and the related documents) upon the defendants at the addresses we gave to her, which were the last known addresses plaintiffs had on file for defendants.

Attempted Personal Service of Julian Samengo-Turner

5.      On Saturday, May 5, 2007 I received a call from Ms. Schmitz who apprised me of some issues that had arisen regarding this service of process.  Ms. Schmitz informed me that she had attended the address we had provided for Mr. Samengo-Turner, but that the individuals currently residing at that address said that Mr. Samengo-Turner and his family had moved about 12 months ago.  However, they provided Ms. Schmitz with the mobile telephone number for Mr. Samengo-Turner's wife, which Ms. Schmitz called.  Ms. Schmitz left a message.  Mr. Samengo-Turner returned the call stating that he was in Worthing for the weekend.  He offered to accept service in Worthing (which is about 60 miles south of London), or alternatively at Gatwick Airport.  He also said that he would not be returning to London before leaving from Luton Airport on May 8, 2007 for an overseas trip for 3 weeks.  He therefore proposed that the documents be sent to his solicitors in London.  Ms. Schmitz did not know the name of Mr. Samengo-Turners's English solicitors.

6.      Because Mr. Samengo-Turner made the representation that his solicitors would accept service on his behalf, we believed it would be most effective to serve the documents in this manner and not through the other means suggested by Mr. Samengo-Turner at the time.

7.      At this stage, I was not aware of the name of the English firm of solicitors representing Mr. Samengo-Turner.  Soon after my telephone call with Ms. Schmitz, I was informed by Robert Holtzman of Kramer Levin that the law firm of Elborne Mitchell were acting on behalf of the defendants, but that Kramer Levin were not aware of the name of the particular

solicitor acting on their behalf. I agreed with Mr. Holtzman that I would contact Mr. Samengo-Turner directly to find out the name of his solicitor, so that I could contact him or her to confirm that he or she was willing to accept service on behalf of Mr. Samengo-Turner and the other defendants.

8.     I initially tried to contact Mr. Samengo-Turner by calling his mobile telephone (Ms. Schmitz having given me the number). A number of these attempts were unsuccessful and I was unable to leave a message on his telephone. I therefore sent him a text message asking him to call me back as I needed the contact details for his solicitor at Elborne Mitchell so I could confirm that he or she was willing to accept service on his behalf. This text message was sent at 6:14 p.m.

9.     Some time after I sent this text message, I received a telephone call from Mr. Samengo-Turner. We referred to his prior telephone discussion with Ms. Schmitz. He indicated that he was happy for the documents to be served on his solicitor of Elborne Mitchell. I explained that I needed the contact details for his solicitor in order to confirm that he or she was willing to accept service on his behalf. He told me that his solicitor at Elborne Mitchell was Kate Payne. As he was travelling, he also asked for a copy of the proceedings to be sent to him directly and gave me his email address as julian@samengo-turner.com. I said that I could see no difficulty with this, although I decided that it would not be appropriate to do so until after I had spoken to Ms. Payne.

10.     At 7:02 p.m., I contacted the messaging service at Elborne Mitchell. I left a message for Kate Payne asking her to call me back as a matter of urgency.

11.     At 7:21 p.m., I received a telephone call from Ms. Payne. I explained that we had attempted to serve a Summons and Complaint (and related documents) on Mr. Samengo-

Turner, but as he was not in London and was shortly to travel overseas for 3 weeks, he had said

that he was willing for her to accept the proceedings on his behalf. I said that I was calling to

confirm that this was the case. She asked me what the proceedings related to. I said that I was

not aware of the details of the case, but it appeared from the documents that it was a claim

brought by Guy Carpenter and Marsh & McLennan against Mssrs. Samengo-Turner, Whyte and

Hopkins in the Southern District of New York.

12.     Ms. Payne said that she would get instructions and revert to me. She

asked for Mr. Samengo-Turner's mobile telephone number, which I provided to her. She also

asked for the mobile telephone numbers for the other defendants, which I told her I did not have.

She said that she would send an email to me as soon as she had obtained instructions. I said that

whilst Mr. Samengo-Turner was the priority given his impending overseas trip, I asked that she

also take instructions from Mr. Whyte and Mr. Hopkins.

13.     I did not receive an email or any other communication from Ms. Payne

during the course of Saturday evening or on the morning of Sunday, May 6, 2007. At 2:37 p.m.

on Sunday afternoon (9:39 a.m. New York time) I sent an email to Ms. Payne asking her to

confirm as a matter of urgency whether she had instructions to accept service on behalf of Mr.

Samengo-Turner. I asked her to confirm whether she had instructions from Mr. Whyte and Mr.

Hopkins. A copy of that email is attached hereto as Exhibit A.

14.     After not receiving any response from Ms. Payne, I tried to contact her

through Elborne Mitchell. My initial attempts to do so were unsuccessful. I managed to contact

the Elborne Mitchell messaging service at 6:04 p.m., and I left a message for Ms. Payne asking

her to call me back or to respond to my email as a matter of urgency. I received no response to

my messages over the course of Sunday evening and Monday, May 7, 2007 (which was a public

holiday in the United Kingdom). I believe that Mr. Samengo-Turner left the U.K. on Monday morning.

15.    On Tuesday, May 8, 2007 at 11:00 a.m., I left another message for Ms. Payne at Elborne Mitchell. At 11:22 a.m. (6:22 a.m. New York time) I received an email from Ms. Payne stating that she did not have instructions to accept service on behalf of Mssrs. Samengo-Turner, Whyte and Hopkins. A copy of that email is attached hereto as Exhibit B. Further email correspondence between Ms. Payne and me followed at 3:33 p.m. (10:33 a.m. New York time), 4:58 p.m. (11:58 a.m. New York time) and 6:06 p.m. (1:06 p.m. New York time), copies of which are also attached hereto as Exhibits C, D and E. To date, I have received no response to my email of May 8, 2007 at 6:06 p.m. In particular, I am not aware whether Ms. Payne has been unable to obtain instructions from the defendants, or whether the defendants have instructed her not to accept service on their behalf.

Attempted Personal Service Upon Ron Whyte

16.    When Ms. Schmitz called me on Saturday, May 5, 2007 at 4:05 p.m., she told me that she had attended Mr. Whyte's home in Kent earlier that day to attempt to effect service of the proceedings. She told me that it appeared that Mr. Whyte was away, as there was a large amount of unopened mail near his door. When Ms. Schmitz spoke to Mr. Samengo-Turner (as to which see paragraph 5 above), he said that he believed that Mr. Whyte was around generally, but may be away for the public holiday weekend on May 5-7, 2007. Ms. Schmitz told me that she had left a delivery card for Mr. Whyte, asking him to call her back.

17.    In light of Ms. Payne's response on May 8, 2007, stating that she did not have instructions to accept service of behalf of defendants, as explained above, I instructed Ms. Schmitz at 12:00 p.m. on Tuesday, May 8, 2007 to try again to serve the proceedings on Mr. Whyte. Ms. Schmitz called me later in the day to inform me that she attempted service on this

date but was informed by an individual at Mr. Whyte's home that Mr. Whyte had left the UK for a few weeks. This individual would not accept service on behalf of Mr. Whyte.

18.    However, on May 11, 2007, I was informed by Ms. Schmitz that she had received a telephone call from Mr. Whyte, who indicated that he would be willing to accept service of the papers on May 12, 2007 at 8:00 a.m. I have since been informed that Mr. Malcolm Satchell from Ash Enforcement Services effected personal service upon Mr. Whyte at his home on May 12, 2007 at 8:00 a.m.

Attempted Personal Service Upon Marcus Hopkins

19.    Ms. Schmitz also told me that when she spoke with Mr. Samengo-Turner on Saturday, May 5, 2007, he had told her that Mr. Hopkins was overseas for about a month.

20.    On May 10, 2007, I instructed Ms. Schmitz to attend Mr. Hopkins' home to confirm that he was away. Ms. Schmitz informed me that the address is presently unoccupied and that she was told by neighbors that they believed Mr. Hopkins was away for some time.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed:    London, England, United Kingdom
                    May 16, 2007

I. Charles Colquhoun

# EXHIBIT
# A

## Tamayo, Amparo

| | |
|---|---|
| **From:** | Colquhoun, Charles [Charles.Colquhoun@herbertsmith.com] |
| **Sent:** | Sunday, May 06, 2007 9:37 AM |
| **To:** | payne@elbornes.com |
| **Cc:** | BROWN, ANDREW |
| **Subject:** | Guy Carpenter |

Dear Ms Payne

I refer to our telephone discussion yesterday evening.

We should be grateful if you could confirm as a matter of urgency whether you have instructions to accept service on behalf of Mr Samengo-Turner.  If you do not have instructions, we may have to take steps to effect service on Mr Samengo-Turner by other means.

In due course, we should also be grateful if you could confirm if you have instructions from Mr Whyte and Mr Hopkins.

Yours sincerely

Charles Colquhoun

Herbert Smith LLP

# EXHIBIT
# B

## Tamayo, Amparo

| | |
|---|---|
| **From:** | Kate Payne [Payne@Elbornes.com] |
| **Sent:** | Tuesday, May 08, 2007 6:22 AM |
| **To:** | Colquhoun, Charles |
| **Subject:** | RE: Guy Carpenter |

Dear Mr Colquhoun

Please be advised that I do not have instructions to accept service on behalf of Mr Samengo-Turner, Whyte and Hopkins.

Yours sincerely
Kate Payne

-----Original Message-----
**From:** Colquhoun, Charles [mailto:Charles.Colquhoun@herbertsmith.com]
**Sent:** 06 May 2007 14:37
**To:** Kate Payne
**Cc:** BROWN, ANDREW
**Subject:** Guy Carpenter

Dear Ms Payne

I refer to our telephone discussion yesterday evening.

We should be grateful if you could confirm as a matter of urgency whether you have instructions to accept service on behalf of Mr Samengo-Turner. If you do not have instructions, we may have to take steps to effect service on Mr Samengo-Turner by other means.

In due course, we should also be grateful if you could confirm if you have instructions from Mr Whyte and Mr Hopkins.

Yours sincerely

Charles Colquhoun

Herbert Smith LLP

This message is confidential and may be covered by legal professional privilege. If you have received this message in error please delete it and notify the sender immediately by contacting our main switchboard +44 (0)20 7374 8000; you should not retain the message or disclose its contents to anyone. Herbert Smith LLP may monitor e-mail communications in accordance with applicable law and regulations.

Herbert Smith LLP is a Limited Liability Partnership registered in England and Wales with registered number OC310989. It is regulated by the Law Society of England and Wales whose rules can be accessed via www.guide.lawsociety.org.uk. A list of the members and their professional qualifications is open to inspection at the registered office, Exchange House, Primrose Street, London EC2A 2HS. We use the word partner to refer to a member of Herbert

Smith LLP, or an employee or consultant with equivalent standing and qualifications. Herbert Smith LLP's registration number for Value Added Tax in the United Kingdom is 243 3423 89.

Herbert Smith LLP, Gleiss Lutz and Stibbe are three independent firms which have a formal alliance. Further information is available from www.herbertsmith.com.

---

This email has been scanned by the MessageLabs Email Security System.
For more information please visit http://www.messagelabs.com/email

---

Click here to report this email as spam.

---

This e-mail has been scanned for viruses by MessageLabs.
For further information visit http://www.messagelabs.com

---

This e-mail has been scanned for viruses by MessageLabs.
For further information visit http://www.messagelabs.com

# EXHIBIT C

## Tamayo, Amparo

| | |
|---|---|
| **From:** | Colquhoun, Charles [Charles.Colquhoun@herbertsmith.com] |
| **Sent:** | Tuesday, May 08, 2007 10:33 AM |
| **To:** | Kate Payne |
| **Cc:** | BROWN, ANDREW |
| **Subject:** | RE: Guy Carpenter |

Dear Ms Payne

I refer to our telephone discussion on Saturday evening, my email of Sunday (sent at 2.37 pm), my telephone message of Sunday evening and my telephone message of this morning.

Despite your statement on Saturday evening that you would respond to me by email as to whether you had instructions to accept service and my numerous messages, you did not do so until this morning (after Mr Samengo-Turner's departure from the UK on Monday morning).

Further, during both the process server's and my discussions with Mr Samengo-Turner on Saturday evening, he confirmed that his solicitors would accept service on his behalf. He also provided me with your name and confirmed that the relevant documents should be sent to you (although he requested that we also send him a copy of the documents by email). I therefore sought confirmation from you directly that you were indeed instructed to accept service but when we spoke, you said that you had not heard from your clients and so needed to speak to them to take their instructions.

In the circumstances, it is surprising that Mr Samengo-Turner appears to have changed his mind about whether you can accept service on his behalf. Please specifically confirm that Mr Samengo-Turner has instructed you not to accept service.

Please also confirm the current whereabouts of Mssrs Samengo-Turner, Whyte and Hopkins.

We reserve the right to bring this email to the attention of the US Court.

Yours sincerely

Charles Colquhoun

Herbert Smith LLP

---

**From:** Kate Payne [mailto:Payne@Elbornes.com]
**Sent:** 08 May 2007 11:22
**To:** Colquhoun, Charles
**Subject:** RE: Guy Carpenter

Dear Mr Colquhoun

Please be advised that I do not have instructions to accept service on behalf of Mr Samengo-Turner, Whyte and Hopkins.

Yours sincerely
Kate Payne

    -----Original Message-----
    **From:** Colquhoun, Charles [mailto:Charles.Colquhoun@herbertsmith.com]

5/10/2007

**Sent:** 06 May 2007 14:37
**To:** Kate Payne
**Cc:** BROWN, ANDREW
**Subject:** Guy Carpenter

Dear Ms Payne

I refer to our telephone discussion yesterday evening.

We should be grateful if you could confirm as a matter of urgency whether you have instructions to accept service on behalf of Mr Samengo-Turner. If you do not have instructions, we may have to take steps to effect service on Mr Samengo-Turner by other means.

In due course, we should also be grateful if you could confirm if you have instructions from Mr Whyte and Mr Hopkins.

Yours sincerely

Charles Colquhoun

Herbert Smith LLP

This message is confidential and may be covered by legal professional privilege. If you have received this message in error please delete it and notify the sender immediately by contacting our main switchboard +44 (0)20 7374 8000; you should not retain the message or disclose its contents to anyone. Herbert Smith LLP may monitor e-mail communications in accordance with applicable law and regulations.

Herbert Smith LLP is a Limited Liability Partnership registered in England and Wales with registered number OC310989. It is regulated by the Law Society of England and Wales whose rules can be accessed via www.guide.lawsociety.org.uk. A list of the members and their professional qualifications is open to inspection at the registered office, Exchange House, Primrose Street, London EC2A 2HS. We use the word partner to refer to a member of Herbert Smith LLP, or an employee or consultant with equivalent standing and qualifications. Herbert Smith LLP's registration number for Value Added Tax in the United Kingdom is 243 3423 89.

Herbert Smith LLP, Gleiss Lutz and Stibbe are three independent firms which have a formal alliance. Further information is available from www.herbertsmith.com.

This email has been scanned by the MessageLabs Email Security System.
For more information please visit http://www.messagelabs.com/email

Click here to report this email as spam.

This e-mail has been scanned for viruses by MessageLabs.
For further information visit http://www.messagelabs.com

5/10/2007

This e-mail has been scanned for viruses by MessageLabs.
For further information visit http://www.messagelabs.com

# EXHIBIT D

## Tamayo, Amparo

| | |
|---|---|
| **From:** | Kate Payne [Payne@Elbornes.com] |
| **Sent:** | Tuesday, May 08, 2007 11:58 AM |
| **To:** | Colquhoun, Charles |
| **Subject:** | RE: Guy Carpenter |

Dear Mr Colquhoun

I refer to your email of this afternoon. I am responding to put the record straight on the matters which you raise in your email. It was agreed in our conversation on Saturday evening that I would revert to you by email in the event I obtained instructions from Mr Samengo-Turner to accept service of proceedings. As I made clear during our conversation I did not then have instructions to accept service and as I confirmed this morning I remain in that position.

I would add to this that it emerged during our conversation on Saturday evening that before speaking to me on Saturday you had already spoken directly to Mr Samengo-Turner regarding service, conduct which I consider to be totally improper given that you know my firm is acting for him and my firm has been in correspondence with your firm on this matter. I would refer you to Solicitor's Conduct Rule 19 in this respect.

Yours sincerely
Kate Payne


-----Original Message-----
**From:** Colquhoun, Charles [mailto:Charles.Colquhoun@herbertsmith.com]
**Sent:** 08 May 2007 15:33
**To:** Kate Payne
**Cc:** BROWN, ANDREW
**Subject:** RE: Guy Carpenter

Dear Ms Payne

I refer to our telephone discussion on Saturday evening, my email of Sunday (sent at 2.37 pm), my telephone message of Sunday evening and my telephone message of this morning.

Despite your statement on Saturday evening that you would respond to me by email as to whether you had instructions to accept service and my numerous messages, you did not do so until this morning (after Mr Samengo-Turner's departure from the UK on Monday morning).

Further, during both the process server's and my discussions with Mr Samengo-Turner on Saturday evening, he confirmed that his solicitors would accept service on his behalf. He also provided me with your name and confirmed that the relevant documents should be sent to you (although he requested that we also send him a copy of the documents by email). I therefore sought confirmation from you directly that you were indeed instructed to accept service but when we spoke, you said that you had not heard from your clients and so needed to speak to them to take their instructions.

In the circumstances, it is surprising that Mr Samengo-Turner appears to have changed his mind about whether you can accept service on his behalf. Please specifically confirm that Mr Samengo-Turner has instructed you not to accept service.

5/10/2007

Please also confirm the current whereabouts of Mssrs Samengo-Turner, Whyte and Hopkins.

We reserve the right to bring this email to the attention of the US Court.

Yours sincerely

Charles Colquhoun

Herbert Smith LLP

---

**From:** Kate Payne [mailto:Payne@Elbornes.com]
**Sent:** 08 May 2007 11:22
**To:** Colquhoun, Charles
**Subject:** RE: Guy Carpenter

Dear Mr Colquhoun

Please be advised that I do not have instructions to accept service on behalf of Mr Samengo-Turner, Whyte and Hopkins.

Yours sincerely
Kate Payne

> -----Original Message-----
> **From:** Colquhoun, Charles [mailto:Charles.Colquhoun@herbertsmith.com]
> **Sent:** 06 May 2007 14:37
> **To:** Kate Payne
> **Cc:** BROWN, ANDREW
> **Subject:** Guy Carpenter
>
> Dear Ms Payne
>
> I refer to our telephone discussion yesterday evening.
>
> We should be grateful if you could confirm as a matter of urgency whether you have instructions to accept service on behalf of Mr Samengo-Turner. If you do not have instructions, we may have to take steps to effect service on Mr Samengo-Turner by other means.
>
> In due course, we should also be grateful if you could confirm if you have instructions from Mr Whyte and Mr Hopkins.
>
> Yours sincerely
>
> Charles Colquhoun
>
> Herbert Smith LLP

This message is confidential and may be covered by legal professional privilege. If you have received this message in error please delete it and notify the sender immediately by contacting our main switchboard +44 (0)20 7374 8000; you should not retain the message or disclose its contents to anyone. Herbert Smith LLP may

monitor e-mail communications in accordance with applicable law and regulations.

Herbert Smith LLP is a Limited Liability Partnership registered in England and Wales with registered number OC310989. It is regulated by the Law Society of England and Wales whose rules can be accessed via www.guide.lawsociety.org.uk. A list of the members and their professional qualifications is open to inspection at the registered office, Exchange House, Primrose Street, London EC2A 2HS. We use the word partner to refer to a member of Herbert Smith LLP, or an employee or consultant with equivalent standing and qualifications. Herbert Smith LLP's registration number for Value Added Tax in the United Kingdom is 243 3423 89.

Herbert Smith LLP, Gleiss Lutz and Stibbe are three independent firms which have a formal alliance. Further information is available from www.herbertsmith.com.

This email has been scanned by the MessageLabs Email Security System.
For more information please visit http://www.messagelabs.com/email

Click here to report this email as spam.

This e-mail has been scanned for viruses by MessageLabs.
For further information visit http://www.messagelabs.com

This e-mail has been scanned for viruses by MessageLabs.
For further information visit http://www.messagelabs.com

This e-mail has been scanned for viruses by MessageLabs.
For further information visit http://www.messagelabs.com

This e-mail has been scanned for viruses by MessageLabs.
For further information visit http://www.messagelabs.com

# EXHIBIT E

## Tamayo, Amparo

| | |
|---|---|
| **From:** | Colquhoun, Charles [Charles.Colquhoun@herbertsmith.com] |
| **Sent:** | Tuesday, May 08, 2007 1:06 PM |
| **To:** | Kate Payne |
| **Cc:** | BROWN, ANDREW |
| **Subject:** | RE: Guy Carpenter |

Dear Ms Payne

For the record,  although I appreciate that Herbert Smith as a firm was aware that Elborne Mitchell was acting
for Mr Samengo-Turner, I was not personally aware of that until Mr Samengo-Turner told the process server on
Saturday that he was represented by solicitors and, at around the same time, I was told by Kramer Levin, Guy
Carpenter's lawyers in New York, that Elborne Mitchell was the firm that was acting for him. However, Kramer
Levin did not know the name of the particular solicitor at Elborne Mitchell who was involved.   Given the urgency
of the matter and the need to speak to someone over the weekend, I then contacted Mr Samengo-Turner to find
out from him who at Elborne Mitchell I should speak to so I could make contact with them. He told me that you
were acting for him and so then I called you. I consider that was appropriate in the circumstances.

You say in your email that you remain in the same position that you were in on Saturday - ie you do not have
instructions from Mr Samengo-Turner to accept service. However, I asked you in my earlier email
today specifically to confirm whether Mr Samengo-Turner has instructed you not to accept service (which is a
different thing altogether). It seems that is not the case from your email but I would be grateful if you would clarify
the position.

Yours sincerely

Charles Colquhoun

Herbert Smith LLP

---

**From:** Kate Payne [mailto:Payne@Elbornes.com]
**Sent:** 08 May 2007 16:58
**To:** Colquhoun, Charles
**Subject:** RE: Guy Carpenter

Dear Mr Colquhoun

I refer to your email of this afternoon. I am responding to put the record straight on the matters
which you raise in your email. It was agreed in our conversation on Saturday evening that I would
revert to you by email in the event I obtained instructions from Mr Samengo-Turner to accept
service of proceedings. As I made clear during our conversation I did not then have instructions to
accept service and as I confirmed this morning I remain in that position.

I would add to this that it emerged during our conversation on Saturday evening that before
speaking to me on Saturday you had already spoken directly to Mr Samengo-Turner regarding
service, conduct which I consider to be totally improper given that you know my firm is acting for
him and my firm has been in correspondence with your firm on this matter. I would refer you to
Solicitor's Conduct Rule 19 in this respect.

Yours sincerely
Kate Payne

-----Original Message-----
**From:** Colquhoun, Charles [mailto:Charles.Colquhoun@herbertsmith.com]
**Sent:** 08 May 2007 15:33
**To:** Kate Payne
**Cc:** BROWN, ANDREW
**Subject:** RE: Guy Carpenter

Dear Ms Payne

I refer to our telephone discussion on Saturday evening, my email of Sunday (sent at 2.37 pm), my telephone message of Sunday evening and my telephone message of this morning.

Despite your statement on Saturday evening that you would respond to me by email as to whether you had instructions to accept service and my numerous messages, you did not do so until this morning (after Mr Samengo-Turner's departure from the UK on Monday morning).

Further, during both the process server's and my discussions with Mr Samengo-Turner on Saturday evening, he confirmed that his solicitors would accept service on his behalf. He also provided me with your name and confirmed that the relevant documents should be sent to you (although he requested that we also send him a copy of the documents by email). I therefore sought confirmation from you directly that you were indeed instructed to accept service but when we spoke, you said that you had not heard from your clients and so needed to speak to them to take their instructions.

In the circumstances, it is surprising that Mr Samengo-Turner appears to have changed his mind about whether you can accept service on his behalf. Please specifically confirm that Mr Samengo-Turner has instructed you not to accept service.

Please also confirm the current whereabouts of Mssrs Samengo-Turner, Whyte and Hopkins.

We reserve the right to bring this email to the attention of the US Court.

Yours sincerely

Charles Colquhoun

Herbert Smith LLP

---

**From:** Kate Payne [mailto:Payne@Elbornes.com]
**Sent:** 08 May 2007 11:22
**To:** Colquhoun, Charles
**Subject:** RE: Guy Carpenter

Dear Mr Colquhoun

Please be advised that I do not have instructions to accept service on behalf of Mr Samengo-Turner, Whyte and Hopkins.

Yours sincerely
Kate Payne

-----Original Message-----

5/10/2007

**From:** Colquhoun, Charles [mailto:Charles.Colquhoun@herbertsmith.com]
**Sent:** 06 May 2007 14:37
**To:** Kate Payne
**Cc:** BROWN, ANDREW
**Subject:** Guy Carpenter

Dear Ms Payne

I refer to our telephone discussion yesterday evening.

We should be grateful if you could confirm as a matter of urgency whether you have instructions to accept service on behalf of Mr Samengo-Turner. If you do not have instructions, we may have to take steps to effect service on Mr Samengo-Turner by other means.

In due course, we should also be grateful if you could confirm if you have instructions from Mr Whyte and Mr Hopkins.

Yours sincerely

Charles Colquhoun

Herbert Smith LLP


This message is confidential and may be covered by legal professional privilege. If you have received this message in error please delete it and notify the sender immediately by contacting our main switchboard +44 (0)20 7374 8000; you should not retain the message or disclose its contents to anyone. Herbert Smith LLP may monitor e-mail communications in accordance with applicable law and regulations.

Herbert Smith LLP is a Limited Liability Partnership registered in England and Wales with registered number OC310989. It is regulated by the Law Society of England and Wales whose rules can be accessed via www.guide.lawsociety.org.uk. A list of the members and their professional qualifications is open to inspection at the registered office, Exchange House, Primrose Street, London EC2A 2HS. We use the word partner to refer to a member of Herbert Smith LLP, or an employee or consultant with equivalent standing and qualifications. Herbert Smith LLP's registration number for Value Added Tax in the United Kingdom is 243 3423 89.

Herbert Smith LLP, Gleiss Lutz and Stibbe are three independent firms which have a formal alliance. Further information is available from www.herbertsmith.com.

This email has been scanned by the MessageLabs Email Security System.
For more information please visit http://www.messagelabs.com/email

Click here to report this email as spam.

This e-mail has been scanned for viruses by MessageLabs.
For further information visit http://www.messagelabs.com

---

This e-mail has been scanned for viruses by MessageLabs.
For further information visit http://www.messagelabs.com

---

This e-mail has been scanned for viruses by MessageLabs.
For further information visit http://www.messagelabs.com

---

This e-mail has been scanned for viruses by MessageLabs.
For further information visit http://www.messagelabs.com