UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
——————————————————————— x
:
GUY CARPENTER & COMPANY, LLC and :
MARSH & McLENNAN COMPANIES, INC., :
:
                    Plaintiffs, :      07 Civ. 3580 (DC) (KNF)
:
             - against - :      **DECLARATION**
:
JULIAN SAMENGO-TURNER, RON WHYTE, :
and MARCUS HOPKINS, :
:
                  Defendants. :
:
——————————————————————— x

       I, Robert N. Holtzman, hereby declare:

       1.      I am a member of Kramer Levin Naftalis & Frankel LLP, attorneys for plaintiffs Guy Carpenter & Company, LLC ("Guy Carpenter") and Marsh & McLennan Companies, Inc. ("MMC") in the above-captioned matter. I submit this declaration in opposition to defendant Ron Whyte's motion to dismiss plaintiffs' complaint due to alleged lack of personal jurisdiction and forum *non conveniens*.

       2.      As reflected in the Declaration of Iain Charles Colquhoun, dated May 16, 2007, (a) defendant Ron Whyte was personally served with the complaint in this action on May 12, 2007 and (b) efforts to personally serve defendants Julian Samengo-Turner and Marcus Hopkins with the complaint were unsuccessful due to the unavailability of such individuals and the refusal of their United Kingdom counsel to accept service on their behalf, even after Mr. Samengo-Turner represented that process could be served on his solicitors. Despite my request that defendants' counsel in this action do so, such counsel has similarly not accepted service on behalf of Messrs. Samengo-Turner or Hopkins.

KL3 2596553.3

3. On May 11, 2007, the complaint in this action was served by international certified mail on defendant Samengo-Turner at 17 Kyrle Road, London, SW11 6BD, England, and defendant Hopkins at 1 Belmont Road, London, SW4 0B2, England, the most recent residential addresses they have provided to their employer. On June 7, 2007, the complaint in this action was served by international certified mail on defendant Samengo-Turner at 49, Prince of Wales Mansions, Prince of Wales Drive, London, SW11 4BH, England, an address identified in defendants' papers in an action they commenced in the United Kingdom before the High Court.

4. A true and correct copy of a press release issued by Integro Insurance Brokers ("Integro") (placed on its website) dated April 5, 2007 regarding the hiring of defendants is attached hereto as Exhibit A.

5. A true and correct copy of a subpoena served by plaintiffs on Integro on May 23, 2007 is attached hereto as Exhibit B.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 7, 2007

Robert N. Holtzman

# EXHIBIT A

## Integro Forms International Insurance and Reinsurance Unit

**New York, NY and London - April 05, 2007**
New York and London (April 5, 2007) -- Integro Ltd., an international insurance broker, today announced the formation of an international insurance and reinsurance business unit to be based in London. This group will offer unique worldwide insurance and reinsurance business capabilities for independent brokers and partners. Its members will have access to the global markets without limitation.

Concurrently, Integro announced the hiring of Julian Samengo-Turner and Ron Whyte, who will lead the new unit and join the board of Integro in the U.K. Messrs. Samengo-Turner and Whyte formerly led Guy Carpenter's global facultative reinsurance business unit. Also joining Integro and its U.K. board is Marcus Hopkins, previously head of Guy Carpenter's U.K. facultative reinsurance operation.

"Under Julian and Ron's leadership we plan to build on our international expertise and technical capability to benefit our clients," said Roger Egan, Integro's CEO. "Our plan is to develop an independent insurance and reinsurance alternative to what is currently available in the marketplace. We will do this by establishing an Integro presence in the major market centers throughout the world, and by enhancing our existing presence in London, Bermuda and Stockholm."

The new unit also provides a viable option for Integro's international network of partnership firms that provide local placement and risk management services in major countries outside of North America.

"This exciting expansion of Integro's capabilities reflects our innovative approach to providing client solutions," added Peter Garvey, Integro president and COO. "Whether the subject is reinsurance or insurance, wholesale or direct, we've created a collaborative, flexible yet robust platform freeing our brokers to focus on serving clients without the organizational constraints and interference that are commonplace in today's broking business." The new unit will report to Mr. Garvey, as does the firm's existing London and Bermuda operations.

**About Integro**
Integro Insurance Brokers is an insurance brokerage and risk management firm dedicated and designed to serve the insurance and risk management needs of organizations with complex risks. Integro has offices in North America, London, Bermuda and Sweden. Its headquarter office is located at 3 Times Square, 9th Floor, New York, NY 10036. 1-877-688-8701.
www.integrogroup.com

Editorial Contact:
Lawrence Budgar
Burson-Marsteller
Tel: 212-614-4140
Lawrence.Budgar@bm.com

# EXHIBIT B

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

Guy Carpenter & Company, LLC and
Marsh & McLennan Companies, Inc.

V.

Julian Samengo-Turner, Ron Whyte, and Marcus Hopkins

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]   07 Civ. 3580 (DC) (KNF)

TO: Integro Insurance Brokers
3 Times Square – 9th Floor
New York, NY 10036
Attn: William P. Costantini, Esq.
   General Counsel

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Schedule A attached hereto.

| PLACE | DATE AND TIME |
| --- | --- |
| Kramer Levin Naftalis & Frankel LLP<br>1177 Avenue of the Americas<br>New York, NY 10036<br>Attention: Steven M. Knecht | June 6, 2007 at 10:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
| --- | --- |
| Attorney for Plaintiffs   /s/ Steven M. Knecht | May 23, 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Steven M. Knecht, Esq. (SK-8404), Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, NY 10036, (212) 715-9100

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

American LegalNet, Inc.
www.FormsWorkflow.com

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

_____

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(C) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(D) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

American LegalNet, Inc.
www.FormsWorkflow.com

## **SCHEDULE A**

## **DEFINITIONS AND INSTRUCTIONS**

A.  The definitions contained in Rule 26.3(c) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York (the "Local Rules"), including, without limitation, the definitions of the terms "communication," "document," "identify," "concerning" and "person," are incorporated by reference herein. Without limiting the foregoing, the term "document," as defined in Local Civil Rule 26.3(c) and Rule 34(a) of the Federal Rules of Civil Procedure, is intended to be given the broadest possible scope. It includes the original and all copies, including all copies which are different in any way from the original (whether by interlineation, receipt stamp, notation, indication of copy sent or received or otherwise), regardless of location, including all handwritten, typed, printed, xeroxed, photographed, recorded, transcribed, punched, taped, filed or graphic matter, and any form of communication or representation. The term also includes all information stored in a computer system although not yet printed out, all information stored on computer hard drives, all information stored on floppy diskettes, all information stored on computer tape backups, all information stored on CD-ROM and all information stored on e-mail.

B.  The rules of construction contained in Rule 26.3(d) of the Local Rules, including, without limitation, the rules of construction with respect to the terms "all," "each," "and" and "or," are incorporated by reference herein.

C.  If any document requested herein is not produced or is redacted by you by reason of a claim of privilege or other immunity from disclosure (including the work product doctrine), provide the information required by Rules 26.2(a)(1) and 26.2(a)(2)(A) of the Local Rules with respect to each such document.

D. Identify every document responsive to this Subpoena that was at any time, but is not presently, in your possession, custody or control by stating: (i) type of document; (ii) author; (iii) recipient(s), including all recipients of carbon or blind copies; (iv) date; (v) subject matter; (vi) present location and custodian of the document and the present address and telephone number of the custodian; and (vii) if the document was lost or destroyed, the circumstances under which the document was lost or destroyed.

E. The documents called for by this Subpoena include all documents, wherever located, in your possession, custody or control, or in the possession, custody or control of any of your representatives, accountants, auditors, attorneys, consultants, subsidiaries, affiliates, predecessors, successors, officers, directors, employees, agents, members, general partners and limited partners.

F. The document requests herein are limited to documents dated, created and/or that came into your possession, custody or control at any time during the period from September 1, 2006 to the date of your compliance with this Subpoena.

G. All documents should be produced as they are kept in the usual course of business.

H. The document requests herein are continuing in nature, and to the extent that, at any time after the production of documents called for by this Subpoena, you become aware of or acquire additional documents responsive to this Subpoena, such documents shall be produced promptly.

KL3 2594201.3

I. Each paragraph or subparagraph herein shall be construed independently and not by reference to any other paragraph or subparagraph herein for purposes of limitation.

J. "Defendants" means Julian Samengo-Turner, Ron Whyte and/or Marcus Hopkins, and anyone else acting under their control or on their behalf.

K. "Integro" means Integro Insurance Brokers together with each of its past and present corporate affiliates, parents, subsidiaries, employees, agents, and anyone else acting under its control or on its behalf.

L. "Guy Carpenter" means Guy Carpenter LLC together with each of its past and present corporate affiliates, parents, subsidiaries, employees, agents, and anyone else acting under its control or on its behalf.

M. "MMC" mean Marsh & McLennan Companies, Inc. together with each of its past and present corporate affiliates, parents, subsidiaries, employees, agents, and anyone else acting under its control or on its behalf.

N. "Plaintiffs" means Guy Carpenter and/or MMC.

## DOCUMENTS REQUESTED

1. All documents concerning Integro's recruitment, solicitation and/or hiring of each of defendants, including but not limited to (a) communications between or among one or more defendant(s) and Integro, (b) in-person meetings or interviews (whether formal or informal) between each defendant and Integro, (c) each defendant's offer letter from Integro or employment contract with Integro reflecting defendant's job titles, duties and responsibilities at Integro, and/or defendants' compensation from Integro (including, without limitation, salary,

bonus, stock and other non-cash compensation), (d) negotiations concerning any terms or conditions of employment of defendant(s) by Integro, and/or (e) references to consideration of the possible hiring of any employees of Guy Carpenter; provided that documents concerning compensation from Integro are limited to compensation paid or granted to defendants in 2007.

2. All documents concerning (a) Integro's actual, possible, or suggested recruitment or solicitation of any current or former employee of Guy Carpenter who reported (directly or indirectly) to defendants (collectively, "defendants' reports"), (b) in-person meetings or interviews (whether formal or informal) between Integro and any of defendants' reports relating to potential employment with Integro, (c) communications by each of defendants with any person (including, without limitation, any of defendants' reports) concerning the recruitment or potential or suggested hiring by Integro of any of defendants' reports, and/or (d) communications between one or more of defendant(s) and Integro regarding the recruitment or potential hiring by Integro of any of defendants' reports.

3. All documents concerning communications between Integro and any actual or prospective client of Guy Carpenter concerning (a) any of defendants' resignations from Guy Carpenter or hiring by Integro or (b) the possibility of any client serviced by defendants or another Guy Carpenter broker hiring Integro to act as that client's facultative broker.

4. All documents concerning work done by, or planned to be done for, Integro by one or more of defendants on or before January 31, 2008.

5. All documents concerning plaintiffs' clients or the nature, type or amount of business of plaintiffs (including, without limitation, Guy Carpenter's facultative reinsurance

group) which (a) were provided by any of defendants to Integro or (b) constitute communications between any of defendants and Integro.

      6.    All phone records or e-mails concerning communications between (a) any of defendants or any person employed by or representing Integro and (b) any of defendants' reports, including, without limitation, all records concerning the time, place, length, and/or persons involved in such telephone conversations or electronic communications.

      7.    All phone records or e-mails concerning communications between (a) either (i) any of defendants or (ii) any person employed by or representing Integro who has made such communication at the direct or indirect suggestion or instance of any of defendants and (b) any person employed by or representing any Guy Carpenter client, including, without limitation, all records concerning the time, place, length, and/or persons involved in such telephone conversations or electronic communications.

KL3 2594201.3