# EXHIBIT C

```
                                                                    1
    75LMCARC
1   UNITED STATES DISTRICT COURT
1   SOUTHERN DISTRICT OF NEW YORK
2   ------------------------------x
2
3   GUY CARPENTER & COMPANY, LLC;
3   and MARSH & McLENNAN
4   COMPANIES, INC.,
4
5              Plaintiffs,
5
6         v.                               07 Civ. 3580 (DLC)
6
7   JULIAN SAMENGO-TURNER; RON
7   WHYTE and MARCUS HOPKINS,
8
8              Defendants.
9
9   ------------------------------x
10                                         New York, N.Y.
10                                         May 18, 2007
11                                         11:20 a.m.
11
12  Before:
12
13                  HON. DENISE COTE,
13
14                                         District Judge
14
15                     APPEARANCES
15
16  KRAMER LEVIN NAFTALIS & FRANKEL
16       Attorneys for Plaintiffs
17  BY:  ROBERT HOLTZMAN
17       BARRY BERKE
18
18  PROSKAUER ROSE
19       Attorneys for Defendants
19  BY:  JOHN BARRY
20       MARK SALOMAN
20
21
22
23
24
25
              SOUTHERN DISTRICT REPORTERS, P.C.
                       (212) 805-0300
```

```
                                                                    2
    75LMCARC
1            (In the robing room)
2            THE COURT:  We had an initial conference this morning
3   pursuant to the plaintiffs' request for expedited discovery.
4   There is subject matter jurisdiction in this case, basis of
5   diversity.  This is a contract action pursuant to a contract
6   between at least one of the plaintiffs and the defendants.
7            The defendants are going to bring a motion based on
8   forum non conveniens on May 24 that will be opposed on June 8
9   and replied to on June 15.  The defendants may add additional
10  arguments to that motion addressed to other issues that they'd
11  like to press as a basis for dismissal of this case or transfer
12  to England, and they'll investigate those issues and decide
13  whether or not to include additional issues besides the forum
                         Page 1
```

```
14        non conveniens argument in their May 24 submission.
15                  The parties have been meeting and conferring with
16        respect to expedited discovery.  I had indicated that I was
17        going to order expedited discovery but wanted to give them an
18        opportunity to try to narrow the disputes.
19                  I'll take a report from plaintiffs' counsel.
20                  MR. HOLTZMAN:  Defendants' counsel has come to us with
21        just one specific issue regarding the discovery requests today,
22        and then we can address that.  They have also asked that the
23        depositions not proceed in New York, but instead take place in
24        London, and have objected to the proposed time frame.  To
25        remind your Honor, we had proposed in our papers that we
                       SOUTHERN DISTRICT REPORTERS, P.C.
                                (212) 805-0300
```

3

```
          75LMCARC
1         permitted be able to serve immediately our discovery requests,
2         which we are prepared to do and responses be called for within
3         seven days.
4                   THE COURT:  There is no objection to that, you're
5         saying?
6                   MR. HOLTZMAN:  Mr. Barry has indicated that they would
7         like 14 days to respond to those.  They've also asked that
8         depositions occur within 14 days thereafter.  We would like a
9         tighter schedule than that, your Honor:
10                  THE COURT:  If I understand, the plaintiffs want to
11        respond with written responses within 14 days and have the
12        depositions occur within 28 days, but in London?
13                  MR. BARRY:  That's correct, your Honor.  I think you
14        might have said plaintiffs.  That was defendants.  And I
15        believe we had an agreement about the 14-day schedule in terms
16        of the document, the written responses, is that correct.
17                  MR. BERKE:  That was only if we could resolve the
18        other issues that we were unable to do, which is the timing of
19        the depositions.
20                  THE COURT:  There is no dispute with respect to the
21        substance of the questions that need to be answered, am I
22        correct?
23                  MR. BARRY:  No, your Honor, there is a dispute on
24        that.  I think counsel is just first framing the timing issues
25        for the Court.
                       SOUTHERN DISTRICT REPORTERS, P.C.
                                (212) 805-0300
```

4

```
          75LMCARC
1                   THE COURT:  What's the dispute on the substance of the
2         questions?
3                   MR. BARRY:  Your Honor, primarily, we think the
4         questions should be designed to focus in obviously on the
5         cooperation clause and whether or not the defendants violated
6         the cooperation clause.  And to that end a number of these
7         requests are not designed to elicit information as to whether
8         the defendants violated that clause but, instead, what they are
9         designed to do is they go to the potential terms and
10        conditions, compensation, information, and the like of their
11        potential employment with Integro, which would start after the
12        garden leave period.  We don't think that's something that is
13        germane to the issues for which they are seeking expedited
14        discovery.
15                  THE COURT:  Can you show me the document that is at
16        issue here?
17                  MR. HOLTZMAN:  Our requests are Exhibit B to my
18        declaration, your Honor.
19                  THE COURT:  Can defense counsel identify a question
```

```
20    that puts in concrete terms the objection they have?
21             MR. HOLTZMAN:  Sure.
22             MR. BARRY:  Sure, your Honor.  Just starting with
23    request No. 1, which pertains to information concerning
24    compensation, salary, bonus, stock and other noncash
25    compensation, electronic or otherwise, that any type of offer
                    SOUTHERN DISTRICT REPORTERS, P.C.
                              (212) 805-0300
```
                                                                          5
```
      75LMCARC
 1    they have received from Integro in that regard, we -- it
 2    doesn't have any bearing on whether or not they violated the
 3    cooperation clause.
 4             MR. HOLTZMAN:  Your Honor, we should be permitted to
 5    understand what their relationship with Integro is, we need to
 6    know whether they are being paid by Integro.  We need to know
 7    what their contractual obligations are.
 8             THE COURT:  Why are the terms of the offer of no
 9    employment relevant?
10             MR. HOLTZMAN:  We need to understand what their
11    relationship with Integro is.  Under our second cause of action
12    they have engaged in detrimental activity, and therefore we are
13    entitled to rescind their awards if they have become employed
14    by or otherwise interested in Integro.  That's the language of
15    the agreement.  We need to understand whether those things
16    happened, have they become employed by Integro.  That's where
17    we need to understand our compensation terms, to determine
18    whether or not they are interested in Integro at that point.
19             MR. BERKE:  There may be two components.  One is not
20    only the timing of the payments, but, two, are the payments of
21    such a nature that it appears they are being compensated for a
22    period of time which they are supposed to have an undivided
23    loyalty to Marsh while they are being paid prior to the garden
24    leave.
25             THE COURT:  So the six-month notice period is up early
                    SOUTHERN DISTRICT REPORTERS, P.C.
                              (212) 805-0300
```
                                                                          6
```
      75LMCARC
 1    October.  So, for instance, if in the period between October
 2    and December this year they were getting an unusually large
 3    payment, it would be, in effect -- could be interpreted under
 4    plaintiffs' view of the world as compensation for the six-month
 5    period when they weren't supposed to be employed.
 6             MR. HOLTZMAN:  Correct, your Honor.
 7             THE COURT:  So I'll allow request No. 1 to be modified
 8    so that this period of expedited discovery includes discovery
 9    of any compensation for this calendar year.  This is my
10    proposal with respect to the schedule which was the first issue
11    presented to me, and that is I will give 14 days to respond.
12    That is by June 1 at noon, New York time.  I think the
13    deposition should occur within seven days thereafter, but may
14    occur at the plaintiffs' discretion within two weeks
15    thereafter, which would be June 15.  But if the plaintiff wants
16    to take the depositions the week of June 4, so be it.  But if
17    they consent to take them the week of June 11, so be it.
18             Why can't we have these depositions done in London?
19             MR. HOLTZMAN:  We could take them in London, your
20    Honor.  We had offered to pay their airfare to come here to do
21    them because counsel is here.  We can take them in London if
22    your Honor prefers.
23             THE COURT:  I think we should do the depositions in
24    London, make it easier for London counsel to participate.
25             MR. BARRY:  Two issues.  At least two of the
```

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

7

75LMCARC

```
 1  defendants are out of the country on holiday.  would they then
 2  pay for them to return to London to take their depositions?
 3  This is something that they are being required to do in the
 4  course of their employment and they've already expended money
 5  to make -- they have already traveled and have done that and it
 6  would be an expense to return there.
 7          THE COURT:  Do you know what their travel arrangements
 8  are right now?
 9          MR. BARRY:  I do not, Judge.
10          THE COURT:  why don't we put that issue aside until
11  you have more information about what tickets they actually have
12  and what are the financial burdens of changing those tickets,
13  if any.  And for those two people New York may be more
14  convenient.  who knows where they are.  If they are in the
15  Grand Canyon right now --
16          MR. BARRY:  We can go to the Grand Canyon.
17          THE COURT:  I expect you'll be able to work that out.
18  But if you can't, I'll be available to you.
19          MR. BARRY:  Your Honor, with respect to the
20  depositions, could there be a time limit on the depositions?
21  We are talking about some relatively simple issues in terms of
22  whether they've answered in terms of the cooperation clause.
23  We don't think these should be depositions that should be
24  dragged on for more than a few hours.
25          THE COURT:  Have you discussed that with plaintiffs'
```

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

8

75LMCARC

```
 1  counsel?
 2          MR. BARRY:  No, we actually haven't done that.
 3          THE COURT:  I am going to ask you to have a meet and
 4  confer process with respect to any issues before you raise a
 5  dispute with me.
 6          And I have time for one more issue if you want.  Is
 7  there any other dispute you've had a meet and confer about and
 8  been unable to resolve?
 9          MR. HOLTZMAN:  Those are the only issues that have
10  been raised at this time.
11          MR. BARRY:  I would just say, your Honor, you
12  mentioned beforehand that we could, once we have an opportunity
13  to speak with our clients, to the extent we have any more
14  issues with the particular requests, as we understand the case
15  and the facts and understand these requests in their proper
16  context, we would confer with plaintiffs' counsel first.  And
17  if we weren't able to resolve that, we would bring it to your
18  Honor's attention to try to address it that way, but hopefully
19  we could resolve it between counsel.
20          THE COURT:  That's right.  I should have put that on
21  the record earlier.  Defense counsel just arrived in the case
22  and have had these papers in terms of the requests for
23  discovery only a few days, since Tuesday.  And so they had
24  wanted additional time to consult with their clients about some
25  of these discovery requests.  And so until Monday I believe was
```

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

9

75LMCARC

```
 1  their request, so I said if after that consultation this
 2  weekend or Monday they had additional issues they wanted to
```

Page 4

```
 3      raise about the scope of the discovery requests, they could
 4      raise those with plaintiffs' counsel; and if they were
 5      unresolved after that process could bring them before me again.
 6              Is there anything else that plaintiffs' counsel wish
 7      to place on the record?
 8              MR. HOLTZMAN:  Just a clarification of that ruling,
 9      your Honor.  We had understood that to be --
10              THE COURT:  I said it's about the scope of the
11      requests.
12              MR. HOLTZMAN:  Would that include a wholesale
13      objection to the requests?
14              THE COURT:  I said about the scope of the requests.
15              MR. HOLTZMAN:  Very good, your Honor.
16              THE COURT:  Does the defense counsel wish to place
17      anything else on the record?
18              MR. BARRY:  Your Honor, without speaking with our
19      clients, we have nothing else to put on the record at this
20      time.
21              THE COURT:  Thank you very much.  Good luck.
22                                  oOo
23
24
25
```

                    SOUTHERN DISTRICT REPORTERS, P.C.
                            (212) 805-0300