```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
GUY CARPENTER & COMPANY, LLC and MARSH  :
& McLENNAN COMPANIES, INC.,             :
                        Plaintiffs,     :    07 Civ. 3580 (DLC)
                                        :
            -v-                         :    MEMORANDUM OPINION
                                        :         AND ORDER
JULIAN SAMENGO-TURNER, RON WHYTE, and   :
MARCUS HOPKINS,                         :
                        Defendants.     :
                                        :
----------------------------------------X
```

DENISE COTE, District Judge:

This action was filed on May 4, 2007. A conference was held on May 18 with plaintiffs' counsel and the attorneys who had entered appearances on behalf of defendant Ron Whyte ("Whyte"). At this conference, Whyte's attorneys represented that they had been unable to locate defendants Julian Samengo-Turner ("Samengo-Turner") and Marcus Hopkins ("Hopkins"), who were traveling abroad. In their arguments, they repeatedly referred to all three defendants.

At the May 18 conference, the Court granted the plaintiffs' request for expedited discovery. The defendants' responses to the interrogatories and document requests were due June 1. The defendants' depositions were to take place the week of June 4 or the week of June 11 in London. A motion to dismiss was due to be filed on May 24, 2007, principally addressed to the issue of forum non conveniens.

On May 24, Whyte filed the motion to dismiss. He argued that the Court lacks personal jurisdiction over him under New York's long-arm statute and under principles of due process and that the doctrine of forum non conveniens supports transfer of this action to England. On May 29, the three defendants commenced an action in the High Court of Justice, Queens Bench Division, Commercial Court in London, seeking an injunction that would prohibit the plaintiffs from maintaining the action before this Court. The British court declined to grant the injunction. On June 6, Whyte submitted a proposed order to show cause to this Court, seeking to stay proceedings here pending resolution of the proceedings in the United Kingdom, or, in the alternative, seeking reconsideration of the Court's expedited discovery order, to stay operation of that order, or to permit interlocutory appeal of that order.

At a conference of June 11,[1] Whyte's counsel represented that the remaining defendants had not properly been served with the summons and complaint. The Court ordered plaintiffs to offer a submission regarding service on defendants Julian Samengo-Turner ("Samengo-Turner") and Marcus Hopkins ("Hopkins") no later than June 12 at 5:00 p.m., and defendants to submit any reply no later than June 13 at Noon. During the conference,

---

[1] Also on June 11, the Court signed the order to show cause, setting a briefing schedule for the arguments contained therein.

2

Whyte's counsel did not indicate that he would not be making an argument on this issue.  Whyte's June 13 letter indicates, however, that he takes no position concerning plaintiffs' application regarding service on Samengo-Turner and Hopkins.  The following findings of fact are grounded upon plaintiffs' timely submission.

Plaintiffs have engaged in numerous attempts to serve Hopkins and Samengo-Turner.  On May 11, plaintiffs mailed the summons, complaint, and associated documents by international registered mail to defendants Samengo-Turner and Hopkins.  Service on Samengo-Turner was mailed to 17 Kyrler Road, London, England, SW11 6BD, an address reflected in the records of plaintiff Guy Carpenter & Co., LLC.  Service on Hopkins was mailed to 1 Belmont Road, London, England, SW4 0BZ, the address identified by Hopkins on defendants' May 29, 2007 claim form filed with the High Court of Justice in the United Kingdom.  Two further attempts to serve Samengo-Turner by international registered mail were made on June 7 and June 11.  The June 7 mailing was sent to 49 Prince of Wales Mansions, Prince of Wales Drive, London, England, SW11 4BH, an address identified by Samengo-Turner on the May 29 claim form.  The June 11 mailing was sent to Samengo-Turner at B76 Albion Riverside, 8 Hester Road, London, England, SW11 4AP.

Plaintiffs' process servers, Elizabeth Schmitz ("Schmitz") and Jorge Salgado-Reyes ("Salgado-Reyes"), also attempted to personally serve Hopkins no less than four times. On June 8, Schmitz and Salgado-Reyes separately went to Hopkins' home at 1 Belmont Road in London, where Schmitz met an adult woman who told her that Hopkins was not home. When Salgado-Reyes returned several hours later, the same woman, presumed to be Hopkins' wife, refused to accept service on his behalf. Salgado-Reyes left copies of the summons, complaint and associated documents on the floor at the woman's feet. On June 9, Salgado-Reyes returned to Hopkins' home twice more. Both times, he was met with no response when he knocked on the door. That same day, he placed the documents in an envelope marked "Personal & Confidential" and to Hopkins' attention, which he left in Hopkins' letterbox. Finally, on June 12, Salgado-Reyes sent a copy of the documents to Hopkins at his Belmont Road address by first class mail.

Plaintiffs' counsel in the United Kingdom, Charles Colquhoun ("Colquhoun"), attempted to serve Samengo-Turner through his London solicitor. During several telephone calls with Schmitz and Colquhoun on May 5, Samengo-Turner indicated that he would be leaving the United Kingdom on May 8 for a three-week long overseas trip, and proposed that the complaint be served on him through his solicitor in London. He identified

his solicitor as Kate Payne at Elborne Mitchell. Although Colquhoun contacted her, Payne indicated on May 8 that she did not have instructions to accept service on behalf of Samengo-Turner.

Defendants Hopkins and Samengo-Turner both have actual notice of the instant litigation. Their Skeleton Argument in support of their May 29 claim before the High Court of Justice noted the commencement of the instant litigation in the Southern District of New York and cited passages from the plaintiffs' complaint.

Rule 4(f)(1), Fed. R. Civ. P., permits service upon an individual defendant located in a foreign country "by any internationally agreed means reasonably calculated to give notice, such as those means authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents" ("Hague Service Convention"). Since the United Kingdom and the United States are both signatories to the Hague Service Convention, Nov. 15, 1965, [1969] 20 U.S.T. 361, T.I.A.S. No. 6638, service of process on a defendant in the United Kingdom is governed by the convention. See, e.g., Burda Media, Inc. v. Viertel, 417 F.3d 292, 299-300 (2d Cir. 2005). Article 10(a) of the Hague Service Convention permits service through mailing of "judicial documents, by postal channels, directly to persons

5

abroad," provided that the destination state has not objected to this provision. Hague Service Convention, art. 10(a).

Since the United Kingdom has not objected to Article 10(a) of the Convention, service through international registered mail remains an acceptable method of serving Hopkins and Samengo-Turner, individual defendants who reside in the United Kingdom. See, e.g., Ackermann v. Levine, 788 F.2d 830, 840 (2d Cir. 1986). I find that despite the attempts of defendants Hopkins and Samengo-Turner to evade service of process, plaintiffs have served them pursuant to the Hague Service Convention and that they have actual notice of this lawsuit as well. Accordingly, it is hereby

ORDERED that the plaintiffs may depose Hopkins and Samengo-Turner in London on Wednesday, June 20 and Thursday, June 21, 2007.

SO ORDERED:

Dated:   New York, New York
         June 14, 2007

_____
DENISE COTE
UNITED STATES DISTRICT JUDGE