# EXHIBIT 19

**ESSEX COURT CHAMBERS** *Barristers*

24 LINCOLN'S INN FIELDS LONDON WC2A 3EG

SAMENGO-TURNER & OTHERS -v- MARSH SERVICES LTD & OTHERS
High Court of Justice, Queen's Bench Division, Commercial Court
Claim No. 2007 Folio 945

14 June 2007

Dear Judge,

A notice of Appeal has today been issued in the above captioned matter on behalf of the Appellants/Claimants seeking permission to appeal from the Order of Mr Justice Steel made on 6 June 2007 in which he refused the Claimants' application for an interim anti-suit injunction to restrain proceedings brought against them in the District Court of New York by the Second and Third Defendants ("the US Proceedings"). The purpose of this letter is to ask you to list the application for permission as fit for expedition. If permission is granted, the Claimants also seek interim relief pending the hearing of the appeal.

The Claimants' skeleton argument in support of the appeal is in Appeal Bundle Volume 3 at tab 1. Their note of the judgment they wish to appeal is in Appeal Bundle Volume 3 tab 2.

The urgency of the situation is this:

1. The Claimants are insurance brokers, employed in London in the Marsh McLennan group of companies. They have recently resigned and are on garden leave. The Claimants say that, in short, the US Proceedings arise out of their employment and that as such they are brought in breach of the Claimants' express statutory right arising under Council Regulation (EC) 44/2001 to be sued in all matters relating to their employment in this jurisdiction, where they are employed. The relief sought in these proceedings is to enforce that right. The Defendants dispute that the Regulation is engaged in this case and dispute that anyone other than the First Defendant is the Claimants' employer.

2. On 18 May 2007 an order was made against the Claimants in the US Proceedings requiring them to provide wide ranging disclosure, answers to interrogatories and to attend for depositions. The original timetable required documents and answers to interrogatories to be provided by 1 June 2007 and for the Claimants to attend to be deposed during the period 13 to 15 June 2007. To date (the Claimants say) only the Second Claimant has been served with the US Proceedings. He has already indicated that he wishes to challenge the jurisdiction of the New York Court but the order of 18 May 2007 was made on the basis that it had to be complied with before that challenge was heard. The other Claimants, if and when properly served, will likewise

wish to challenge the jurisdiction of the New York Court.

3. The Claimants' application was originally listed to be heard before Mr Justice Underhill (sitting as the Vacation Judge) on 31 May 2007 on an urgent basis. It was adjourned by consent on the giving of undertakings by the Defendants limited in time until 6 June 2007. Mr Justice Underhill recognised the urgency of the application and ordered that it be listed to be heard on 6 June 2007. Mr Justice Steel, hearing the application, also recognised its urgency in his judgment.

4. Following the hearing on 6 June 2007 the matter has been back before the New York Judge twice, on 11 and 12 June 2007. The present timetable, set as a result of those hearings, required the Second Claimant to provide documents and interrogatories on 13 June 2007 (which he has done whilst reserving his jurisdictional challenge in New York and on the express basis that he is not thereby submitting to the jurisdiction in New York) and requires him to attend to be deposed on 14 June 2007 (which he intends to do under like reservations and again on the basis that no submission to the New York Court is involved). The Second Claimant has had and will have no practical choice about this to avoid being in contempt of the New York orders. (The hearing in New York on 12 June 2007 was arranged because the Defendants wished to submit a motion for sanctions against the Second Claimant for contempt on the basis that he was in breach of the order made there the day before. No such sanctions were then issued.)

5. Within days of today there will be a ruling in the US Proceedings on the question of whether the First and Third Claimants have been properly served with the US Proceedings. If the Defendants prevail on that question, an immediate order for the production of documents and answers to interrogatories by them is expected to follow. They are at present under order to be deposed on 21 and 22 June 2007.

6. If the Claimants are right that the US Proceedings should not have been brought, then the position is that the Claimants should not have been compelled to comply with the New York orders at all and should not be compelled to do so in the future. The Claimants are, therefore, presently being prejudiced in having to comply with the orders made in the US Proceedings and further prejudice will be suffered in that respect in the very near future.

7. The matter, therefore, needs to be resolved urgently. If, as the Claimants submit, Mr Justice Steel has made the wrong decision, the interests of justice require that the matter is resolved as soon as possible. In particular, one of the Claimants' grounds of appeal is that the order requiring them to give wide ranging disclosure and answers to interrogatories and to be deposed is itself vexatious, oppressive or unconscionable. The Second Claimant already has had no practical option but to submit to that process. The practical reality is that the First and Third Claimants may well be forced into the same position if the Claimants' application matter is not heard in the very near future.

8. Before Mr Justice Steel, the Defendants' counsel said that they would agree that compliance with the orders of the New York court would not be taken to be a submission to the jurisdiction in New York. Their solicitors have been asked to confirm that in correspondence. At the time of writing, there has been no response to that letter. If that confirmation is not forthcoming, the situation becomes more grave.

9. The balance of convenience is considered at the end of the Claimants' Skeleton in support of the application for permission (Appeal Bundle 3 tab 1) and is (we invite you to conclude for these immediate purposes) in the Claimants' favour. If the relief is granted the effect will be a short postponement in the prosecution of the US Proceedings and the enforcement of the orders made in that action. The alleged harm relied on by the Defendants that they say motivated them to start the US Proceedings and seek urgent relief in that action is that described in paragraphs 32 and 33 of the witness statement of Ms Mansfield (Appeal Bundle 2 tab 4 p9) and relates to the fear that the Claimants are actively engaged in soliciting members of the the Defendants' workforce and being concerned in the business of a competitor. The Defendants' case is that they needed and need urgent relief in the form of the provision of documents, answers to interrogatories and depositions in order to protect their position.

10. Whilst there would be no obvious loss to the Defendants in the grant of short term relief, the Claimants are willing to provide the usual undertaking in damages. Moreover, Mr Justice Steel stated at the hearing before him that he needed persuading that the Defendants, who had made a cross application for an order under s25 of the Civil Jurisdiction and Judgments Act 1982 in identical terms to that made in New York on 18 May 2007 (which was adjourned owing to lack of Court time), urgently needed the relief they were seeking. In so far as the Claimants are aware, the Defendants have not sought to have that application listed on an urgent basis.

We invite you, therefore, to consider the application for permission to appeal on paper as a matter of urgency and if at all possible by the end of this week. You are also asked to grant the interim relief sought. (The form of relief sought appears in the appendix to this letter). The Claimants are, of course, available to attend an oral hearing if the Court so requires.

We remain at your disposal for anything further you may require. We apologise if we occasion any inconvenience in asking you to consider this on an urgent basis.

Yours sincerely,

Andrew Hochhauser QC

Claire Blanchard
Counsel for the Claimants/Appellants

cc Counsel for the Defendants/Respondents
Murray Rosen QC, Herbert Smith
Andrew Lenon QC, 1 Essex Court