# EXHIBIT 20

**Appeal Ref No** _____

**IN THE COURT OF APPEAL**

**ON APPEAL FROM**

**THE HIGH COURT OF JUSTICE**          Claim No. 2007 Folio 945

**QUEEN'S BENCH DIVISION**

**COMMERCIAL COURT**

Order of the Honourable Mr Justice Steel of 6 June 2007

B E T W E E N :

(1) JULIAN SAMENGO-TURNER
(2) RONALD DENNIS WHYTE
(3) MARCUS HOPKINS

<u>Claimants/Appellants</u>

-and-

(1) MARSH SERVICES LIMITED
(Formerly MARSH CORPORATE SERVICES LIMITED
and prior to that J&H MARSH & MCLENNAN (SERVICES) LIMITED)
(2) GUY CARPENTER & COMPANY LCC
(3) MARSH & MCLENNAN COMPANIES INC

<u>Defendants/Respondents to Appeal</u>

---

GROUNDS OF APPEAL

Accompanying Notice of Appeal dated [*date*]

---

Note : At the time of writing, the transcript of the Learned Judge's judgment (given ex tempore) is not yet available. In the meantime, the Appellants rely on their note of the judgment which appears at volume 3 tab 2 the Appeal Bundle for the time being.

*The applicability of Section 5 of Council Regulation EC 44/2001*
    *Point (1) : The pleaded case in the US Proceedings*

1. The Learned Judge erred in failing to hold the Second and Third Respondents to the case as pleaded by them against the Appellants in the United States District Court Southern District of New York (Index number 07 Civ 3580) ("the US Proceedings"). That was an error of law.

2. Had he done so, the Learned Judge would have concluded that the US Proceedings engaged Section 5 of Council Regulation EC 44/2001 ("the Regulation").

3. To date, in the US Proceedings, the Complaint and Memorandum of Law relied on in support of the Second and Third Respondents' application for expedited disclosure, answers to interrogatories and oral depositions (which application was successful) remain unamended and continue to assert that the Second and Third Respondents are the Appellants' employers. This being so, it should be held that Section 5 of the Regulation is engaged.

4. The Learned Judge erred in concluding if amendments were made to the Complaint in the US Proceedings it would make no difference to the substantive issues in that action. He did so in the absence of any evidence on that question, the Respondents having elected not to address it in their evidence. That was an error of law and/or error of mixed law and fact.

5. The Learned Judge should have concluded that, in the absence of any evidence to the contrary, the Second and Third Respondents pleaded that they were the Appellants' employers because that was a necessary constituent part of the claim advanced in the US Proceedings.

6. On that basis also, he should have concluded that Section 5 of the Regulation is engaged.

*Point (2) : The true analysis of the Bonus Contracts*

7. The Learned Judge erred in failing to consider the Appellants' argument that section 5 of the Regulation should, if necessary, be given a broad and purposive construction, so as to give it proper effect. That was an error of law.

8. The learned Judge erred in concluding that the Bonus Contracts are not contracts of employment for the purposes of Section 5 of the Regulation. That

2

was an error of law and/or construction and/or an error of mixed fact and law.

9. The Learned Judge further erred in failing to consider the Appellants' arguments that (a) the Bonus Contracts and the UK Contracts should be construed together and (b) the Bonus Contracts and the UK Contracts together make up the Appellants' contracts of employment. That was an error of law.

10. The Learned Judge should have concluded that, properly construed, the Bonus Contracts and the UK Contracts together make up the Appellants' contracts of employment.

11. The Learned Judge should have further concluded that, even looked at in isolation, the Bonus Contracts bear all the hallmarks of a contract of employment in that they provide for the provision of services in return for remuneration and for control over the Appellants by the Respondents and that the Appellants are integrated within the Respondents' organisation.

12. The Learned Judge erred in accepting the Respondents' construction of the word "Company" as it appears in the Bonus Contracts. That was an error of law and/or construction.

13. The Learned Judge further erred in failing to consider the ramifications of the Respondents' argument that the entity referred to as "the Company" meant, at various places in the Bonus Contracts, the First Respondent. That was an error of law and/or construction.

14. The Learned Judge should have found that, taking the Respondents' construction to its logical conclusion, only the First Respondent was entitled to sue on the Bonus Contracts but that, given the construction placed on the Bonus Contracts in the US Proceedings, the Respondents should be held to that pleading and not be entitled to advance a case that the "Company" is MSL

3

for the purposes of this action.

*Point (3) : Art 18*

15. The learned Judge erred in concluding that the US Proceedings are not "matters relating to an individual contract of employment" within the meaning of Article 18(1) of section 5 of the Regulation. That was an error of law and/or an error of mixed fact and law.

16. The learned Judge further erred in concluding that the Appellants' contracts of employment are not sued on in the US Proceedings. That was an error of law and/or a mixed error of law and fact.

17. The Learned Judge should have concluded that the US Proceedings are matters relating to individual contracts of employment.

18. The Learned Judge should have further concluded that it not is necessary for the individual contract of employment to be sued on in order for proceedings to be a matter relating to an individual contract of employment and/or if it is, that such contracts are sued on in the US Proceedings.

*Point (4) : Art 20*

19. The learned Judge erred in concluding that the Second and Third Respondents are not the Appellants' employers within the meaning of Art 20(1) in Section 5 of the Regulation. That was an error of law and/or an error of mixed fact and law.

20. The Learned Judge should have concluded that the Second and Third Respondents are the Appellants' employers for the purposes of Art 20(1) of Section 5 of the Regulation and/or that they re suing as such.

21. The Learned Judge should have further concluded that the US Proceedings are covered by Section 5 of the Regulation and that they are in breach of the

Art 20(1) of the Regulation.

*The grant of an anti-suit injunction on the basis that Section 5 of the Regulation applies*

22. Given his earlier conclusions, the Learned Judge failed to consider the Appellants' arguments that an anti-suit injunction should be granted to restrain the US Proceedings. The Learned Judge erred in failing to do so. That was an error of law.

23. Had the Learned Judge considered those arguments, he should have concluded that:

   a. There is no prohibition on the use of an anti-suit injunction to restrain proceedings brought in breach of a Regulation right in a Non-Member State.

   b. The Second and Third Respondents are bound by Section 5 of the Regulation, regardless as to their domicile, and suing qua employer must do so in this jurisdiction where the Appellants work.

   c. The Court should assume jurisdiction pursuant to Section 5 of the Regulation and enforce that assumption of jurisdiction by the grant of anti-suit injunction.

   d. The New York jurisdiction clause in the Bonus Contracts is rendered invalid by Art 21 of the Regulation.

   e. The balance of convenience is in favour of the grant of an interim anti-suit injunction.

   f. The Court should exercise its discretion to grant an anti-suit injunction in the circumstances of this case.

24. The Learned Judge erred in concluding that this is not the natural forum for the dispute being litigated in the US Proceedings. This was an error of law and/or a mixed error of law and fact.

25. The Learned Judge should have concluded that this is the natural forum for a dispute arising out of the Appellants' employment in this jurisdiction and alleged breaches of duty as employee committed here.

26. The Learned Judge erred in concluding that the US Proceedings are not vexatious. That was an error of law and/or a mixed error of law and fact.

27. The Learned Judge should have concluded that the US Proceedings are vexatious, unconscionable or oppressive by definition being brought in breach of the Regulation and/or by reason of the manner of the prosecution of and/or the relief sought in the US Proceedings.

28. The Learned judge erred in failing to exercise his discretion to grant an anti-suit injunction. That was an error of law.

29. The Learned Judge should have exercised his discretion to grant an anti-suit injunction.

*The grant of an anti-suit injunction on the basis that Section 5 of the Regulation does not apply*

30. The Learned Judge erred in concluding that this is not the natural forum for disputes arising out of the Bonus Contracts and that the US Proceedings are not vexatious. The Appellants repeat the points relied on above in this respect.

31. The Learned Judge further erred in failing to consider the Appellants' primary case that an anti-suit injunction should be granted even if the Regulation does not apply on public policy grounds. That was an error of law.

32. The Learned Judge should have concluded that an anti-suit injunction should be granted to enforce the public policy behind Section 5 of the Regulation.

33. The Learned Judge should further have concluded that, by pleading and continuing to rely on a construction of the Bonus Contracts in the US Proceedings that the Second and Third Respondents are the Appellants' employers for the purposes of being able to advance that action, whilst at the same time adopting the opposite position in this action for the purpose of defeating the Appellants' application for an anti-suit injunction, the US Proceedings are necessarily vexatious, unconscionable or oppressive.

34. The Learned Judge should have further concluded that the New York jurisdiction clause in the Bonus Contracts did not prevent the grant of an anti-suit injunction.

*The grant of an anti-suit injunction to enforce the English jurisdiction clause in the Bonus Contracts*

35. The Learned Judge failed to consider the Appellants' arguments that the English jurisdiction clause in the Bonus Contracts should be enforced by way of an anti-suit injunction.

36. Had he done so, he should have concluded that it should be.