# APPENDIX 4



Not Reported in F.Supp.  Page 1
Not Reported in F.Supp., 1997 WL 578753 (W.D.N.Y.)

**(Cite as: Not Reported in F.Supp.)**

Zamer v. Diliddo
W.D.N.Y.,1997.
Only the Westlaw citation is currently available.
United States District Court, W.D. New York.
Ahmad ZAMER, Plaintiff,
v.
Bart A. DILIDDO, Gary Gibbs, North Fork Enterprises, Inc., and Marketsoft, Inc. Defendants.
No. 97-CV-32S(H).

Aug. 18, 1997.

### DECISION AND ORDER

HECKMAN, Magistrate J.

*1 This matter was referred to the undersigned by Hon. William M. Skretny for pretrial matters, in accordance with 28 U.S.C. § 636(b). Defendants Bart A. DiLiddo, North Fork Enterprises, Inc. and Marketsoft, Inc. have moved to transfer the action to the Northern District of Ohio, Eastern Division, pursuant to 28 U.S.C. § 1404(a). For the following reasons, defendants' motion to transfer is denied.

### BACKGROUND

On December 2, 1996, plaintiff commenced this action by filing a summons and complaint in New York State Supreme Court. On January 17, 1997, defendant Marketsoft, Inc. removed the action to this court on the basis of diversity of citizenship (Item 1).

According to the complaint, plaintiff is president of Marketsoft. On December 12, 1995, plaintiff (on behalf of Marketsoft) and defendant DiLiddo (on behalf of North Fork) signed a " License Agreement" under which Marketsoft was granted an exclusive license to market and sell securities investment services utilizing North Fork's " VectorVest®" computer software programs (*see* Complaint, Ex. B, attached to Item 1). The license agreement contains the following clause:

*Ohio Law Governs.* The validity, terms, performance and enforcement of this Agreement shall be governed by the laws of the State of Ohio that are applicable to agreements negotiated, delivered and performed solely in the State of Ohio. The parties consent to the exclusive jurisdiction of the state and federal courts located in Cleveland, Ohio for any claim arising out of or relating to this Agreement. This section shall survive any termination of this Agreement.

(*Id.,* § 10, p. 6).

On January 11, 1996, plaintiff signed a " Shareholders Agreement" on his own behalf and as president of Marketsoft. Defendants DiLiddo and Gibbs also signed the agreement. The purpose of the agreement was " to provide how and under what conditions the Shares of [Marketsoft] may be transferred" (Complaint, Ex. A, p. 1). The shareholders agreement contains the following clause:

*Consent to Jurisdiction.* Each Shareholder hereby irrevocably and unconditionally consents to submit to the exclusive jurisdiction of the courts of the State of New York and of the United Statesof America located in the City of Buffalo, New York, for any actions, suits or proceedings arising out of or relating to this Agreement and the transactions contemplated hereby (and each Shareholder agrees not to commence any action, suit or proceeding relating thereto except in such courts) .... Each Shareholder hereby irrevocably and unconditionally waives any objection to the laying of venue of any action, suit or proceeding arising out of this Agreement or the transactions contemplated hereby in the courts of the State of New York and of the United States of America located in the City of Buffalo, New York, and hereby further irrevocably and unconditionally waives and agrees not to plead or claim in any court that any such action, suit or proceeding brought in any such court has been brought in an inconvenient forum.

*2 (*Id.,* § 6.2, p. 11).

Plaintiff alleges that DiLiddo learned the identity of Marketsoft customers and solicited their business directly for North Fork, in violation of the license agreement. He seeks damages and injunctive relief on behalf of the shareholders of Marketsoft.

Defendants move to transfer the action to the Northern District of Ohio, in accordance with the " Ohio law governs" clause in the license agreement. Plaintiff contends that the " Consent to jurisdiction" clause in the shareholders agreement should be given equal weight by the court, and that defendants have

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.                                                                                                       Page 2
Not Reported in F.Supp., 1997 WL 578753 (W.D.N.Y.)
**(Cite as: Not Reported in F.Supp.)**

failed to demonstrate that transfer is appropriate.

### DISCUSSION

28 U.S.C. § 1404(a) provides:
For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

This section is a statutory recognition of the common law doctrine of *forum non conveniens* as a facet of venue in the federal courts. 1A James W. Moore et al., *Moore's Federal Practice,* ¶ 0.345[3.-1]. The goal of § 1404(a) is to prevent waste " of time, energy and money" and " to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Continental Grain Co. v. Barge FBL-585,* 364 U.S. 19, 27, 80 S.Ct. 1470, 4 L.Ed.2d 1540 (1960), *quoted in Lencco Racing Co., Inc. v. Artco, Inc.,* 953 F.Supp. 69, 71 (W.D.N.Y.1997).

The district court has broad discretion on a transfer motion according to an " individualized, case-by-case consideration of convenience and fairness." *Van Dusen v. Barrack,* 376 U.S. 612, 622, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964); *see also Red Bull Associates v. Bes Western International, Inc.,* 862 F.2d 963, 967 (2d Cir.1988). The moving party normally bears the burden of " making out a strong case for a transfer," *Filmline (Cross-Country) Productions v. United Artists,* 865 F.2d 513, 521 (2d Cir.1989), by demonstrating that, under all of the circumstances, the interests of justice and of the parties will be better served by the transfer. *Delaware Credit Corp. v. Aronoff,* 1992 WL 170896, *4 (W.D.N.Y. July 10, 1992)(Skretny, J.); *Austin v. International Brotherhood of Teamsters,* 739 F.Supp. 206, 208 (S.D.N.Y.1990); *Nieves v. American Airlines,* 700 F.Supp. 769, 772 (S.D.N.Y.1988). This is because " a plaintiff's choice of a forum is accorded considerable weight, ' and will not be disturbed except upon a clear-cut showing that convenience and justice for all parties demands that the litigation proceed elsewhere." ' *First Federal Sav. Bank v. Tazzia,* 696 F.Supp. 904, 910 (S.D.N.Y.1988) (citations omitted); *see also P and J G Enterprises, Inc. v. Best Western Int'l, Inc.,* 845 F.Supp. 84, 87 (N.D.N.Y.1994).

However, where a motion to transfer venue is based upon a forum selection clause, the court must first determine if the clause is valid. If so, the burden shifts to the plaintiff to demonstrate by a preponderance of evidence that the clause should not be enforced because of the convenience of witnesses, or in the interest of justice. *P and J G Enterprises, supra; see also Weiss v. Columbia Pictures Television, Inc.,* 801 F.Supp. 1276, 1278 (S.D.N.Y.1992)(citing cases).

*3 As an additional consideration in this case, there are **two conflicting forum selection clauses** at issue. Plaintiff contends that the " Consent to Jurisdiction" clause in the shareholders agreement should be given the same consideration as the " Ohio law governs" clause in the license agreement. Under similar circumstances, courts have looked to the complaint to determine which contract is " [t]he one document which logically connects all the defendants to the plaintiffs ...." *Adelson v. World Transportation, Inc.,* 631 F.Supp. 504, 508 (S.D.Fla.1986), *quoted in Friedman v. World Transportation, Inc.,* 636 F.Supp. 685, 691 (N.D.Ill., E.D.1986)(giving effect to forum selection clause in " controlling document" ).

Here, the complaint contains specific allegations of breach of the licensing agreement (*see* ¶¶ 14, 19 and ¶ B of *ad damnum* clause), and only general or oblique reference to " violation of the duties" set forth in the shareholders agreement. However, the defendants are all signatories to the shareholders agreement, while only North Fork and Marketsoft are signatories to the license agreement.

Accordingly, I find that the forum selection clause in the license agreement is not determinative of the motion to transfer. Nor does it shift the burden of proof to plaintiff. Rather, the forum selection clause is but one of the factors for the court to consider in determining whether the action should be transferred. *See generally Stewart Organization, Inc. v. Ricoh Corp.,* 487 U.S. 22, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988); *see also Red Bull Associates, supra,* 862 F.2d at 967; *Falconwood Financial Corp. v. Griffin,* 838 F.Supp. 836, 839-40 (S.D.N.Y.1993); *Water Energizers Ltd. v. Water Energizers, Inc.,* 788 F.Supp. 208, 212 n. 2 (S.D.N.Y.1992); *Intercontinental Monetary Corp. v. Performance Guarantees, Inc.,* 705 F.Supp. 144, 151 (S.D.N.Y.1989). Other factors include the convenience of the witnesses; the location of relevant documents and the relative ease of access to sources of proof; the convenience of the parties; the locus of the operative facts; the availability of process to compel the attendance of unwilling witnesses; the relative means of the parties; the forum's familiarity

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.  Page 3
Not Reported in F.Supp., 1997 WL 578753 (W.D.N.Y.)
**(Cite as: Not Reported in F.Supp.)**

with the governing law; the weight accorded the plaintiff's choice of forum; and trial efficiency and the interest of justice, based on the totality of the circumstances. *Constitution Reinsurance Corp. v. Stonewall Ins. Co.,* 872 F.Supp. 1247, 1250 (S.D.N.Y.1995); *Cento Group, SPA. v. OroAmerica, Inc.,* 822 F.Supp. 1058, 1060 (S.D.N.Y.1993).

A. Convenience of the Witnesses.

Plaintiff lists 11 witnesses (other than himself) who he anticipates will testify at trial, along with a brief description of the substance of their expected testimony (*see* Plaintiff's Response to Marketsoft's Interrogatory No. 1, Item 15, Ex. A). Five of those witnesses are Ohio residents, and one is a Michigan resident. Five of the witnesses reside in New York.

*4 Defendants list 14 additional witness, all of whom reside in Ohio (*see* Item 16). However, no information is provided as to substance of the expected testimony of these witnesses. Accordingly, defendants have not made a strong showing that the convenience of the witnesses weighs in favor of transfer.

B. Ease of Access to Proof.

Defendants assert that the pertinent business records are maintained at Marketsoft's principal place of business in Akron, Ohio. Plaintiff asserts that Marketsoft's transactions during the relevant time period would be reflected in books, records, financial statements and reports maintained by Marketsoft's certified public accountants, located in Williamsville, New York.

Based on this information, I find that ease of access to proof does not weigh heavily in favor of transfer.

C. Convenience of the Parties.

Plaintiff is the only party with a western New York residence. Defendant DiLiddo is a resident of Ohio. Defendant Gibbs is a resident of Michigan. North Fork is an Ohio corporation with its principal place of business in Ohio. Marketsoft is a Delaware corporation. According to the affidavit of Bart DiLiddo (Marketsoft's current Chairman of the Board), while Marketsoft maintains a Williamsville, New York office, the major business activities of Marketsoft are conducted from its Akron, Ohio office. This factor weighs in favor of transfer.

D. Locus of the Operative Facts.

The operative facts alleged in the pleadings pertain to wrongful solicitation and appropriation of customers. There is no particular factual "locus" which would suggest that trial should be held in Ohio rather than New York.

E. Availability of Process to Compel Attendance of Unwilling Witnesses.

Neither party has indicated the likelihood that compulsory process will be necessary to obtain the testimony of nonparty witnesses.

F. Relative Means of the Parties.

Neither party has provided information necessary to assess the weight of this factor.

G. Forum's Familiarity with Governing Law.

In the absence of any information to indicate otherwise, this court must assume that the federal court in both this district and in the Northern District of Ohio are equally familiar with the legal principles necessary to resolve the issues of contractual interpretation and enforcement presented by this case, under the laws of either New York or Ohio.

H. Weight Accorded Plaintiff's Choice of Forum.

As mentioned above, the plaintiff's choice of forum is generally entitled to considerable weight, and should not be disturbed unless the balance of the several factors is strongly in favor of the defendant. *Kolko v. Holiday Inns, Inc.,* 672 F.Supp. 713, 715 (S.D.N.Y.1987). Where the factors are equally balanced, the plaintiff is entitled to its choice of forum. *Teachers Insurance & Annuity Association of America v. Butler,* 592 F.Supp. 1097, 1106 (S.D.N.Y.1984). Further, the plaintiff's choice is generally accorded more deference where there is a material connection or significant contact between the forum state and the events allegedly underlying the claim, *Levitt v. State of Maryland Deposit Insurance Fund Corp.,* 643 F.Supp. 1485, 1493 (E.D.N.Y.1986), or where the plaintiff is a resident of the forum district. *See, e.g., Amvest Capital Corp. v. Banco Central, S.A.,* 628 F.Supp. 1258 (S.D.N.Y.1986). Where transfer would merely shift

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.
Not Reported in F.Supp., 1997 WL 578753 (W.D.N.Y.)

**(Cite as: Not Reported in F.Supp.)**

Page 4

the inconvenience from one party to the other, " the plaintiff's choice of forum should not be disturbed." _De Luxe Game Corp. v. Wonder Products Co., 166 F.Supp. 56, 61 (S.D.N.Y.1958)_. " However, where the transactions or facts giving rise to the action have no material relation or significant connection to the plaintiff's chosen forum, then the plaintiff's choice is not accorded the same ' great weight' and in fact is given reduced significance." _Wine Markets Int'l, Inc. v. Bass,_ 939 F.Supp. 178, 183 (E.D.N.Y.1996).

*5 In this case, the transactions giving rise to the complaint have no particular connection to either New York or Ohio. Transfer of the action to the Northern District of Ohio would simply shift the inconvenience of trial from one party to the other. Plaintiff's choice of forum is therefore entitled to substantial deference.

          I. Trial Efficiency.

Neither party has provided information necessary to assess the weight of this factor.

Upon consideration of these factors in light of the information presented in the parties' affidavits, exhibits, and memoranda, I find that defendants have failed to make out a strong case for transfer.

          _CONCLUSION_

For the foregoing reasons, defendants' motion (Item 15) to transfer venue of this action to the Northern District of Ohio, Eastern Division is DENIED.

SO ORDERED.

W.D.N.Y.,1997.
Zamer v. Diliddo
Not Reported in F.Supp., 1997 WL 578753 (W.D.N.Y.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.