UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
——————————————————————————— x
                                                          :
GUY CARPENTER & COMPANY, LLC and                          :
MARSH & McLENNAN COMPANIES, INC.,                         :
                                                          :
                            Plaintiffs,         :   07 Civ. 3580 (DC) (KNF)
                                                          :
            - against -                          :   **DECLARATION**
                                                          :
JULIAN SAMENGO-TURNER, RON WHYTE,                         :
and MARCUS HOPKINS,                                       :
                                                          :
                            Defendants.         :
                                                          :
——————————————————————————— x

    I, Barry H. Berke, hereby declare:

    1.  I am a member of Kramer Levin Naftalis & Frankel LLP, attorneys for plaintiffs Guy Carpenter & Company, LLC ("Guy Carpenter") and Marsh & McLennan Companies, Inc. ("MMC," and together with Guy Carpenter, "plaintiffs") in the above-captioned matter. I submit this declaration in opposition to the motion of defendants Ron Whyte ("Whyte"), Julian Samengo-Turner ("Samengo-Turner") and Marcus Hopkins ("Hopkins," and collectively with Whyte and Samengo-Turner, "defendants") (i) to stay all proceedings in this case in favor of proceedings initiated by defendants in the United Kingdom subsequent to the commencement of this action seeking to deprive the Court of authority over this action, (ii) in the alternative, for reconsideration or stay of the Order dated May 24, 2007 (the "May 24 Order") directing defendants to comply with expedited discovery requests and appear for depositions or to stay operation of that order, or (iii) in the further alternative, for certification of this dispute as one appropriate for immediate interlocutory appeal, dated June 6, 2007 (the "June 6 Motion").

KL3 2599578.2

2. A true and correct copy of the Declaration of Andrew Gordon Brown, dated June 7, 2007, filed by plaintiffs in opposition to Whyte's dismissal motion, is attached hereto as Exhibit 1.

3. A true and correct copy of the Declaration of Lynsey Mansfield, dated June 7, 2007, filed by plaintiffs in opposition to Whyte's dismissal motion, is attached hereto as Exhibit 2.

4. A true and correct copy of the Declaration of Arlene Vaquer, dated June 6, 2007, filed by plaintiffs in opposition to Whyte's dismissal motion, is attached hereto as Exhibit 3.

5. A true and correct copy of the Declaration of Lynsey Mansfield, dated May 10, 2007, filed by plaintiffs in support of their motion for expedited discovery, is attached hereto as Exhibit 4.

6. A true and correct copy of plaintiffs' complaint in this action, without exhibits, is attached hereto as Exhibit 5.

7. A true and correct copy of plaintiffs' brief in support of their motion for expedited discovery is attached hereto as Exhibit 6.

8. A true and correct copy of defendants' brief in opposition to plaintiffs' motion for expedited discovery is attached hereto as Exhibit 7.

9. A true and correct copy of the May 24 Order is attached hereto as Exhibit 8.

10. A true and correct copy of the transcript of the May 18, 2007 conference before the Court is attached hereto as Exhibit 9. As the transcript of the May 18 conference reflects, the Court established the following schedule: (i) defendants' deadline to raise any

additional issues regarding plaintiffs' document requests and interrogatories was May 21, 2007 (at pp. 8-9), (ii) defendants' deadline to respond to plaintiffs' document requests and interrogatories was June 1, 2007 at 12 noon (at p. 6) and (iii) depositions of defendants were to occur, at plaintiffs' election, either the week of June 4 or June 11, 2007 (at p. 6).

11.     On May 18, 2007, plaintiffs served on defendants plaintiffs' document requests and interrogatories (true and correct copies of such requests are attached hereto as Exhibits 10 and 11, respectively). Defendants failed to raise any additional issues regarding plaintiffs' document requests and interrogatories by the May 21 deadline set by the Court during the May 18 conference. At defendants' request and to accommodate their travel schedules, the depositions were scheduled to proceed in London on June 13, 14, and 15 rather than during the week of June 4, as permitted by the Court. True and correct copies of the deposition notices served by plaintiffs with respect to Whyte, Samengo-Turner and Hopkins are attached hereto as Exhibits 12, 13 and 14, respectively.

12.     During the May 18 conference, defendants stated their intent to file a motion to dismiss this action. Defendants specifically requested that the Court defer the expedited discovery until after resolution of their claims of lack of jurisdiction and forum *non conveniens*. After reviewing the choice of forum and choice of law provisions in the Agreements, the Court rejected defendants' request.

13.     On May 24, 2007, only defendant Whyte moved to dismiss this action, and that motion has now been fully briefed and is pending before the Court. A true and correct copy of plaintiffs' brief in opposition to that motion is attached hereto as Exhibit 15.

14.     On June 6, 2007, a hearing was held in the United Kingdom before the High Court in connection with defendants' request there for an anti-suit injunction. That day, the High Court rejected defendants' request for an anti-suit injunction.

15.     Following the High Court's rejection of defendants' request for an anti-suit injunction, defendants refused to produce the required written discovery in this action; Samengo-Turner and Hopkins initially produced no responses whatsoever, while Whyte initially produced formal responses to plaintiffs' document requests and interrogatories that consisted solely of objections (true and correct copies of which are attached hereto as Exhibits 16 and 17, respectively).

16.     On June 11, 2007, the parties appeared before the Court with respect to (i) the June 6 Motion and (ii) plaintiffs' request for the Court's assistance in obtaining the expedited discovery and enforcement of the Court's orders. A true and correct copy of the transcript of the June 11, 2007 conference before the Court is attached hereto as Exhibit 18. As the transcript of the June 11 conference reflects, the Court (i) rejected Whyte's arguments that discovery should not proceed against him and ordered him to produce documents and substantive interrogatory responses by 9:00 p.m. that night and appear for deposition on June 14, 2007 (at pp. 18, 29), (ii) ordered submissions to be filed addressing issues concerning service of process upon defendants Julian Samengo-Turner and Marcus Hopkins (at p. 23), (iii) ruled that in the event the Court determined that service had been made (or was made in time) on Samengo-Turner and Hopkins, their depositions could go forward June 20 and 21, 2007 (at pp. 25-26, 29) and (iv) refused to stay the May 24 Order and established a briefing schedule for the June 6 Motion (at pp. 26, 27).

17. Whyte thereafter failed to produce documents responsive to plaintiffs' document requests and substantive interrogatory answers by the 9:00 p.m. deadline on June 11, 2007. After being apprised of this by plaintiffs' counsel by letter June 12, 2007 (a true and correct copy of which is attached hereto as Exhibit 19), the Court held a telephonic conference that day with the parties. A true and correct copy of the transcript of the June 12, 2007 telephonic conference before the Court is attached hereto as Exhibit 20.

18. Whyte finally produced substantive responses to plaintiffs' interrogatories and document requests and documents responsive to plaintiffs' document requests on June 13, 2007. Whyte's deposition occurred on June 14, 2007.

19. In the June 6 Motion, defendants asserted that the complaint had not been served upon defendants Samengo-Turner or Hopkins. Following the Court's request during the June 11, 2007 conference that the parties file submissions addressing service issues concerning Samengo-Turner and Hopkins, Samengo-Turner and Hopkins failed to file any such submission and Whyte took no position on this issue. A true and correct copy of Whyte's submission asserting he was taking no position is attached hereto as Exhibit 21. A true and correct copy of the Court's memorandum opinion and order, dated June 14, 2007, regarding the service issue is attached hereto as Exhibit 22.

20. On June 18 and 19, 2007, Hopkins and Samengo-Turner produced documents in response to plaintiffs' document requests and supplied responses to plaintiffs' document requests and interrogatories. Hopkins was deposed on June 20, 2007, and Samengo-Turner is to be deposed on June 21, 2007.

21. Following the Court's rulings on June 11 and 12, 2007, on June 14, 2007, defendants sought leave to appeal the High Court's rejection of their application for an anti-suit

injunction and a stay pending appeal. On June 19, 2007, the Court of Appeal granted permission to appeal the High Court's June 6 decision on an expedited basis, but did not grant any interim relief to defendants pending such appeal; it further decided that any request for interim relief would be heard on notice with immediate expedition. Later that day, defendants filed an application with the Court of Appeal requesting an interim injunction restraining all actions in the United States proceeding pending determination of the expedited appeal. On June 20, 2007, a hearing was held on defendants' application, and the application was rejected.

22. On or about June 12, 2007, defendants also filed with the High Court additional claims against plaintiffs and Marsh Services Limited ("MSL") seeking, among other things, a declaration that the agreements at issue in the United States action and the employment agreements with MSL have been repudiated and that the obligations contained in those documents can no longer be enforced as a result.

23. A true and correct copy of an excerpt from MMC's 2006 Annual Report is attached hereto as Exhibit 23.

24. A true and correct copy of a subpoena served by plaintiffs on Integro Insurance Brokers on May 23, 2007 is attached hereto as Exhibit 24.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 20, 2007

                                                                                         Barry H. Berke