# EXHIBIT
# 16

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GUY CARPENTER & COMPANY, LLC and )
MARSH & McLENNAN COMPANIES, INC., )
                                         )
        Plaintiffs,            )
                                           )
v.                                          )
                                           )
JULIAN SAMENGO-TURNER, RON )
WHYTE, and MARCUS HOPKINS, )
                                           )
        Defendants.          )
                                           )

Case No. 07 – CV- 3580 (DC)


**DEFENDANT WHYTE'S
OBJECTIONS AND RESPONSES
TO PLAINTIFFS' FIRST
REQUEST FOR PRODUCTION OF
DOCUMENTS**

**(ECF Case)**

**TO:**    Robert N. Holtzman, Esq.
         Kramer Levin Naftalis & Frankel, LLP
         1177 Avenue of the Americas
         New York, New York 10036
         Attorneys for Plaintiffs

**COUNSEL:**

      In accordance with Rule 34 of the Federal Rules of Civil Procedure and 26.3 of the Local

Civil Rules of the United States District Court for the Southern District of New York, defendant

Ron Whyte (referred to as "Defendant") hereby objects and responds to Plaintiffs' First Request

for Production of Documents dated May 18, 2007 ("Document Requests"), as set forth below. In

making these responses, Defendant does not waive, and specifically reserves, the right to raise

additional objections to these discovery requests and all available grounds for dismissal of this

action including, but not limited to, insufficiency of personal jurisdiction and forum *non*

*conveniens* grounds. This reservation is consistent with the representations of Plaintiffs' U.K.

counsel on June 6, 2007.

      In making these responses, Defendant further does not waive these objections or any

General Objections as to relevance, materiality or admissibility of evidence in this action or any

other action or proceeding. Defendant reserves the right at any time to revise, correct, add to or clarify any of the objections and responses set forth herein.

## GENERAL OBJECTIONS

The following General Objections apply to and are expressly made part of the specific Responses, set forth below, to each such Document Request herein and will not be repeated in response to each individual Request.

1.    Defendant objects to the Document Requests to the extent they call for a legal conclusion or seek documentation or information that is confidential, or protected from disclosure by the attorney-client privilege or any other privilege recognized by statute, at common law, or which constitute or reflect attorney work product.

2.    Inadvertent identification or production of any such document or information shall not constitute a waiver of any privilege with respect to the subject matter thereof or the information contained therein, and shall not waive Defendant's right to object to the use of any such document or the information contained therein during any subsequent proceeding.

3.    Defendant objects to the Document Requests to the extent they seek documentation or information that is not material and necessary in the prosecution or defense of this action.

4.    Defendant objects to the Document Requests to the extent they are vague, ambiguous, overly broad or unduly burdensome.

5.    By responding to and/or producing documents in response to any of the specific Document Requests, Defendant does not waive his right to object to the use of any such documents or the information contained therein during any subsequent proceeding for any reason including, but not limited to, relevancy objections.

2

6.    To the extent any of the Document Requests are premised on disputed allegations, Defendant's response to those Requests shall not be deemed an admission of any such disputed allegations.

7.    To the extent additional documents are located, Defendant reserves the right to supplement his responses to these Requests and to assert additional objections.

8.    Defendant generally objects to these Requests to the extent they require him to create any document not previously in existence or which are not longer, or which never were, in his possession, custody or control.

9.    Defendant generally objects to these Requests to the extent they are unreasonably overbroad in temporal scope and seek documentation beyond the time frame of the events alleged in the Complaint.

## RESPONSES AND SPECIFIC OBJECTIONS

Subject to any General Objections set forth above, Defendant responds to the First Request for Production of Documents as set forth below:

## DOCUMENT REQUEST NO. 1:

All documents concerning defendants' hiring by Integro, including but not limited to each defendant's offer letter from Integro or employment contract with Integro reflecting defendant's job titles, duties and responsibilities at Integro, and/or defendants' compensation from Integro (including without limitation salary, bonus, stock and other non-cash compensation); notes, correspondence (electronic or otherwise), and other documentation reflecting defendants' discussions and negotiations with Integro; and any drafts of the foregoing; provided that documents concerning compensation from Integro are limited to compensation paid or granted to defendants in 2007.

## RESPONSE:

In addition to, and without waiving the General Objections stated above and incorporated herein by reference, Defendant objects to this Request on the grounds that (i) it impermissibly

seeks documents which are the subject of Plaintiffs' identical, pending application for discovery in the matter identified as <u>Julian Samengo-Turner, Ronald Dennis Whyte, and Marcus Hopkins</u> <u>v. Marsh Services Limited (formerly Marsh Corporate Services Limited and J&H Marsh &</u> <u>McLennan (Services) Limited), Guy Carpenter & Company LCC, and Marsh & McLennan</u> <u>Companies Inc.</u>, Claim No. 2007 Folio 945, filed in the High Court of Justice, Queen's Bench Division, Commercial Court in London on 1 June 2007; (ii) Plaintiffs have conceded that the factual premise under which they obtained the May 24, 2007 Order for expedited discovery was erroneous; and (iii) as set forth in detail in Defendant's pending motion to dismiss Plaintiffs' Complaint and motion to stay and/or for reconsideration of the Court's May 24, 2007 Order, the pending challenges to jurisdiction and forum render this Request impermissibly premature, unreasonable, and improper unless and until such time as those issues are fully adjudicated by the Court.

## DOCUMENT REQUEST NO. 2:

All documents concerning each defendants' resignation from Guy Carpenter, including but not limited to communications between (a) each defendant and (b) Integro or any person relating to the reasons for defendants' departure from Guy Carpenter.

## RESPONSE:

In addition to, and without waiving the General Objections stated above and incorporated herein by reference, Defendant objects to this Request on the grounds that (i) it impermissibly seeks documents which are the subject of Plaintiffs' identical, pending application for discovery in the matter identified as <u>Julian Samengo-Turner, Ronald Dennis Whyte, and Marcus Hopkins</u> <u>v. Marsh Services Limited (formerly Marsh Corporate Services Limited and J&H Marsh &</u> <u>McLennan (Services) Limited), Guy Carpenter & Company LCC, and Marsh & McLennan</u> <u>Companies Inc.</u>, Claim No. 2007 Folio 945, filed in the High Court of Justice, Queen's Bench

Division, Commercial Court in London on 1 June 2007; (ii) Plaintiffs have conceded that the factual premise under which they obtained the May 24, 2007 Order for expedited discovery was erroneous; and (iii) as set forth in detail in Defendant's pending motion to dismiss Plaintiffs' Complaint and motion to stay and/or for reconsideration of the Court's May 24, 2007 Order, the pending challenges to jurisdiction and forum render this Request impermissibly premature, unreasonable, and improper unless and until such time as those issues are fully adjudicated by the Court.

## DOCUMENT REQUEST NO. 3:

All documents concerning Integro's recruitment or solicitation of defendants, including but not limited to communications between each defendant and Integro and communications among defendants.

## RESPONSE:

In addition to, and without waiving the General Objections stated above and incorporated herein by reference, Defendant objects to this Request on the grounds that (i) it impermissibly seeks documents which are the subject of Plaintiffs' identical, pending application for discovery in the matter identified as Julian Samengo-Turner, Ronald Dennis Whyte, and Marcus Hopkins v. Marsh Services Limited (formerly Marsh Corporate Services Limited and J&H Marsh & McLennan (Services) Limited), Guy Carpenter & Company LCC, and Marsh & McLennan Companies Inc., Claim No. 2007 Folio 945, filed in the High Court of Justice, Queen's Bench Division, Commercial Court in London on 1 June 2007; (ii) Plaintiffs have conceded that the factual premise under which they obtained the May 24, 2007 Order for expedited discovery was erroneous; and (iii) as set forth in detail in Defendant's pending motion to dismiss Plaintiffs' Complaint and motion to stay and/or for reconsideration of the Court's May 24, 2007 Order, the

pending challenges to jurisdiction and forum render this Request impermissibly premature, unreasonable, and improper unless and until such time as those issues are fully adjudicated by the Court.

## DOCUMENT REQUEST NO. 4:

All documents concerning in-person meetings or interviews (whether formal or informal) between each defendant and Integro.

## RESPONSE:

In addition to, and without waiving the General Objections stated above and incorporated herein by reference, Defendant objects to this Request on the grounds that (i) it impermissibly seeks documents which are the subject of Plaintiffs' identical, pending application for discovery in the matter identified as Julian Samengo-Turner, Ronald Dennis Whyte, and Marcus Hopkins v. Marsh Services Limited (formerly Marsh Corporate Services Limited and J&H Marsh & McLennan (Services) Limited), Guy Carpenter & Company LCC, and Marsh & McLennan Companies Inc., Claim No. 2007 Folio 945, filed in the High Court of Justice, Queen's Bench Division, Commercial Court in London on 1 June 2007; (ii) Plaintiffs have conceded that the factual premise under which they obtained the May 24, 2007 Order for expedited discovery was erroneous; and (iii) as set forth in detail in Defendant's pending motion to dismiss Plaintiffs' Complaint and motion to stay and/or for reconsideration of the Court's May 24, 2007 Order, the pending challenges to jurisdiction and forum render this Request impermissibly premature, unreasonable, and improper unless and until such time as those issues are fully adjudicated by the Court.

## DOCUMENT REQUEST NO. 5:

All documents concerning communications between each defendant and any client of Guy Carpenter concerning (a) defendants' resignations from Guy Carpenter or hiring by Integro or (b) the possibility of any client using Integro for its facultative brokerage business.

## RESPONSE:

In addition to, and without waiving the General Objections stated above and incorporated herein by reference, Defendant objects to this Request on the grounds that (i) it impermissibly seeks documents which are the subject of Plaintiffs' identical, pending application for discovery in the matter identified as Julian Samengo-Turner, Ronald Dennis Whyte, and Marcus Hopkins v. Marsh Services Limited (formerly Marsh Corporate Services Limited and J&H Marsh & McLennan (Services) Limited), Guy Carpenter & Company LCC, and Marsh & McLennan Companies Inc., Claim No. 2007 Folio 945, filed in the High Court of Justice, Queen's Bench Division, Commercial Court in London on 1 June 2007; (ii) Plaintiffs have conceded that the factual premise under which they obtained the May 24, 2007 Order for expedited discovery was erroneous; and (iii) as set forth in detail in Defendant's pending motion to dismiss Plaintiffs' Complaint and motion to stay and/or for reconsideration of the Court's May 24, 2007 Order, the pending challenges to jurisdiction and forum render this Request impermissibly premature, unreasonable, and improper unless and until such time as those issues are fully adjudicated by the Court.

## DOCUMENT REQUEST NO. 6:

All documents concerning communications between each defendant and current or former Guy Carpenter or MMC employees concerning Integro.

**RESPONSE:**

In addition to, and without waiving the General Objections stated above and incorporated herein by reference, Defendant objects to this Request on the grounds that (i) it impermissibly seeks documents which are the subject of Plaintiffs' identical, pending application for discovery in the matter identified as <u>Julian Samengo-Turner, Ronald Dennis Whyte, and Marcus Hopkins v. Marsh Services Limited (formerly Marsh Corporate Services Limited and J&H Marsh & McLennan (Services) Limited), Guy Carpenter & Company LCC, and Marsh & McLennan Companies Inc.</u>, Claim No. 2007 Folio 945, filed in the High Court of Justice, Queen's Bench Division, Commercial Court in London on 1 June 2007; (ii) Plaintiffs have conceded that the factual premise under which they obtained the May 24, 2007 Order for expedited discovery was erroneous; and (iii) as set forth in detail in Defendant's pending motion to dismiss Plaintiffs' Complaint and motion to stay and/or for reconsideration of the Court's May 24, 2007 Order, the pending challenges to jurisdiction and forum render this Request impermissibly premature, unreasonable, and improper unless and until such time as those issues are fully adjudicated by the Court.

**DOCUMENT REQUEST NO. 7:**

All documents concerning in-person meetings or interviews (whether formal or informal) relating to potential employment (of anyone) with Integro between each defendant and current or former Guy Carpenter or MMC employees.

**RESPONSE:**

In addition to, and without waiving the General Objections stated above and incorporated herein by reference, Defendant objects to this Request on the grounds that (i) it impermissibly seeks documents which are the subject of Plaintiffs' identical, pending application for discovery

8

in the matter identified as Julian Samengo-Turner, Ronald Dennis Whyte, and Marcus Hopkins v. Marsh Services Limited (formerly Marsh Corporate Services Limited and J&H Marsh & McLennan (Services) Limited), Guy Carpenter & Company LCC, and Marsh & McLennan Companies Inc., Claim No. 2007 Folio 945, filed in the High Court of Justice, Queen's Bench Division, Commercial Court in London on 1 June 2007; (ii) Plaintiffs have conceded that the factual premise under which they obtained the May 24, 2007 Order for expedited discovery was erroneous; and (iii) as set forth in detail in Defendant's pending motion to dismiss Plaintiffs' Complaint and motion to stay and/or for reconsideration of the Court's May 24, 2007 Order, the pending challenges to jurisdiction and forum render this Request impermissibly premature, unreasonable, and improper unless and until such time as those issues are fully adjudicated by the Court.

## DOCUMENT REQUEST NO. 8:

All documents concerning in-person meetings or interviews (whether formal or informal) between Integro and current or former Guy Carpenter or MMC employee [sic] relating to potential employment with Integro.

## RESPONSE:

In addition to, and without waiving the General Objections stated above and incorporated herein by reference, Defendant objects to this Request on the grounds that (i) it impermissibly seeks documents which are the subject of Plaintiffs' identical, pending application for discovery in the matter identified as Julian Samengo-Turner, Ronald Dennis Whyte, and Marcus Hopkins v. Marsh Services Limited (formerly Marsh Corporate Services Limited and J&H Marsh & McLennan (Services) Limited), Guy Carpenter & Company LCC, and Marsh & McLennan Companies Inc., Claim No. 2007 Folio 945, filed in the High Court of Justice, Queen's Bench Division, Commercial Court in London on 1 June 2007; (ii) Plaintiffs have conceded that the

factual premise under which they obtained the May 24, 2007 Order for expedited discovery was erroneous; and (iii) as set forth in detail in Defendant's pending motion to dismiss Plaintiffs' Complaint and motion to stay and/or for reconsideration of the Court's May 24, 2007 Order, the pending challenges to jurisdiction and forum render this Request impermissibly premature, unreasonable, and improper unless and until such time as those issues are fully adjudicated by the Court.

**DOCUMENT REQUEST NO. 9:**

All documents concerning defendant Samengo-Turner's conversation with Mark Newman of Guy Carpenter, on or about April 3, 2007, concerning Integro.

**RESPONSE:**

In addition to, and without waiving the General Objections stated above and incorporated herein by reference, Defendant objects to this Request on the grounds that (i) it impermissibly seeks documents which are the subject of Plaintiffs' identical, pending application for discovery in the matter identified as <u>Julian Samengo-Turner, Ronald Dennis Whyte, and Marcus Hopkins v. Marsh Services Limited (formerly Marsh Corporate Services Limited and J&H Marsh & McLennan (Services) Limited), Guy Carpenter & Company LCC, and Marsh & McLennan Companies Inc.</u>, Claim No. 2007 Folio 945, filed in the High Court of Justice, Queen's Bench Division, Commercial Court in London on 1 June 2007; (ii) Plaintiffs have conceded that the factual premise under which they obtained the May 24, 2007 Order for expedited discovery was erroneous; and (iii) as set forth in detail in Defendant's pending motion to dismiss Plaintiffs' Complaint and motion to stay and/or for reconsideration of the Court's May 24, 2007 Order, the pending challenges to jurisdiction and forum render this Request impermissibly premature,

unreasonable, and improper unless and until such time as those issues are fully adjudicated by the Court.

## DOCUMENT REQUEST NO. 10:

All documents concerning communications among defendants concerning the recruitment or potential hiring by Integro of current or former Guy Carpenter or MMC employees.

## RESPONSE:

In addition to, and without waiving the General Objections stated above and incorporated herein by reference, Defendant objects to this Request on the grounds that (i) it impermissibly seeks documents which are the subject of Plaintiffs' identical, pending application for discovery in the matter identified as Julian Samengo-Turner, Ronald Dennis Whyte, and Marcus Hopkins v. Marsh Services Limited (formerly Marsh Corporate Services Limited and J&H Marsh & McLennan (Services) Limited), Guy Carpenter & Company LCC, and Marsh & McLennan Companies Inc., Claim No. 2007 Folio 945, filed in the High Court of Justice, Queen's Bench Division, Commercial Court in London on 1 June 2007; (ii) Plaintiffs have conceded that the factual premise under which they obtained the May 24, 2007 Order for expedited discovery was erroneous; and (iii) as set forth in detail in Defendant's pending motion to dismiss Plaintiffs' Complaint and motion to stay and/or for reconsideration of the Court's May 24, 2007 Order, the pending challenges to jurisdiction and forum render this Request impermissibly premature, unreasonable, and improper unless and until such time as those issues are fully adjudicated by the Court.

11

## DOCUMENT REQUEST NO. 11:

All documents concerning communications between each defendant and Integro regarding the recruitment or potential hiring by Integro of current or former Guy Carpenter or MMC employees.

## RESPONSE:

In addition to, and without waiving the General Objections stated above and incorporated herein by reference, Defendant objects to this Request on the grounds that (i) it impermissibly seeks documents which are the subject of Plaintiffs' identical, pending application for discovery in the matter identified as <u>Julian Samengo-Turner, Ronald Dennis Whyte, and Marcus Hopkins</u> <u>v. Marsh Services Limited (formerly Marsh Corporate Services Limited and J&H Marsh &</u> <u>McLennan (Services) Limited), Guy Carpenter & Company LCC, and Marsh & McLennan</u> <u>Companies Inc.</u>, Claim No. 2007 Folio 945, filed in the High Court of Justice, Queen's Bench Division, Commercial Court in London on 1 June 2007; (ii) Plaintiffs have conceded that the factual premise under which they obtained the May 24, 2007 Order for expedited discovery was erroneous; and (iii) as set forth in detail in Defendant's pending motion to dismiss Plaintiffs' Complaint and motion to stay and/or for reconsideration of the Court's May 24, 2007 Order, the pending challenges to jurisdiction and forum render this Request impermissibly premature, unreasonable, and improper unless and until such time as those issues are fully adjudicated by the Court.

## DOCUMENT REQUEST NO. 12:

All documents concerning communications between each defendant and Integro about Guy Carpenter's facultative reinsurance group.

**RESPONSE:**

In addition to, and without waiving the General Objections stated above and incorporated herein by reference, Defendant objects to this Request on the grounds that (i) it impermissibly seeks documents which are the subject of Plaintiffs' identical, pending application for discovery in the matter identified as <u>Julian Samengo-Turner, Ronald Dennis Whyte, and Marcus Hopkins v. Marsh Services Limited (formerly Marsh Corporate Services Limited and J&H Marsh & McLennan (Services) Limited), Guy Carpenter & Company LCC, and Marsh & McLennan Companies Inc.</u>, Claim No. 2007 Folio 945, filed in the High Court of Justice, Queen's Bench Division, Commercial Court in London on 1 June 2007; (ii) Plaintiffs have conceded that the factual premise under which they obtained the May 24, 2007 Order for expedited discovery was erroneous; and (iii) as set forth in detail in Defendant's pending motion to dismiss Plaintiffs' Complaint and motion to stay and/or for reconsideration of the Court's May 24, 2007 Order, the pending challenges to jurisdiction and forum render this Request impermissibly premature, unreasonable, and improper unless and until such time as those issues are fully adjudicated by the Court.

**DOCUMENT REQUEST NO. 13:**

All documents concerning work done by defendants for Integro to date or plans for work to be done for Integro during defendants' Guy Carpenter notice period.

**RESPONSE:**

In addition to, and without waiving the General Objections stated above and incorporated herein by reference, Defendant objects to this Request on the grounds that (i) it impermissibly seeks documents which are the subject of Plaintiffs' identical, pending application for discovery in the matter identified as <u>Julian Samengo-Turner, Ronald Dennis Whyte, and Marcus Hopkins</u>

13

v. Marsh Services Limited (formerly Marsh Corporate Services Limited and J&H Marsh &

McLennan (Services) Limited), Guy Carpenter & Company LCC, and Marsh & McLennan

Companies Inc., Claim No. 2007 Folio 945, filed in the High Court of Justice, Queen's Bench

Division, Commercial Court in London on 1 June 2007; (ii) Plaintiffs have conceded that the

factual premise under which they obtained the May 24, 2007 Order for expedited discovery was

erroneous; and (iii) as set forth in detail in Defendant's pending motion to dismiss Plaintiffs'

Complaint and motion to stay and/or for reconsideration of the Court's May 24, 2007 Order, the

pending challenges to jurisdiction and forum render this Request impermissibly premature,

unreasonable, and improper unless and until such time as those issues are fully adjudicated by

the Court.

## DOCUMENT REQUEST NO. 14:

All documents concerning the business of plaintiffs including without limitation all
documents containing confidential information or concerning employees of plaintiffs that are
currently in their possession or control or were in their possession or control at any time after
April 3, 2007.

## RESPONSE:

In addition to, and without waiving the General Objections stated above and incorporated

herein by reference, Defendant objects to this Request on the grounds that (i) it impermissibly

seeks documents which are the subject of Plaintiffs' identical, pending application for discovery

in the matter identified as Julian Samengo-Turner, Ronald Dennis Whyte, and Marcus Hopkins

v. Marsh Services Limited (formerly Marsh Corporate Services Limited and J&H Marsh &

McLennan (Services) Limited), Guy Carpenter & Company LCC, and Marsh & McLennan

Companies Inc., Claim No. 2007 Folio 945, filed in the High Court of Justice, Queen's Bench

Division, Commercial Court in London on 1 June 2007; (ii) Plaintiffs have conceded that the

factual premise under which they obtained the May 24, 2007 Order for expedited discovery was erroneous; and (iii) as set forth in detail in Defendant's pending motion to dismiss Plaintiffs' Complaint and motion to stay and/or for reconsideration of the Court's May 24, 2007 Order, the pending challenges to jurisdiction and forum render this Request impermissibly premature, unreasonable, and improper unless and until such time as those issues are fully adjudicated by the Court.

## DOCUMENT REQUEST NO. 15:

All documents concerning communications by defendant(s) to Integro of any confidential documents or information of or relating to Guy Carpenter or MMC or any of their clients.

## RESPONSE:

In addition to, and without waiving the General Objections stated above and incorporated herein by reference, Defendant objects to this Request on the grounds that (i) it impermissibly seeks documents which are the subject of Plaintiffs' identical, pending application for discovery in the matter identified as Julian Samengo-Turner, Ronald Dennis Whyte, and Marcus Hopkins v. Marsh Services Limited (formerly Marsh Corporate Services Limited and J&H Marsh & McLennan (Services) Limited), Guy Carpenter & Company LCC, and Marsh & McLennan Companies Inc., Claim No. 2007 Folio 945, filed in the High Court of Justice, Queen's Bench Division, Commercial Court in London on 1 June 2007; (ii) Plaintiffs have conceded that the factual premise under which they obtained the May 24, 2007 Order for expedited discovery was erroneous; and (iii) as set forth in detail in Defendant's pending motion to dismiss Plaintiffs' Complaint and motion to stay and/or for reconsideration of the Court's May 24, 2007 Order, the pending challenges to jurisdiction and forum render this Request impermissibly premature,

unreasonable, and improper unless and until such time as those issues are fully adjudicated by

the Court.

PROSKAUER ROSE LLP
Attorneys for Defendant Ron Whyte

By: _____
John P. Barry
Mark A. Saloman

Dated: June 7, 2007

16

## CERTIFICATE OF SERVICE

I hereby certify that on this date I served Defendant Whyte's Objections and Responses to Plaintiffs' First Request for Production of Documents, by e-mail and overnight delivery upon counsel for the Plaintiffs, at the following address:

> Robert N. Holtzman, Esq.
> Kramer Levin Naftalis & Frankel, LLP
> 1177 Avenue of the Americas
> New York, New York 10036
> Attorneys for Plaintiffs

John P. Barry

Dated:   June 7, 2007

17

# EXHIBIT
# 17

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GUY CARPENTER & COMPANY, LLC and MARSH & McLENNAN COMPANIES, INC., ) ) ) | Case No. 07 – CV- 3580 (DC) |
|     Plaintiffs, ) ) | |
| v. ) ) | **DEFENDANT WHYTE'S OBJECTIONS AND ANSWERS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES** |
| JULIAN SAMENGO-TURNER, RON WHYTE, and MARCUS HOPKINS, ) ) ) | |
|     Defendants. ) ) | (ECF Case) |

**TO:**  Robert N. Holtzman, Esq.
Kramer Levin Naftalis & Frankel, LLP
1177 Avenue of the Americas
New York, New York 10036
Attorneys for Plaintiffs

**COUNSEL:**

In accordance with Rule 33 of the Federal Rules of Civil Procedure and Rule 26.3 and 33.3 of the Local Civil Rules of the United States District Court for the Southern District of New York, defendant Ron Whyte (referred to as "Defendant") states the following as his objections and answers to plaintiffs' First Set of Interrogatories ("Interrogatories"). In making these answers, Defendant does not waive, and specifically reserves, the right to raise additional objections to these discovery requests and to all available grounds for dismissal of this action including, but not limited to, insufficiency of personal jurisdiction and forum *non conveniens* grounds. This reservation is consistent with the representations of Plaintiffs' U.K. counsel on June 6, 2007.

In making these answers, Defendant further does not waive these objections or any General Objections as to relevance, materiality or admissibility of evidence in this action or any

other action or proceeding. Defendant reserves the right at any time to revise, correct, add to or clarify any of the objections and answers set forth herein.

Date:  June 7, 2007

PROSKAUER ROSE LLP

By: _____
  John P. Barry
  Mark A. Saloman
  One Newark Center, 18th Floor
  Newark, New Jersey 07102
  (973) 274-3200
  Attorneys for Defendant Ron Whyte

2

## GENERAL OBJECTIONS

The following General Objections apply to and are expressly made part of the specific answers, set forth below, to each such Interrogatory herein and will not be repeated in response to each individual Interrogatory.

1.    Defendant objects to the Interrogatories to the extent they call for a legal conclusion or seek information that is confidential, or protected from disclosure by the attorney-client privilege or any other privilege recognized by statute, at common law, or which constitute or reflect attorney work product.

2.    Inadvertent identification or production of any such information shall not constitute a waiver of any privilege with respect to the subject matter thereof, and shall not waive Defendant's right to object to the use of any such information during any subsequent proceeding.

3.    Defendant objects to the Interrogatories to the extent they seek information that is not material and necessary in the prosecution or defense of this action.

4.    Defendant objects to the Interrogatories to the extent they are vague, ambiguous, overly broad or unduly burdensome.

5.    By answering any of the specific Interrogatories, Defendant does not waive his right to object to the use of any such information during any subsequent proceeding for any reason including, but not limited to, relevancy objections.

6.    To the extent any of the Interrogatories are premised on disputed allegations, Defendant's answer to those Interrogatories shall not be deemed an admission of any such disputed allegations.

7.    To the extent additional information is located, Defendant reserves the right to supplement his answers to these Interrogatories and to assert additional objections.

8. Defendant generally objects to these Interrogatories to the extent they are unreasonably overbroad in temporal scope and seek information beyond the time frame of the events alleged in the Complaint.

## ANSWERS AND SPECIFIC OBJECTIONS

Subject to any General Objections set forth above, Defendant responds to the First Set of Interrogatories as set forth below:

## INTERROGATORY REQUEST NO. 1:

Identify all persons who have information concerning each defendant's hiring by Integro, including but not limited to information concerning the solicitation and recruitment of each defendant by Integro and Integro's respective offers of employment to defendants.

## RESPONSE:

In addition to, and without waiving the General Objections stated above and incorporated herein by reference, Defendant objects to this Interrogatory on the grounds that (i) it impermissibly seeks information which is the subject of Plaintiffs' identical, pending application for discovery in the matter identified as <u>Julian Samengo-Turner, Ronald Dennis Whyte, and Marcus Hopkins v. Marsh Services Limited (formerly Marsh Corporate Services Limited and J&H Marsh & McLennan (Services) Limited), Guy Carpenter & Company LCC, and Marsh & McLennan Companies Inc.</u>, Claim No. 2007 Folio 945, filed in the High Court of Justice, Queen's Bench Division, Commercial Court in London on 1 June 2007; (ii) Plaintiffs have conceded that the factual premise under which they obtained the May 24, 2007 Order for expedited discovery was erroneous; and (iii) as set forth in detail in Defendant's pending motion to dismiss Plaintiffs' Complaint and motion to stay and/or for reconsideration of the Court's May 24, 2007 Order, the pending challenges to jurisdiction and forum render this Interrogatory

impermissibly premature, unreasonable, and improper unless and until such time as those issues are fully adjudicated by the Court.

## INTERROGATORY REQUEST NO. 2:

Identify all persons associated with Integro with whom each defendant interviewed or otherwise communicated in connection with each defendant's hiring by Integro.

## RESPONSE:

In addition to, and without waiving the General Objections stated above and incorporated herein by reference, Defendant objects to this Interrogatory on the grounds that (i) it impermissibly seeks information which is the subject of Plaintiffs' identical, pending application for discovery in the matter identified as <u>Julian Samengo-Turner, Ronald Dennis Whyte, and Marcus Hopkins v. Marsh Services Limited (formerly Marsh Corporate Services Limited and J&H Marsh & McLennan (Services) Limited), Guy Carpenter & Company LCC, and Marsh & McLennan Companies Inc.</u>, Claim No. 2007 Folio 945, filed in the High Court of Justice, Queen's Bench Division, Commercial Court in London on 1 June 2007; (ii) Plaintiffs have conceded that the factual premise under which they obtained the May 24, 2007 Order for expedited discovery was erroneous; and (iii) as set forth in detail in Defendant's pending motion to dismiss Plaintiffs' Complaint and motion to stay and/or for reconsideration of the Court's May 24, 2007 Order, the pending challenges to jurisdiction and forum render this Interrogatory impermissibly premature, unreasonable, and improper unless and until such time as those issues are fully adjudicated by the Court.

5

**INTERROGATORY REQUEST NO. 3:**

Identify all Guy Carpenter or MMC employees with whom each defendant communicated about their resignation from Guy Carpenter.

**RESPONSE:**

In addition to, and without waiving the General Objections stated above and incorporated herein by reference, Defendant objects to this Interrogatory on the grounds that (i) it impermissibly seeks information which is the subject of Plaintiffs' identical, pending application for discovery in the matter identified as Julian Samengo-Turner, Ronald Dennis Whyte, and Marcus Hopkins v. Marsh Services Limited (formerly Marsh Corporate Services Limited and J&H Marsh & McLennan (Services) Limited), Guy Carpenter & Company LCC, and Marsh & McLennan Companies Inc., Claim No. 2007 Folio 945, filed in the High Court of Justice, Queen's Bench Division, Commercial Court in London on 1 June 2007; (ii) Plaintiffs have conceded that the factual premise under which they obtained the May 24, 2007 Order for expedited discovery was erroneous; and (iii) as set forth in detail in Defendant's pending motion to dismiss Plaintiffs' Complaint and motion to stay and/or for reconsideration of the Court's May 24, 2007 Order, the pending challenges to jurisdiction and forum render this Interrogatory impermissibly premature, unreasonable, and improper unless and until such time as those issues are fully adjudicated by the Court.

**INTERROGATORY REQUEST NO. 4:**

Identify all persons who were, at the time of the communication(s), Guy Carpenter or MMC employees with whom each defendant communicated regarding such person's potential employment with Integro and/or termination of employment with Guy Carpenter.

**RESPONSE:**

In addition to, and without waiving the General Objections stated above and incorporated herein by reference, Defendant objects to this Interrogatory on the grounds that (i) it impermissibly seeks information which is the subject of Plaintiffs' identical, pending application for discovery in the matter identified as Julian Samengo-Turner, Ronald Dennis Whyte, and Marcus Hopkins v. Marsh Services Limited (formerly Marsh Corporate Services Limited and J&H Marsh & McLennan (Services) Limited), Guy Carpenter & Company LCC, and Marsh & McLennan Companies Inc., Claim No. 2007 Folio 945, filed in the High Court of Justice, Queen's Bench Division, Commercial Court in London on 1 June 2007; (ii) Plaintiffs have conceded that the factual premise under which they obtained the May 24, 2007 Order for expedited discovery was erroneous; and (iii) as set forth in detail in Defendant's pending motion to dismiss Plaintiffs' Complaint and motion to stay and/or for reconsideration of the Court's May 24, 2007 Order, the pending challenges to jurisdiction and forum render this Interrogatory impermissibly premature, unreasonable, and improper unless and until such time as those issues are fully adjudicated by the Court.

**INTERROGATORY REQUEST NO. 5:**

Identify all persons who were, at the time of receipt of such offer, Guy Carpenter or MMC employees and who have been offered employment by, or otherwise recruited by, Integro since January 1, 2007.

**RESPONSE:**

In addition to, and without waiving the General Objections stated above and incorporated herein by reference, Defendant objects to this Interrogatory on the grounds that (i) it impermissibly seeks information which is the subject of Plaintiffs' identical, pending application

7

for discovery in the matter identified as <u>Julian Samengo-Turner, Ronald Dennis Whyte, and Marcus Hopkins v. Marsh Services Limited (formerly Marsh Corporate Services Limited and J&H Marsh & McLennan (Services) Limited), Guy Carpenter & Company LCC, and Marsh & McLennan Companies Inc.</u>, Claim No. 2007 Folio 945, filed in the High Court of Justice, Queen's Bench Division, Commercial Court in London on 1 June 2007; (ii) Plaintiffs have conceded that the factual premise under which they obtained the May 24, 2007 Order for expedited discovery was erroneous; and (iii) as set forth in detail in Defendant's pending motion to dismiss Plaintiffs' Complaint and motion to stay and/or for reconsideration of the Court's May 24, 2007 Order, the pending challenges to jurisdiction and forum render this Interrogatory impermissibly premature, unreasonable, and improper unless and until such time as those issues are fully adjudicated by the Court.

## INTERROGATORY REQUEST NO. 6:

Identify each defendant's current resident address.

## RESPONSE:

In addition to, and without waiving the General Objections stated above and incorporated herein by reference, Defendant objects to this Interrogatory on the grounds that (i) it impermissibly seeks information which is the subject of Plaintiffs' identical, pending application for discovery in the matter identified as <u>Julian Samengo-Turner, Ronald Dennis Whyte, and Marcus Hopkins v. Marsh Services Limited (formerly Marsh Corporate Services Limited and J&H Marsh & McLennan (Services) Limited), Guy Carpenter & Company LCC, and Marsh & McLennan Companies Inc.</u>, Claim No. 2007 Folio 945, filed in the High Court of Justice, Queen's Bench Division, Commercial Court in London on 1 June 2007; (ii) Plaintiffs have

8

conceded that the factual premise under which they obtained the May 24, 2007 Order for

expedited discovery was erroneous; and (iii) as set forth in detail in Defendant's pending motion

to dismiss Plaintiffs' Complaint and motion to stay and/or for reconsideration of the Court's May

24, 2007 Order, the pending challenges to jurisdiction and forum render this Interrogatory

impermissibly premature, unreasonable, and improper unless and until such time as those issues

are fully adjudicated by the Court.

### INTERROGATORY REQUEST NO. 7:

Identify all persons who are or were clients or potential clients of Guy Carpenter or
MMC during defendants' employment with Guy Carpenter and since defendants' announced
their resignations, with whom any of the defendants has communicated regarding the defendant's
or defendants' actual or potential departure from Guy Carpenter and hiring by Integro.

### RESPONSE:

In addition to, and without waiving the General Objections stated above and incorporated

herein by reference, Defendant objects to this Interrogatory on the grounds that (i) it

impermissibly seeks information which is the subject of Plaintiffs' identical, pending application

for discovery in the matter identified as Julian Samengo-Turner, Ronald Dennis Whyte, and

Marcus Hopkins v. Marsh Services Limited (formerly Marsh Corporate Services Limited and

J&H Marsh & McLennan (Services) Limited), Guy Carpenter & Company LCC, and Marsh &

McLennan Companies Inc., Claim No. 2007 Folio 945, filed in the High Court of Justice,

Queen's Bench Division, Commercial Court in London on 1 June 2007; (ii) Plaintiffs have

conceded that the factual premise under which they obtained the May 24, 2007 Order for

expedited discovery was erroneous; and (iii) as set forth in detail in Defendant's pending motion

to dismiss Plaintiffs' Complaint and motion to stay and/or for reconsideration of the Court's May

24, 2007 Order, the pending challenges to jurisdiction and forum render this Interrogatory

9

impermissibly premature, unreasonable, and improper unless and until such time as those issues

are fully adjudicated by the Court.

10

## **CERTIFICATION**

I declare under penalty of perjury under the laws of the United States of America that the

foregoing is true and correct.

Dated: London, England, United Kingdom
 ____ June 2007

_____

Ron Whyte

## CERTIFICATE OF SERVICE

I hereby certify that on this date I served Defendant Whyte's Objections and Answers to

Plaintiffs' First Set of Interrogatories, by e-mail and overnight delivery upon counsel for the

Plaintiffs, at the following address:

> Robert N. Holtzman, Esq.
> Kramer Levin Naftalis & Frankel, LLP
> 1177 Avenue of the Americas
> New York, New York 10036
> Attorneys for Plaintiffs

John P. Barry

Dated: June 7, 2007

12

# EXHIBIT
# 18

1

76BHCARC

1   UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
2   ------------------------------x

3   GUY CARPENTER & COMPANY, LLC and
    MARSH & MCLENNAN COMPANIES, INC.,

4
                Plaintiffs,

5
                v.                          07 Civ. 3580 (DLC)

6   JULIAN SAMENGO-TURNER, RON WHYTE

7   and MARCUS HOPKINS,

8
                Defendants.

9   ------------------------------x

10

11                                  New York, N.Y.
                                    June 11, 2007
12                                  5:20 p.m.

13  Before:

14                      HON. DENISE L. COTE

15                                      District Judge

16                      APPEARANCES

17  KRAMER LEVIN NAFTALIS & FRANKEL
            Attorneys for Plaintiffs
18  BY:  ROBERT HOLTZMAN
         BARRY BERKE
19
    PROSKAUER ROSE, LLP
20          Attorneys for Defendants
    BY:  JOHN P. BARRY
21       MARK SALOMAN

22

23

24

25

2

76BHCARC

1          (In the robing room)

2          THE COURT:  Counsel, let's take appearances.  For the

3    plaintiffs.

4          MR. HOLTZMAN:  Robert Holtzman, from Kramer Levin.

5          MR. BERKE:  And Barry Berke.

6          THE COURT:  For the defendants.

7          MR. BARRY:  Your Honor, for one defendant, defendant

8    Ron Whyte, John Barry and Mark Saloman, with Proskauer Rose.

9          THE COURT:  So I think it is the plaintiffs who wanted

10   the conference.

11         MR. HOLTZMAN:  Actually, your Honor, there are two

12   issues that are on.  One is ours, your Honor, which has to do

13   with compliance with the orders that your Honor issued during

14   the May 18th conference when we were last before your Honor.

15   Your Honor will recall that we appeared on that day seeking

16   expedited discovery, and on that day your Honor ordered that

17   the defendants, all of them, respond to discovery requests on

18   June 1 and that they appear for depositions in London, at their

19   request, during the week of either June 4th or, at our option,

20   during the week of June 11th.

21         At that time the defendants raised before your Honor

22   claims of lack of jurisdiction and forum non conveniens.  Your

23   Honor heard them on those issues and determined that, while

24   certainly the matter could be briefed, that, notwithstanding

25   the fact that they specifically requested, that expedited

76BHCARC

1   discovery should not be deferred pending resolution of that

2   motion.  Indeed, your Honor set a briefing schedule, and we

3   filed our opposition papers to that motion on Friday and the

4   matter is to be become fully submitted this week.

5        Now, instead of complying with the discovery orders

6   that your Honor issued, instead the defendants commenced a

7   proceeding before the English High Court seeking an anti-suit

8   injunction that would effectively preclude the plaintiffs from

9   proceeding with this action and effectively preclude your Honor

10  from having any authority over the action.

11       On Wednesday, June 6, the High Court denied the

12  defendants' request for a anti-suit injunction, and we of

13  course expected that they would then produce the required

14  discovery.  They did not do so.

15       Instead, Mr. Barry informed us that defendant Ron

16  Whyte would not be producing documents pending the motion to

17  stay and/or for reconsideration and/or to certify for appeal

18  the order granting expedited discovery.  In fact, several hours

19  later we received that motion, which is the other matter before

20  your Honor today, which they seek to bring on by order to show

21  cause, that motion.

22       The next day the defendants' counsel did produce four

23  more responses on behalf of Mr. Whyte only, not on behalf of

24  the other two defendants, and in those formal responses

25  Mr. Whyte simply objected in toto to all of the requests, did

4

76BHCARC

1   not provide any documents, did not provide any substantive

2   responses whatsoever.

3       We have depositions scheduled at the defendants'

4   request. They explained based upon their travel schedules that

5   the most convenient days for them to be deposed were this week,

6   Wednesday, Thursday and Friday, and we acceded to those

7   requests. So in fact, the depositions are currently scheduled

8   to proceed the day after tomorrow, Thursday and Friday, in

9   London. We are prepared to do so, notwithstanding the fact

10  that we still don't have documents.

11      I did make a request to Proskauer that they bring with

12  them today those documents and those substantive requests,

13  responses to the interrogatories, so that upon a determination

14  by your Honor, if that determination is that they should in

15  fact comply with your Honor's May 18 order, they would hand

16  them over. I don't know whether they have them here today.

17      On May 18 your Honor ordered two things -- that they

18  respond to discovery requests and that they appear for

19  depositions. They haven't responded to the discovery requests,

20  and I should say the period from June 1 to June 6 should be

21  excused because we did consent, as your Honor has seen, to a

22  stay -- it is not really a stay, to a deferral of the discovery

23  issue while the matter was pending before the High Court.

24  Pending a determination, on June 6th, the undertakings that we

25  made would have expired on June 6th of their own right had the

5

76BHCARC

1    High Court not ruled. The High Court in fact did rule and

2    determined there would be no anti-suit injunction. Therefore,

3    they should have complied. They didn't do that.

4         The other matter is the depositions. I am scheduled

5    to fly out at 8 a.m. tomorrow so I can be in London tomorrow

6    evening and take depositions Wednesday morning. We want the

7    documents and we want to proceed with the depositions. At the

8    same time, the defendants now are asking that your Honor

9    reconsider her order.

10        Now, your Honor will recall that they specifically

11   asked at that time that expedited discovery be deferred pending

12   resolution of the forum non conveniens and jurisdictional

13   issues, and we spent some time going through the choice of

14   forum and choice of law clauses in the agreements, which

15   informed your Honor, and your Honor specifically determined at

16   that time, that it was appropriate to proceed with expedited

17   discovery, notwithstanding that they are here seeking precisely

18   the same relief. They seek a stay of the order. They also

19   seek a stay of the entire proceeding in favor of this UK

20   proceeding.

21        Now, that is particularly interesting because the UK

22   proceeding is of course the second filed proceeding filed by

23   all three defendants, although they don't deign to appear here

24   in order to try to stop this action from proceeding.

25        But they can give no explanation for why your Honor

76BHCARC

1    should defer to a second filed UK proceeding.   Nor certainly is

2    there anything that suggests that this matter be appropriate

3    for certification to the Court of Appeals for determination.

4         The choice of forum and choice of law clauses are

5    fully briefed and in our papers of course, but the law is very

6    clear that once parties enter into choice of law and mandatory

7    forum selection clauses, a court should not go through the

8    classic forum non conveniens analysis, that by agreeing to the

9    forum selection clause, it is binding and enforceable upon that

10   party except in extremely limited circumstances as set forth in

11   the Bremen test, which is briefed in our papers, which

12   certainly cannot be met here and, indeed, the defendants don't

13   even attempt to meet here.

14        Otherwise, the primary argument that defendants put

15   forward is an issue about what they call discrepancies in our

16   papers, and this is an issue that is in our papers and,

17   frankly, in theirs as well.  Guy Carpenter and Marsh &

18   McLennan, the plaintiffs here, were referred to as the

19   employers of the defendants.  Now, in fact, that is not

20   technically accurate.  The actual employer -- in the UK there

21   are actual contracts of employment.  In the UK here, the

22   contract of employment is between each of the defendants and

23   Marsh Services Ltd., which is a UK entity.  It is a servicing

24   corporation, in that it employs these individuals, and, in

25   fact, many other individuals, for purposes of providing

76BHCARC

1    services to other Marsh & McLennan companies, entities.  Here

2    the three defendants were employed by MSL in order to provide

3    services to Guy Carpenter.

4         So in our language we did refer to them as being

5    employed by the plaintiffs here.  In fact, as I said, the

6    defendants did the same thing in their memorandum of law,

7    referring in numerous places to the fact that they each remain

8    employed by Guy Carpenter, Guy Carpenter employed the

9    defendants, the defendants earned certain moneys from Guy

10   Carpenter, again and again.  In fact, the reference properly is

11   read as provided services to Guy Carpenter and/or Marsh &

12   McLennan rather than employed by.

13        Of course, we would be happy to amend the complaint if

14   the court believes it's appropriate to do so.  We don't think

15   it is necessary in that it really has no relevancy to the

16   matters that are before your Honor in this proceeding.

17        Those matters are that Marsh & McLennan has a

18   long-term incentive program by which certain agreements were

19   entered into with the defendants.  Promises were made to pay

20   certain compensation.  In exchange, certain representations and

21   covenants were entered into by the defendants, including

22   specifically those in issue here -- that they would cooperate

23   with inquiries made and that they would not solicit employees

24   of Marsh & McLennan and its affiliates and subsidiaries.  Those

25   are the matters that are before your Honor.

8

76BHCARC

1    There is nothing before your Honor about any dispute

2    with Marsh Services, Ltd.  There never has been.  There is

3    nothing before your Honor about the employment contracts

4    between Marsh Services, Ltd. and the defendants.  In fact,

5    these plaintiffs could bring no claim based upon those

6    contracts.  They would have no right or authority to do so.

7    In fact, we were here before your Honor on May 18th.

8    On May 17th, the defendants' UK solicitors sent a letter to the

9    plaintiffs' UK solicitors, in which they offered, and you have

10   seen reference to this, to make undertakings that they wouldn't

11   engage in bad behavior.  Undertakings were entirely inadequate.

12   Putting that to the side, those undertakings specifically refer

13   to Marsh Services, Ltd. as the employer.

14   This is the May 17, 2000 letter from Elborne Mitchell:

15   "I confirm my agreement to remain an employee of Marsh Services

16   Ltd."

17   So obviously the defendants were aware of this issue

18   when we were here before your Honor on May 18.  They didn't see

19   fit to raise it at that time because it really had no relevance

20   at that time, your Honor.

21   THE COURT:  I think they did raise it.  My

22   recollection, and it is in my law clerk's notes, is that they

23   argued they didn't know for sure, they hadn't had time to pin

24   down all the information, but they thought there was a good

25   chance that the actual employer was a UK entity, which is why I

76BHCARC

1  spent the time I did in the prior conference going through the

2  document on which the plaintiffs are suing to confirm that it

3  was an agreement between the plaintiffs and the defendants.

4  Therefore, this issue was raised before me, considered by me,

5  and I looked at the language of the document to confirm that I

6  should rule as I did in rejecting the arguments.  That is my

7  recollection, and our notes confirm it.

8       MR. HOLTZMAN:  And that reminds me.  Yes, your Honor.

9  I apologize.  You are, of course, correct about that.

10       So in fact, there is no basis for any of the relief

11  that the defendants are seeking today.  We would ask that your

12  Honor again order the defendants, again all three of them, to

13  comply with your Honor's discovery orders, to produce the

14  documents that were called for -- I should remind your Honor,

15  you set a deadline for them to assert objections which was May

16  21st.  They asserted no other objections other than the one

17  that had been asserted before your Honor on May 18 -- to order

18  them to produce the responsive documents, to order them to

19  produce substantive responses to the interrogatories, to order

20  them to proceed with the depositions on Wednesday, Thursday and

21  Friday of this week.

22       Thank you.

23       THE COURT:  Counsel.

24       MR. BARRY:  Yes, your Honor.  Thank you.

25       Your Honor, we represent, as I stated at the

10

76BHCARC

1    beginning, one of the three defendants in this case, Ron Whyte.

2    He is the only individual who has been served with the

3    complaint.

4         What we have, your Honor, there are a number of

5    different bases which we think justify the relief that we are

6    seeking here.  The most pressing of which I think is that we

7    now know, based on plaintiffs' submissions in the UK action,

8    that the factual underpinning of their entire application for

9    expedited discovery is a fiction.  Their entire submission in

10   support of their application for expedited discovery consisted

11   of 13 pages, in which there are at least 31 references to the

12   employment relationship between the parties, and they deemed it

13   extremely critical that the defendants were soliciting other

14   employees of Guy Carpenter and Marsh to leave the company.

15        As your Honor will recall, plaintiffs' counsel took

16   your Honor through the modus contract that was at issue and

17   spent a lot of time talking about a schedule 2D, which, as your

18   Honor might recall, had a definition of detrimental activity

19   and a reference in the final paragraph of schedule 2D to the

20   nonexclusive jurisdiction of the English courts.  Your Honor,

21   plaintiffs' submission in the UK courts says that that was a

22   mistake as well in what we submitted.  Schedule 2D is not

23   applicable, just sorry, another mistake.

24        Now, your Honor, the harm that plaintiffs' counsel

25   identified which necessitated expedited discovery was very

11

76BHCARC

1   clear, and they set it out twice in their moving papers and we

2   referenced it in our moving brief and also in a letter that was

3   hand delivered earlier today to your Honor. I will just read

4   them.

5        On page 3 of their brief, they said, and I quote, Guy

6   Carpenter is at risk of losing through unlawful means numerous

7   of its employees.

8        THE COURT: Excuse me one second.

9        MR. BARRY: Sure.

10       THE COURT: I'm sorry.

11       MR. BARRY: So, your Honor, they made references to

12  the risk of harm to the plaintiffs. If this order granting

13  expedited discovery is not granted, and they focused on Guy

14  Carpenter and Marsh, plaintiffs are going to lose numerous of

15  its employees. That is on page 3 of their moving brief.

16       Then on page 12 they emphasize, and I quote,

17  Accordingly, the risk to plaintiffs of not receiving the

18  requested expedited discovery cannot be understated. Each day

19  that plaintiffs are unable to confirm whether defendants'

20  nonsolicitation obligations are being met imposes increased

21  risk of unlawful losses of valuable employees.

22       Your Honor, that is an entire fiction. This has

23  nothing to do with the employees of the plaintiffs. There is

24  no harm being done to these plaintiffs that they have pointed

25  to or articulated that can justify the relief that they are

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

76BHCARC

1    seeking for expedited discovery.

2         It was those representations, your Honor, that you

3    relied on in making a determination that expedited discovery is

4    warranted.

5         Now, at the same time they also represented during

6    conferences that we had beforehand in your Honor's robing room

7    that they had no intention to bring any application in the UK.

8    Well, your Honor, that is likewise not accurate.  The three

9    defendants in this case did initiate proceedings in the UK.

10   There were several parts to that application.

11        Plaintiffs here did not just oppose that application,

12   your Honor.  They also sought their own affirmative relief.  In

13   fact, they are seeking the very same relief that is at issue

14   here.

15        THE COURT:  I think I just have to stop you there.  I

16   would move on to your next argument.

17        MR. BARRY:  OK.

18        THE COURT:  Their proceedings in Britain were in

19   response to what you began over there.  So I think that I would

20   just march right along to your next point.

21        MR. BARRY:  OK.  Well, your Honor, the fact here also

22   is that the three -- there is only one defendant here who has

23   been served, which was one of the issues that we had raised in

24   terms of the scope of your Honor's order that it pertained to

25   three defendants.  Obviously there has only been an appearance

13

76BHCARC

1    on behalf of one, not of the other two.

2        Your Honor, we think with the case law that we have

3    cited to, and in fact the fact that there are pending motions

4    to dismiss based on personal jurisdiction and forum non

5    conveniens, all of which will be fully briefed by the end of

6    the week, given the pendency of that motion and the fact that

7    there is no harm to the plaintiffs here, we think that the

8    appropriate course of action under the case law is to allow

9    those motions to be resolved first. Because if granted, they

10   could result in the dismissal of this entire case which would

11   obviously render everything in terms of the need for expedited

12   discovery to be moot.

13       Your Honor, as well, in their submission that they had

14   in the UK is that they indicated that they would use whatever

15   they are able to obtain by the discovery process in the U.S. to

16   initiate injunctive proceedings in the UK, which is part of

17   what we had been referencing in our initial papers where we

18   opposed the application for expedited discovery, that the

19   plaintiffs here were trying to use the U.S. jurisdiction in

20   discovery as really a tactic for another litigation. That is

21   something that is just not appropriate nor is it permitted

22   under the legal authority.

23       THE COURT: That might have been a very strong

24   argument, might have been an argument worth considering

25   carefully if you hadn't begun the proceedings in Britain. So

14

76BHCARC

1    the landscape changed.

2          I have no reason to believe based on how things have

3    played out that they weren't serious about litigating this case

4    in America on the merits, and continue to be so, and that they

5    might use the information in the litigation in England.  Now

6    that you have begun litigation there too, I think is entirely

7    appropriate, if that is permitted by the law.

8          So anything else you want me to consider?

9          MR. BARRY:  Your Honor, just to point out that

10   certainly they are entitled to oppose -- they are entitled to

11   whatever they want to do tactically in the U.S. or the UK, but

12   the fact is they didn't just oppose the application in the UK,

13   they also took affirmative steps to initiate proceedings of

14   their own.

15         THE COURT:  I think we understand each other on that

16   point.  So any other point you want to raise?

17         MR. BARRY:  Well, your Honor, I guess the other item

18   that I think was important to reference was that the plaintiffs

19   here have not corrected the pleadings in the application that

20   was filed so that your Honor could really truly assess the

21   current application for expedited discovery to determine if

22   there is a need of some type of harm to the plaintiffs, so that

23   you could assess the actual facts that are at issue as opposed

24   to the prior submissions that just weren't accurate.

25         Finally, your Honor, if your Honor is so inclined as

76BHCARC

1    to not grant the application to stay this proceeding or to

2    grant reconsideration, we would respectfully request that your

3    Honor certify the matter as appropriate for appeal.

4         THE COURT:  1292(b).

5         MR. BARRY:  Yes, your Honor.

6         THE COURT:  When did you bring that application?

7         MR. BARRY:  That was a part of our order to show

8    cause, your Honor, that we had submitted on June 6.

9         THE COURT:  And there hasn't been a briefing schedule

10   on that order to show cause yet, am I right?

11        MR. HOLTZMAN:  That is correct.

12        THE COURT:  Good.  So that is one of the things we

13   will do today, is set a briefing schedule for the June 6th

14   application.

15        So I will hear from the plaintiffs on the harm issue.

16        MR. HOLTZMAN:  Certainly, your Honor.  The harm is

17   precisely the same.  Marsh & McLennan Companies, the ultimate

18   parent company, the company which issued the agreements which

19   are before your Honor and which are at issue in this company,

20   always had the same particular interest and, in fact, it is

21   stated in the text of the agreement itself, which was to assure

22   additional incentive for individuals to remain with MMC or any

23   of its subsidiaries and affiliates.  That is the purpose of

24   this agreement, to ensure and that individuals providing

25   services to any of the MMC companies comply with these terms of

16

76BHCARC

1    these agreements.  Indeed, the harm is precisely what we stated

2    in the complaint and in our original motion papers.

3          For example, in one of the cites referenced by

4    Mr. Barry he says it was a reference to other employees of Guy

5    Carpenter.  In fact, if you just read that as others providing

6    services to Guy Carpenter, then one sees that the harm is

7    precisely the same harm, because Marsh & McLennan Companies and

8    Guy Carpenter have an interest in ensuring those providing

9    services to them comply with their various obligations, that

10   they cooperate as they agreed on do in these agreements, that

11   they not solicit in violation of these agreements employees and

12   others who are providing services to all of these various

13   entities, that they return the moneys that they were granted

14   under these agreements in accordance with the cancellation and

15   rescission clause.

16         If I may, your Honor, on the matter of the UK

17   proceedings and Mr. Barry's letter from today, I do want to

18   note for your Honor that the section that is cited to by the

19   defendants is all under a heading that says, if, contrary to

20   defendants -- that was us in the UK, primary case -- the court

21   accedes to the claimant's application for an anti-suit

22   injunction, and then goes on to say all sorts of things,

23   including those things that Mr. Barry maintained.

24         So those statements were made only in the context of

25   an anti-suit injunction being granted, which would be the only

76BEHCARC

1    litigation that was happening in the UK.  Of course, that
2    didn't happen.  That court found it inappropriate to issue an
3    anti-suit injunction.

4        THE COURT:  OK.  So let me deal with some of these
5    issues that have been laid before me.

6        Sadly, we didn't have a reporter for all of the
7    proceedings on May 18th, but only for the end of our session
8    together that day.  But I had a very extended meeting with
9    counsel and have my own fairly detailed notes about that
10   meeting, plus a markup of the contract that is at issue that
11   retains my original post-its and underlinings, plus my more
12   detailed notes from my law clerk of our working through these
13   issues.

14       I really haven't heard much new this afternoon.  I
15   don't feel there is any need to revisit the issues in terms of
16   changing the discovery schedule.

17       What had happened when we met on May 18th is that
18   counsel had an opportunity to meet and confer separately and to
19   revise the discovery requests through that meet-and-confer
20   process and to bring any unresolved disputes to my attention.
21   But in addition, understanding that defense counsel had just
22   recently come into the case, we set a schedule so that they
23   could, I think it was sort of over the weekend and because
24   clients were abroad and on a different time zone, have an
25   opportunity to consult with them and resolve potentially,

18

76BHCARC

1   through any further meet-and-confer process within the next few

2   days, any additional objections that they could identify.

3          So despite that opportunity, no additional objections

4   were identified to the scope of the discovery requests and

5   therefore they will be enforced as written, and the additional,

6   the sort of blanket objection made today is inadequate to

7   defend against the duty to produce documents on the schedule

8   that we set together on May 18th.  And the deposition or

9   depositions -- we will talk about this further -- will go

10  forward this week in London as we had agreed to on May 18th in

11  terms of place.  I know they have been pushed back a bit

12  because of the agreement of the parties and to some extent by

13  the few days of proceedings in Britain.

14         Whether or not the discovery should be taken at this

15  point of anyone other than Mr. Whyte is something we need to

16  talk about further.  Obviously until a defendant is served,

17  they can't properly have discovery proceedings brought against

18  them.  I understand that the defendants refuse to accept

19  service through counsel either in America or Britain, and while

20  they were plaintiffs in the British action have refused to

21  participate without more formal service in the American action,

22  and that is their right.

23         I think the plaintiffs have taken further steps to

24  serve, as I understand it, Mr. Samengo and Mr. Hopkins.  Am I

25  right?

76BHCARC

1    MR. HOLTZMAN: Yes, your Honor, you are quite correct.

2   As noted, Mr. Whyte was in fact served personally on May 12,

3   2007. With respect to Mr. Hopkins, we served Mr. Hopkins by

4   international certified mail, as permitted under Rule 4(f) of

5   the Federal Rules of Civil Procedure and the Hague Convention,

6   specifically Section 10(a) of the Hague Convention, at his last

7   known address. We have not yet received a return receipt of

8   service, but in fact it was served.

9        Substituted service was effected on Friday, June 8th,

10   by serving a person of appropriate age in his home, believed to

11   be Mr. Hopkins' spouse, with an extra copy of the papers sent

12   by mail. Again, all as permitted. So service has properly

13   been effected upon Mr. Hopkins.

14        With respect to Mr. Samengo-Turner, service upon

15   Mr. Samengo-Turner was similarly effected by international

16   certified mail at his last known address, the last address we

17   had on file. On June 7th, we again served by international

18   certified mail, at the address which was a different one than

19   Mr. Samengo-Turner had identified on his claim in the UK

20   proceedings, as being his current address. So that has been

21   sent as well.

22        In addition, Mr. Samengo-Turner should, in any event,

23   be estopped from denying service. When we first tried to reach

24   Mr. Samengo-Turner, and we have submitted an affidavit that

25   recounts this -- it is the affidavit of Charles Kolkwan, and I

76BHCARC

1   can give you that spelling afterwards -- regarding the attempts

2   to serve Mr. Samengo-Turner.

3           When first reached by telephone, which we found

4   because he wasn't at home and in fact had moved from the

5   residence we had understood to be his home, when reached by

6   telephone, Mr. Samengo-Turner offered that service should be

7   made upon his counsel.  He then left the country, and since

8   that time UK solicitors as well as U.S. counsel have indicated

9   that they "do not have instructions to accept service."

10          So although he denies service, as noted, he did take

11  affirmative action in the UK by seeking that anti-suit

12  injunction, which application, of course, was lost.

13          So we would say that in fact service has properly been

14  effected, that he is subject to the court's jurisdiction

15  therefore, and, accordingly, that the deposition should proceed

16  this week.  If your Honor finds that there is any problem with

17  service, we would ask that an alternative method of service be

18. permitted at this time.

19          THE COURT:  And what alternative method are you

20  proposing for Mr. Samengo?

21          MR. HOLTZMAN:  We know he is represented by UK

22  solicitors.  We believe he was represented by Proskauer,

23  although Mr. Barry may say differently.  We would ask if

24  Mr. Barry says that he represents Mr. Samengo-Turner that we be

25  permitted to serve the complaint and assorted other papers upon

21

76BHCARC

1  Proskauer, and if not, upon Elborne Mitchell, who have

2  acknowledged that they are his UK solicitors.

3       THE COURT:  OK.  It sounds to me like there has been

4  personal service on Mr. Hopkins.

5       MR. BARRY:  Your Honor, I think counsel stated that

6  they attempted to serve by certified mail and the certification

7  hasn't been submitted, which is what you would need to do.  I

8  am not familiar with this other reference that he has made to

9  leaving something at someone's -- at his alleged residence with

10  someone else.  I haven't seen anything that affirms as to how

11  that was done or if it would be effective service.  So I don't

12  think there has been enough of a submission for the court to

13  make an assessment on there being personal service on

14  Mr. Hopkins.

15       THE COURT:  Have you briefed the service issues with

16  respect to Hopkins and Samengo?

17       MR. HOLTZMAN:  We haven't, your Honor, because that

18  wasn't -- I'm sorry.  I believe we have, your Honor.

19       MR. BARRY:  Your Honor, there is one reference on the

20  Samengo-Turner, which is, essentially what counsel was reciting

21  was a conversation that the UK counsel for plaintiffs had with

22  Mr. Samengo-Turner, and, your Honor, that conversation, if

23  anything, is a violation of the rules of professional conduct

24  both here and in the UK because they knew that he was a

25  represented party by UK counsel.  So apart from that and

22.

76BHCARC

1    whatever that conversation is, it doesn't go to anything about

2    service being effective one way or the other.

3        MR. HOLTZMAN:  On the certified mail issue, certified

4    mail takes an inordinately long time to come back from the UK.

5    I confess I haven't seen any law yet on this issue, but I am

6    not sure that the return receipt is actually required in order

7    to have valid effected service.  In fact -- let me stop there.

8        MR. BARRY:  Your Honor, in footnote 1 --

9        THE COURT:  Excuse me just one second.

10       (Pause)

11       MR. BARRY:  Your Honor, I can streamline one thing,

12   actually.  In footnote 1 of counsel's papers, that were dated

13   June 8th, it says, efforts to personally served defendants

14   Samengo-Turner and Hopkins with the complaint were unsuccessful

15   due to the unavailability of such individuals.

16       So it appears that, at least based on counsel's

17   submission, that they haven't been personally served.

18       THE COURT:  OK.

19       MR. BERKE:  Your Honor, I will just say the actions

20   that Mr. Holtzman was talking about was after this letter.  We

21   understand with UK counsel there had been extraordinary efforts

22   to try to serve these individuals personally.  Certainly there

23   is evidence to suggest the taking of aggressive steps to evade

24   that service, but I believe the service that Mr. Holtzman

25   described happened subsequent to our letter.  So that is why

76BHCARC

1    Mr. Hopkins' situation has changed since the date of the

2    letter.

3          THE COURT:  OK.  Fine.  I think there are two layers

4    of issues with respect to Hopkins and Samengo.  One is whether

5    they have already effectively been served and, two, if they

6    have not, whether or not I will approve alternative service or

7    substituted service, such as service on their American and UK

8    law firms, and there are legal issues associated with that,

9    including standards for substitute service.

10          This is something I have written on very recently in

11    the context of an entirely different jurisdiction, not Britain,

12    but there is authority that could guide us all.

13          How long will it take for the plaintiffs to get me a

14    submission with respect to the loss according the proposition

15    that these two defendants have already been adequately served

16    or, conversely, that would support a request for alternative

17    service?

18          MR. HOLTZMAN:  We would do it by the end of business

19    tomorrow, your Honor.  If your Honor can rule, in order to try

20    to get a prompt -- so we can move forward with depositions.

21          THE COURT:  OK.  So that submission will be to me by

22    5:00 on the 12th, and I will take the responsive position from

23    the defendants by noon on the 13th.

24          Is counsel going to order a copy of this transcript?

25          MR. HOLTZMAN:  Absolutely.

24

76BHCARC

1      THE COURT: Assuming I would be in a position to rule

2  by sometime on the 13th or 14th, and assuming you served then

3  through alternative means on the 14th or 15th or that I held on

4  the 13th or 14th that you had already effectively made service,

5  I very much doubt I would require their depositions to be taken

6  on the 15th.  I think I would give them the weekend to consult

7  with counsel and prepare for their depositions, which could go

8  forward on Monday, the 18th.

9      MR. HOLTZMAN: Can we ask in that event that the

10 depositions occur here, your Honor.  It is solely because of

11 their delay and their various procedural games that we are here

12 on such a late date, literally 14 hours before I am supposed to

13 be on a plane to fly over there to take depositions, and it

14 causes us great complications scheduling-wise.

15     THE COURT: OK.  This is how I think I am going to

16 handle it.  I expect that based on what I know that they will

17 principally be defended by the British counsel on their

18 deposition.  Am I right?

19     MR. BARRY: Your Honor, I can't speak to Mr. Hopkins

20 or Mr. Samengo-Turner.

21     THE COURT: OK.  Is Mr. Whyte going to be defended

22 by -- I am trying to help you here.

23     MR. BARRY: I appreciate that, Judge.

24     THE COURT: Are you going to be defending Mr. Whyte's

25 deposition?

25

76BHCARC

1          MR. BARRY:  Your Honor, I have to consult with the

2    client to confirm exactly how that is going to work.  I am not

3    in a position to state if it would be myself or his UK counsel.

4          THE COURT:  The opinion I recently wrote on these

5    issues was on May 24th in RSM -- I'm sorry.  I don't have a

6    Westlaw cite.  I am sure it is available on Westlaw.  *RSM v.*

7    *Fridmam*, and the docket No. is 06 Civ. 11512.

8

9          MR. HOLTZMAN:  Your Honor, if I may.

10         THE COURT:  I am not quite sure what position you are

11   taking, Mr. Barry, here, because I am trying to lean over

12   backwards to help the defendants.  But if there is any chance

13   that these depositions are going to be defended by Proskauer,

14   we are in a different situation.

15         I had understood from our prior conference that these

16   defendants were British residents who were vacationing, at

17   least one or more of them, out of the country for a period of

18   time and that they would be principally represented and

19   defended by British counsel.  Am I wrong about that?

20         MR. BARRY:  Well, your Honor, to the extent that there

21   is an action here in the U.S. that Mr. Whyte needs defense on,

22   we are U.S. counsel to address that.  Now, there are separate

23   proceedings and separate issues in the UK.  Mr. Whyte has his

24   own UK counsel to address those issues.

25         THE COURT:  OK.  This is how I am inclined to handle

76BHCARC

1    it.  With respect to the other two depositions, on the

2    assumption that they go forward Monday or Monday and Tuesday of

3    next week, assuming I find service has been made or is made in

4    time, if those depositions go forward in London requiring a

5    return trip by plaintiffs counsel to London, I will require the

6    defendants to pay the transportation and reasonable

7    accommodation expenses, but not attorney time associated with

8    the travel.  But I assume if the clients are being defended by

9    Proskauer counsel that it would be more efficient and

10    appropriate for one and all for the depositions to take place

11    here in New York and, therefore, no cost shifting need be done.

12    I don't want to make a final ruling until we know more about

13    who is representing whom in connection with these depositions.

14         OK.  So I think that leaves one thing, and that is

15    setting a schedule for the 1292(b) motion, which I take it was

16    served last Wednesday, the 6th.

17         How long to oppose?

18         MR. HOLTZMAN:  Could we have two weeks on that, your

19    Honor?

20         THE COURT:  That would be the 20th.  One week for

21    opposition would be the 27th.

22         MR. BARRY:  Your Honor, is there any way we can move

23    up that schedule?  Because obviously that type of a schedule

24    would render the appeal moot.  Given the way that your Honor

25    has set up a schedule, the appeal would happen after the relief

76BHCARC

1    that has been sought has been given.

2        THE COURT:  One of the problems with what you are

3    asking is I don't even have a fully submitted motion on the

4    first motion you brought, where we set the motion schedule

5    really to accommodate your request in terms of the schedule

6    that was set.  So I don't know what controlling issue of law

7    would justify a 1292(b) application or why granting this

8    application would assist in fulfilling the other requirements

9    for certification.

10        Do you want to briefly speak to that?

11        MR. BARRY:  Well, your Honor, thank you for that

12    opportunity.  A couple of the issues that will be played out

13    will depend on the briefing that is going to happen over the

14    next few days in terms of whether expedited discovery --

15    whether there has first been service in terms of having an

16    order requiring expedited discovery on two individuals who

17    haven't been served.  So obviously by addressing that over the

18    next few days that will be part of the process that would be

19    addressed.  But at the same time we would submit that given the

20    other issues here in terms of the lack of harm to the

21    plaintiffs and the pending motions to dismiss on jurisdiction

22    and forum non conveniens, in light of all the contacts in the

23    UK, there are issues that would be appropriate to be certified

24    for appeal.

25        THE COURT:  OK.  Your application is denied, but of

76BHCARC

1    course I will let the briefing proceed on the schedule we have

2    set here and consider the application fully when it is fully

3    briefed.

4         This is fundamentally a contract action between the

5    plaintiffs, one of the plaintiffs and the defendants, with a

6    clause in which the defendants irrevocably submit to the

7    exclusive jurisdiction and venue of any state or federal court

8    located in the county of New York and waive, to the extent

9    permitted by law, any objection to personal jurisdiction.  It

10   would be difficult to circumvent that plain language of the

11   contract in these circumstances.

12        OK.  Good.  Anything else we need to address?

13        MR. HOLTZMAN:  Two, perhaps three things, your Honor.

14   It may be, your Honor, that I might request that those

15   depositions of Mr. Samengo-Turner and Hopkins occur in London

16   next week, if they are to be in London, on Wednesday and

17   Thursday instead of Monday and Tuesday, if your Honor would be

18   amenable to that.

19        THE COURT:  Any objection by defense counsel?

20        MR. BARRY:  Your Honor, unfortunately I can't really

21   speak to -- in terms of my own schedule --

22        THE COURT:  Without waiving any of the other

23   objections, legal and procedural or whatever that you might

24   have, but just assuming that you lose, lose, lose on all those

25   other objections, any objection to having the depositions

76BHCARC

1  proceed on the 20th and 21st instead of the 18th and 19th?

2      MR. BARRY:  Your Honor, without -- obviously those two

3  individuals we don't represent in this action.  I haven't

4  conferred with them to even discuss that scheduling.

5      THE COURT:  Fine.

6      MR. BARRY:  Unfortunately, I wish I could respond to

7  your Honor, but I am just not in a position to do so.

8      THE COURT:  Fine.  So they will go forward on the 20th

9  and 21st, if the personal jurisdiction issues are resolved in

10  favor of them proceeding.

11      MR. HOLTZMAN:  Next, your Honor, with respect to

12  Mr. Whyte's documents and substantive responses to

13  interrogatories.

14      THE COURT:  Yes.

15      MR. HOLTZMAN:  I am not sure when we should expect

16  them at this point.

17      THE COURT:  Mr. Barry, do you have the documents with

18  you?

19      MR. BARRY:  No, I do not, your Honor.

20      THE COURT:  They will be produced this evening no

21  later than 9 p.m. on plaintiffs' counsel.

22      MR. HOLTZMAN:  Lastly, your Honor, so Mr. Whyte's

23  deposition will proceed on this Thursday, which is the 14th.

24  That was the date scheduled for Mr. Whyte's deposition.  I have

25  a concern, so I would like to raise it with your Honor so all

30

76BHCARC

1   the parties understand.

2          I have a concern, and I hope it is unfounded, that

3   during the deposition objections might be made and the witness

4   might be directed to answer questions or refuse to answer

5   questions because he thinks it is irrelevant or outside the

6   scope or something or some such thing.  Particularly given the

7   timing, I would hope for a direction from your Honor, advice

8   from your Honor that the rules should be complied with in terms

9   of objections, and directions not to answer should be made only

10  for matters of privilege.

11         THE COURT:  There are no speaking objections.  You can

12  state the word "objection" and say "form" or one other word

13  clarifying the basis for the objection.  No instructions not to

14  answer except on the ground of privilege.  No unscheduled

15  breaks.

16         Anything else?

17         MR. HOLTZMAN:  I think that does it.  Thank you, your

18  Honor.

19         THE COURT:  Good luck, counsel.

20         Remember, two courtesy copies hand delivered to the

21  court of your submissions.

22         Thank you.

23         (Adjourned)

24

25