# EXHIBIT
# 19

**KRAMER LEVIN NAFTALIS & FRANKEL LLP**

ROBERT N. HOLTZMAN
PARTNER
PHONE 212-715-9513
FAX 212-715-8035
RHOLTZMAN@KRAMERLEVIN.COM

June 12, 2007

BY HAND

The Honorable Denise Cote
United States District Judge
The Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1040
New York, New York 10007-1312

Re:    Guy Carpenter & Company, LLC et ano v. Julian
       Samengo-Turner et al., 07 Civ. 3580 (DC) (KNF)

Dear Judge Cote:

We write to seek Your Honor's assistance in connection with defendant Ron Whyte's continuing violation of this Court's orders.

During yesterday's conference before the Court, Your Honor ordered that Whyte produce documents responsive to plaintiffs' discovery requests and substantive interrogatory answers no later than 9:00 p.m. last night. Notably, Whyte's counsel did not indicate to Your Honor any anticipated difficulties in complying with the Court's order. Nonetheless, Whyte failed to comply with the order. Instead, by email received at 8:52 p.m, Mr. Barry stated "At this time, our client has not provided us with any documents and, accordingly, we have no documents to produce." (*See* Email from John P. Barry, June 11, 2007, attached as Exhibit A). Despite our request for an update regarding their efforts to comply with the Court's order, at the time of writing (3:00 p.m. New York time on June 12; 8:00 p.m. London time), we have had no further response from Mr. Barry. (*See* Email from Robert N. Holtzman, June 12, 2007, attached as Exhibit B).

We respectfully submit that Whyte's outrageous conduct should not be countenanced. He was first ordered to produce the required discovery by Your Honor on May 18, with production to occur on June 1. Although that date was deferred to June 6 because of the commencement by defendants of UK proceedings, he failed to produce discovery following the High Court's denial of defendants' application for an anti-suit injunction, and indeed apparently had no intention to produce such information. (*See* Email from John P. Barry, June 6, 2007, attached as Exhibit C). Moreover, it is now evident that Whyte's US counsel has taken no action to collect the required discovery materials – this even though all of the required documents were required to be collected by Whyte and deposited with his UK solicitors in connection with the

**KRAMER LEVIN NAFTALIS & FRANKEL** LLP

The Honorable Denise Cote
June 12, 2007
Page 2

consent order entered on May 31, 2007 in connection with the UK proceedings (*See* Consent Order, attached as Exhibit D, at 3) and notwithstanding that the deadline for compliance with the Court's May 18 order has come and gone.

Worse yet, counsel suggests that Whyte might fail to appear for his deposition on Thursday:

> I, as a matter of courtesy, wanted to let you know that we have likewise been unable to confirm that Mr. Whyte will appear for deposition on Thursday and we would not want you to bear the expense and inconvenience of traveling to the U.K. under these circumstances.

(*See* Exhibit A). Of course, a failure to appear would be in contempt of this Court's orders. We have requested that Mr. Barry confirm definitively that Mr. Whyte will not appear as ordered, if that is the case -- in which event we will seek immediate relief -- but that failing such confirmation I would commence my travel to London on the assumption that he will not continue to violate the Court's orders.[1]

We respectfully request that the Court intercede in order to address Whyte's failures to comply with this Court's orders and ensure future compliance with such orders, and request a conference with the Court to address these issues and the filing by plaintiffs of a motion seeking appropriate sanctions.

Respectfully submitted,

Robert N. Holtzman

Enclosures

cc:    John P. Barry, Esq. (by email and FedEx, w/ encls)
       Barry H. Berke, Esq. (w/ encls.)
       Steven M. Knecht, Esq. (w/ encls.)

---

[1]    Because the deposition of defendant Hopkins will not be proceeding tomorrow and Whyte is to be deposed on Thursday, I deferred until tomorrow my departure for London.

# EXHIBIT
# A

Guy Carpenter, LLC et ano v. Samengo-Turner et al.                    Page 1 of 1

## Holtzman, Robert N.

| | |
|---|---|
| **From:** | Barry, John P. [jbarry@proskauer.com] |
| **Sent:** | Monday, June 11, 2007 8:52 PM |
| **To:** | Holtzman, Robert N.; Berke, Barry H.; Knecht, Steven M. |
| **Cc:** | Saloman, Mark A. |
| **Subject:** | Guy Carpenter, LLC et ano v. Samengo-Turner et al. |

Robert:

This will acknowledge the Court's order on the record this evening which required that defendant Whyte produce documents by 9:00 p.m. this evening and appear for a deposition in the U.K. on Thursday. At this time, our client has not provided us with any documents and, accordingly, we have no documents to produce. We have left messages with our client concerning the Court's order and deadlines (there is a 5 hour time difference) and will advise you further once we have been able to confer with Mr. Whyte.

Given your representation that you planned to board a plane tomorrow morning at 8:00 a.m. to travel to the U.K. for a deposition of Mr. Whyte on Thursday, I, as a matter of courtesy, wanted to let you know that we have likewise been unable to confirm that Mr. Whyte will appear for deposition on Thursday and we would not want you to bear the expense and inconvenience of traveling to the U.K. under these circumstances.

John P. Barry | PROSKAUER ROSE LLP
Partner
One Newark Center | 18th Floor | Newark, NJ 07102-5211
v: 973.274.6081 | F: 973.274.3299
jbarry@proskauer.com | www.proskauer.com

*******************************************************
To ensure compliance with requirements imposed by U.S.
Treasury Regulations, Proskauer Rose LLP informs you that
any U.S. tax advice contained in this communication
(including any attachments) was not intended or written to
be used, and cannot be used, for the purpose of (i)
avoiding penalties under the Internal Revenue Code or (ii)
promoting, marketing or recommending to another party any
transaction or matter addressed herein.

*******************************************************
This message and its attachments are sent from a law firm
and may contain information that is confidential and
protected by privilege from disclosure. If you are not the
intended recipient, you are prohibited from printing,
copying, forwarding or saving them. Please delete the
message and attachments without printing, copying,
forwarding or saving them, and notify the sender
immediately.

=========================================================

6/12/2007

# EXHIBIT
# B

Message

## Holtzman, Robert N.

| | |
|---|---|
| **From:** | Holtzman, Robert N. |
| **Sent:** | Tuesday, June 12, 2007 9:27 AM |
| **To:** | 'Barry, John P.' |
| **Cc:** | 'Saloman, Mark A.'; Berke, Barry H.; Knecht, Steven M.; Fleisher, Aaron S. |
| **Subject:** | RE: Guy Carpenter, LLC et ano v. Samengo-Turner et al. |

John:

We were more than surprised not to receive the documents and substantive interrogatory responses last night in accordance with Judge Cote's order. You certainly did not indicate during the conference with the Court that there would be any difficulty complying with the Court-ordered deadline. Moreover, it now appears that you have made no efforts to prepare for compliance with the Court's May 18 discovery orders, notwithstanding that the discovery responses were originally due to be served on June 1.

It is now more than twelve hours since that deadline passed, and after 2:00 pm in the United Kingdom, and yet we have not heard from you again. Please advise immediately as to your efforts to comply with the Court's order. I note in this regard that Mr. Whyte already was to have delivered most or all of such documents to his UK solicitors in connection with the UK proceedings, in accordance with his undertaking in the UK proceeding.

With respect to the deposition of Mr. Whyte, your ambiguous communication is entirely unhelpful. Unless you state before 5:00 pm today that Mr. Whyte definitively will not be appearing on Thursday, I will be traveling to London on the assumption that Mr. Whyte will appear. In either event, if he fails to attend the deposition, we will seek all appropriate relief from the Court for violations of Judge Cote's orders.

Nothing in this communication should be construed as a waiver of any argument or remedies plaintiffs may seek in connection with any and all violations of Judge Cote's orders, all of which are specifically reserved.

Robert

-----Original Message-----
**From:** Barry, John P. [mailto:jbarry@proskauer.com]
**Sent:** Monday, June 11, 2007 8:52 PM
**To:** Holtzman, Robert N.; Berke, Barry H.; Knecht, Steven M.
**Cc:** Saloman, Mark A.
**Subject:** Guy Carpenter, LLC et ano v. Samengo-Turner et al.

Robert:

This will acknowledge the Court's order on the record this evening which required that defendant Whyte produce documents by 9:00 p.m. this evening and appear for a deposition in the U.K. on Thursday. At this time, our client has not provided us with any documents and, accordingly, we have no documents to produce. We have left messages with our client concerning the Court's order and deadlines (there is a 5 hour time difference) and will advise you further once we have been able to confer with Mr. Whyte.

Given your representation that you planned to board a plane tomorrow morning at 8:00 a.m. to travel to the U.K. for a deposition of Mr. Whyte on Thursday, I, as a matter of courtesy, wanted to let you know that we have likewise been unable to confirm that Mr. Whyte will appear for deposition on Thursday and we would not want you to bear the expense and inconvenience of traveling to the U.K. under these circumstances.

John P. Barry | PROSKAUER ROSE LLP
Partner
One Newark Center | 18th Floor | Newark, NJ 07102-5211

v: 973.274.6081 | F: 973.274.3299
jbarry@proskauer.com | www.proskauer.com

*********************************************************
To ensure compliance with requirements imposed by U.S.
Treasury Regulations, Proskauer Rose LLP informs you that
any U.S. tax advice contained in this communication
(including any attachments) was not intended or written to
be used, and cannot be used, for the purpose of (i)
avoiding penalties under the Internal Revenue Code or (ii)
promoting, marketing or recommending to another party any
transaction or matter addressed herein.

*********************************************************
This message and its attachments are sent from a law firm
and may contain information that is confidential and
protected by privilege from disclosure. If you are not the
intended recipient, you are prohibited from printing,
copying, forwarding or saving them. Please delete the
message and attachments without printing, copying,
forwarding or saving them, and notify the sender
immediately.

=========================================================================

# EXHIBIT
# C

Guy Carpenter and Marsh & McLennan Companies v. Julian Samengo-Turner, et al.   Page 1 of 2

## Holtzman, Robert N.

**From:** Barry, John P. [jbarry@proskauer.com]
**Sent:** Wednesday, June 06, 2007 5:08 PM
**To:** Knecht, Steven M.
**Cc:** Saloman, Mark A.; Berke, Barry H.; Holtzman, Robert N.; Fleisher, Aaron S.
**Subject:** RE: Guy Carpenter and Marsh & McLennan Companies v. Julian Samengo-Turner, et al.

Steven - our client, Ron Whyte, will not be producing documents pending the motion to stay and/or for reconsideration and/or to certify for appeal the order granting expedited discovery. If the papers haven't reached you yet (they were simultaneously hand-delivered to the Court), then they should be reaching you shortly.

John

John P. Barry | PROSKAUER ROSE LLP
Partner
One Newark Center | 18th Floor | Newark, NJ 07102-5211
V: 973.274.6081 | F: 973.274.3299
jbarry@proskauer.com | www.proskauer.com

**From:** Knecht, Steven M. [mailto:SKnecht@KRAMERLEVIN.com]
**Sent:** Wednesday, June 06, 2007 2:32 PM
**To:** Barry, John P.
**Cc:** Saloman, Mark A.; Berke, Barry H.; Holtzman, Robert N.; Fleisher, Aaron S.
**Subject:** Guy Carpenter and Marsh & McLennan Companies v. Julian Samengo-Turner, et al.

Dear John:

I write to follow up on my voicemail. We understand that your clients' request for an anti-suit injunction was rejected today by the UK court. Please let us know immediately when we will be receiving your clients' document production.

       Very truly yours,

       Steven Knecht

Steven M. Knecht

Special Counsel
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, New York 10036
Tel: 212-715-9427
Fax: 212-715-8041
Email: SKnecht@KRAMERLEVIN.com
http://www.kramerlevin.com

6/11/2007

Guy Carpenter and Marsh & McLennan Companies v. Julian Samengo-Turner, et al.    Page 2 of 2

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that tax advice contained in this communication (including, unless otherwise provided, any attachments) was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any matter{s} addressed herein.

This communication (including any attachments) is intended solely for the recipient(s) named above and may contain information that is confidential, privileged or legally protected. Any unauthorized use or dissemination of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by return e-mail message and delete all copies of the original communication. Thank you for your cooperation.

****************************************************************
To ensure compliance with requirements imposed by U.S.
Treasury Regulations, Proskauer Rose LLP informs you that
any U.S. tax advice contained in this communication
(including any attachments) was not intended or written to
be used, and cannot be used, for the purpose of (i)
avoiding penalties under the Internal Revenue Code or (ii)
promoting, marketing or recommending to another party any
transaction or matter addressed herein.

****************************************************************
This message and its attachments are sent from a law firm
and may contain information that is confidential and
protected by privilege from disclosure. If you are not the
intended recipient, you are prohibited from printing,
copying, forwarding or saving them. Please delete the
message and attachments without printing, copying,
forwarding or saving them, and notify the sender
immediately.

================================================================

6/11/2007

# EXHIBIT
# D

MAY 31 2007 12:40 FR PROSKAUER ROSE LLP                TO #020912127158000 P.03/08

Claim No. 2007 Folio 945

**IN THE HIGH COURT OF JUSTICE**

**QUEEN'S BENCH DIVISION**

**COMMERCIAL COURT**

**MR JUSTICE UNDERHILL**

**31 MAY 2007**

B E T W E E N :

(1) JULIAN SAMENGO-TURNER

(2) RONALD DENNIS WHYTE

(3) MARCUS HOPKINS

Claimants

-and-

(1) MARSH SERVICES LIMITED

(Formerly MARSH CORPORATE SERVICES LIMITED

and prior to that J&H MARSH & MCLENNAN (SERVICES) LIMITED)

(2) GUY CARPENTER & COMPANY LCC

(3) MARSH & MCLENNAN COMPANIES INC

Defendants

---

[DRAFT] CONSENT ORDER

---

UPON HEARING counsel for the Claimants and counsel for the Defendants

AND UPON the Defendants by their Counsel undertaking that until ~~trial or further~~ ~~order~~ they will not, whether by themselves, their servants or agents or otherwise howsoever continue, prosecute or otherwise take any steps in the action commenced by the Second and Third Defendants in United States District Court Southern District of New York (Index number 07 Civ 3580) ("the US Proceedings"),

4.30pm on 6th June 2007 or

N.U.

Further order

including for the avoidance of doubt that they will not take any steps to seek enforcement of and/or compliance with the order of 18 May 2007 made in the US Proceedings;

AND UPON the First and Second Claimants undertaking by their Counsel that, by 4-30pm on Wednesday 6 June 2007, they will lodge with their solicitors, Messrs. Elborne Mitchell, the documents or true copies of the documents listed in the Schedule annexed hereto which are within their control (the word "control" having the meaning given to it in the CPR Rule 31.8) and for which they have made a reasonable search (the expression "reasonable search" having the meaning given to it in CPR Rule 37.7);

AND UPON Messrs. Elborne Mitchell undertaking to use their best endeavours to procure an undertaking from the Third Claimant in like terms to that provided by the First and Second Claimants by 4-30pm on Monday 4 June 2007;

BY CONSENT IT IS ORDERED THAT:

1.  The Claimants application for an interim anti-suit injunction made by an Application Notice dated 29 May 2007 be adjourned ~~generally with permission to apply~~ to the date fixed at 6.  N.U.

2.  There be an expedited trial of this action.

3.  The Defendants do file acknowledgement of service and such evidence as in respect to the application they propose to rely on ~~at the trial of the action herein~~ by ~~4~~-30pm on Friday 1 June 2007.  N.U.

4.  The Defendants do serve their skeleton argument in response to the Claimants' skeleton argument served on 29 May 2007 by 4-30pm on Monday 4 June 2007.  N.U.

including for the avoidance of doubt that they will not take any steps to seek enforcement of and/or compliance with the order of 18 May 2007 made in the US Proceedings;

AND UPON the First and Second Claimants undertaking by their Counsel that, by 4-30pm on Wednesday 6 June 2007, they will lodge with their solicitors, Messrs. Elborne Mitchell, the documents or true copies of the documents listed in the Schedule annexed hereto which are within their control (the word "control" having the meaning given to it in the CPR Rule 31.8) and for which they have made a reasonable search (the expression "reasonable search" having the meaning given to it in CPR Rule 37.7);

AND UPON Messrs. Elborne Mitchell undertaking to use their best endeavours to procure an undertaking from the Third Claimant in like terms to that provided by the First and Second Claimants by 4-30pm on Monday 4 June 2007;

BY CONSENT IT IS ORDERED THAT:

1.    The Claimants application for an interim anti-suit injunction made by an Application Notice dated 29 May 2007 be adjourned ~~generally with permission to apply~~ to the date fixed at 6.    N.U.

2.    There be an expedited trial of this action.

3.    The Defendants do file acknowledgement of service and such evidence as in respect of the application they propose to rely on ~~at the trial of the action herein~~ by 4-30pm on Friday 1 June 2007.    N.U.

4.    The Defendants do serve their skeleton argument in response to the Claimants' skeleton argument served on 29 May 2007 by 4-30pm on Monday 4 June 2007.    N.U.

5.  The Claimants do file their evidence in reply to the Claimants' evidence by 4 N.U.
    30pm on Tuesday 5 June 2007. N·U·

6.  The application be heard on
    The trial of the action be fixed for the first open dates after 6 June 2007 time        N·U.
    estimate 2 days, to be heard not later than [        ]

7.  The Defendants, if so advised, do issue and serve such application as they
    propose to make at the trial of this action or such originating process as they
    propose to commence for disclosure and provision of information by 4-30pm
    on Friday 1 June 2007. The time table for the service of evidence for such
    application or originating process is the same as for the evidence for the trial
    of the action herein. The Defendants' skeleton argument in support of such
    application or originating process to be served with the application. Such
    application or originating process be listed to be heard with the trial of this
    action, to be heard if time permits.

8.  Costs reserved to the Judge hearing the trial of the action.                          N·U·

Dated this 31st day of May 2007

Claire Blanchard                              Andrew Lenon QC
Counsel for the Claimants                     Counsel for the Defendants

## DOCUMENTS REQUESTED

1.     All documents concerning defendants' hiring by Integro, including but not limited to each defendant's offer letter from Integro or employment contract with Integro reflecting defendant's job titles, duties and responsibilities at Integro, and/or defendant's compensation from Integro (including without limitation salary, bonus, stock and other non-cash compensation.); notes, correspondence (electronic or otherwise), and other documentation reflecting defendants' discussions and negotiations with Integro; and any drafts of the foregoing.

2.     All documents concerning each defendants' resignation from Guy Carpenter, including but not limited to communications between (a) each defendant and (b) Integro or any person relating to the reasons for defendants' departure from Guy Carpenter.

3.     All documents concerning Integro's recruitment or solicitation of defendants, including but not limited to communications between each defendant and Integro and communications among defendants.

4.     All documents concerning in-person meetings or interviews (whether formal or informal) between each defendant and Integro.

5.     All documents concerning communications between each defendant and any client of Guy Carpenter concerning (a) defendants' resignations from Guy Carpenter or hiring by Integro or (b) the possibility of any client using Integro for its facultative brokerage business.

6.     All documents concerning communications between each defendant and current or former Guy Carpenter or MMC employees concerning Integro.

- 4 -

7. All documents concerning in-person meetings or interviews (whether formal or informal) relating to potential employment (of anyone) with Integro between each defendant and current or former Guy Carpenter or MMC employees.

8. All documents concerning in-person meetings or interviews (whether formal or informal) between Integro and current or former Guy Carpenter or MMC employees relating to potential employment with Integro.

9. All documents concerning defendant Samengo-Turner's conversation with Mark Newman of Guy Carpenter, on or about April 3, 2007, concerning Integro.

10. All documents concerning communications among defendants concerning the recruitment or potential hiring by Integro of current or former Guy Carpenter or MMC employees.

11. All documents concerning communications between each defendant and Integro regarding the recruitment or potential hiring by Integro of current or former Guy Carpenter or MMC employees.

12. All documents concerning communications between each defendant and Integro about Guy Carpenter's facultative reinsurance group.

13. All documents concerning work done by defendants for Integro to date or plans for work to be done for Integro during defendants' Guy Carpenter notice period.

14. All documents concerning the business of plaintiffs, including without limitation all documents containing confidential information or concerning employees of

- 5 -

MAY 31 2007 12:44 FR PROSKAUER ROSE LLP                    TO #020912127158000 P.08/08

plaintiffs that are currently in their possession or control or were in their possession or control at

any time after April 3, 2007.

      15.    All documents concerning communications by defendant(s) to Integro of

any confidential documents or information of or relating to Guy Carpenter or MMC or any of

their clients.

Dated: New York, New York
      May ___, 2007

                                        KRAMER LEVIN NAFTALIS & FRANKEL LLP

                                        By:_____
                                              Barry H. Berke (BB-1421)
                                              Robert N. Holtzman (RH-9525)
                                                  Rachel M. Manne (RM-7151)
                                      1177 Avenue of the Americas
                                      New York, New York 10036
                                      (212) 715-9100

                                      Attorneys for Plaintiffs

To:    John Barry, Esq.
        Proskauer Rose LLP
        One Newark Center
        Newark, NJ 07071-5211
        973-274-6081

        Attorneys for Defendants

- 6 -

                                                           ** TOTAL PAGE.08 **

# EXHIBIT
# 20

1

76CMCARC

1  UNITED STATES DISTRICT COURT
   SOUTHERN DISTRICT OF NEW YORK
2  ------------------------------x

3  GUY CARPENTER & COMPANY, LLC;
   and MARSH & McLENNAN
4  COMPANIES, INC.,

5           Plaintiffs,

6           v.                          07 Civ. 3580 (DLC)

7  JULIAN SAMENGO-TURNER; RON
   WHYTE and MARCUS HOPKINS,
8
           Defendants.
9
   ------------------------------x
                                      New York, N.Y.
10                                    June 12, 2007
                                      5:20 p.m.
11

12 Before:

13                HON. DENISE COTE,

14                              District Judge

15           APPEARANCES (by telephone)

16 KRAMER LEVIN NAFTALIS & FRANKEL
        Attorneys for Plaintiffs
17 BY:  ROBERT HOLTZMAN

18 PROSKAUER ROSE
        Attorneys for Defendants
19 BY:  JOHN BARRY
        MARK SALOMAN
20

21

22

23

24

25

2

76CMCARC

1          (In chambers)

2          THE COURT:  Good afternoon, counsel.

3          MR. HOLTZMAN:  Good afternoon, your Honor.

4          THE COURT:  We have a court reporter with us, so we'll

5     take appearances for the plaintiffs.

6          MR. HOLTZMAN:  Robert Holtzman of Kramer Levin

7     Naftalis.

8          MR. BARRY:  For Ron White, defendant White, John Barry

9     and Mark Saloman of Proskauer Rose.

10          THE COURT:  I have a letter of June 12 from

11     plaintiff's counsel indicating that defense counsel failed to

12     comply with my order of last night to produce documents by 9

13     p.m.

14          Mr. Barry.

15          MR. BARRY:  Your Honor, we didn't have any documents

16     in our possession at that time because they were all in the UK

17     with UK counsel at the direction of the agreements that were

18     entered into in the UK action.  However, we have taken steps to

19     get those documents as soon as possible and to submit answers

20     to interrogatories.  We are drafting everything now and hoping

21     to get it out and be able to get it to Mr. Holtzman tomorrow.

22     I'm actually going to be leaving the office shortly to catch a

23     plane to fly to the UK.  It's our understanding that the

24     deposition will happen then.  We certainly on behalf of

25     Mr. White regret that he wasn't able to comply with the 9:00

3

76CMCARC

1    deadline, but he is acting and making efforts to comply as

2    quickly and as expediently as possible.

3    　　　　THE COURT:  Mr. Barry, you did not indicate any

4    problem with meeting the deadline last night.

5    　　　　MR. BARRY:  Yes.  Your Honor, as soon as we got out of

6    the conference I immediately took steps to contact my client,

7    and ultimately we weren't able to communicate and to get

8    anything.  It was certainly our intention to do that.  But

9    unfortunately, we weren't able to get it done by 9:00.  As I

10   said, hopefully, by tomorrow that will all be taken care of.

11   　　　　THE COURT:  Mr. Barry, that is not a professionally

12   acceptable way to proceed.  If you have an order from the Court

13   and you cannot comply with it for reasons that were unforeseen

14   at the time, it is your obligation to make a timely application

15   to me explaining the change in circumstances and asking for an

16   adjustment of the schedule.  Do you understand that?

17   　　　　MR. BARRY:  I can certainly -- yes, your Honor.  I can

18   appreciate those instructions and I can understand your Honor's

19   statements, absolutely.

20   　　　　THE COURT:  You don't just ignore a court order.

21   　　　　MR. BARRY:  No, certainly not, your Honor.

22   　　　　THE COURT:  Which is what makes what your actions here

23   appear to have done.

24   　　　　MR. BARRY:  Well, your Honor, as I said, certainly we

25   didn't get the documents produced by 9:00, but we have been

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

4

76CMCARC

1    working diligently to get everything and put together for

2    Mr. Holtzman as quickly as possible.  It's been 'round the

3    clock trying to do it.  So we are trying to comply with

4    producing everything, your Honor.

5         THE COURT:  Mr. Holtzman.

6         MR. HOLTZMAN:  Your Honor, this puts us in a difficult

7    position.  We do want to and intend to proceed with the

8    deposition if indeed Mr. White is now going to appear on

9    Thursday, but obviously we have been hampered by the

10   defendant's continuing failure to produce the documents and

11   requested information through interrogatories in a timely

12   fashion.  This is yet another occurrence of a violation of your

13   Honor's orders without, to my mind, any justifiable explanation

14   of that.

15        I don't understand why -- it's hopefully tomorrow.  To

16   my understanding, and I'm sure Mr. Barry will correct me if I'm

17   wrong, Mr. White was to have collected all of these documents

18   and filed them or deposited them with his UK solicitors some

19   time ago.  It should have been easily collected and

20   transmitted.  I my myself am getting on a plane at 8:30 in the

21   morning and will be flying through the day tomorrow.  Getting

22   those documents tomorrow unfortunately will be of limited use

23   to me.  I would ask, again, that an order be in place that they

24   produce those documents more expeditiously.

25        I'd like the Court also to anticipate that it may be

5

76CMCARC

1    that I cannot complete the deposition in a timely fashion on

2    Thursday as a result of the late production of documents and

3    may need to depose Mr. White again and there should be an

4    appropriate adjustment of expenses if indeed that occurs.  But

5    more so, your Honor, it certainly appears to the plaintiffs

6    that there is a complete lack of respect by the defendants

7    generally and certainly Mr. White in these circumstances

8    regarding the orders that have been put in place by this Court.

9              THE COURT:  Mr. Barry, how are you planning to get the

10   documents to Mr. Holtzman and when?

11             MR. BARRY:  Your Honor, it would be our hope to get it

12   to him first thing in the morning, as soon as they are -- as

13   soon as we possibly can.  If I had documents in my possession

14   right now I would send them over to him, but I do not.  As soon

15   as they are in my possession and it's my understanding that I'm

16   going -- that all of this is going to be happening through the

17   night, then we will get them to you as soon as we have them.

18             THE COURT:  Weren't they required to be deposited with

19   his UK solicitors?

20             MR. BARRY:  That was the agreement, that they would be

21   with his UK solicitors.

22             THE COURT:  But that was not done?

23             MR. BARRY:  Your Honor, I can't speak to that.  It's

24   my understanding that it was, but that's one of the problems.

25             THE COURT:  So his UK solicitors have refused to

76CMCARC

1   cooperate with you?

2        MR. BARRY:  No, I would not say that, your Honor.

3        THE COURT:  Then why don't you have the documents?

4        MR. BARRY:  I can't speak to what's slowing down the

5   process on their end, your Honor, but it's my understanding and

6   they told me that we will have these come tomorrow.

7        THE COURT:  What do you mean, come tomorrow?

8        MR. BARRY:  Well, just given the time difference,

9   right now it's close to midnight there, so when they get there

10  in the morning, which would be the middle of the night our

11  time, is when apparently everything -- when the documents would

12  be coming over.

13       THE COURT:  How are they coming over, by e-mail?

14       MR. BARRY:  Your Honor, I don't know, but I assume

15  that would be the most efficient way of doing that.

16       THE COURT:  Mr. Barry, who has been in charge of this

17  process for the defendant?

18       MR. BARRY:  I'm sorry, your Honor.  I don't understand

19  the question.

20       THE COURT:  Have you been the one who has been talking

21  with UK counsel?

22       MR. BARRY:  I have spoken with UK counsel, yes.

23       THE COURT:  You don't know how they are going to

24  deliver the documents to you?

25       MR. BARRY:  Your Honor, I anticipate that that's the

76CMCARC

1   way that it would be done.  The only other thought that I would

2   have would be if Mr. Holtzman is already going to be in the UK

3   we could give it to him the second he arrives in the UK

4   tomorrow.  But that certainly, I think, would be the most

5   reasonable way of doing it, would be delivering it, just

6   scanning it in and sending it over.  That's been my

7   understanding of how it would be done.  That's the way I would

8   expect it to be done, your Honor, because we don't want to have

9   any additional delay.

10          THE COURT:  Well, I don't know, Mr. Barry, that I can

11  ask you to be cooperative because so far you have not been.

12  But it would be appropriate for you to get those documents into

13  Mr. Holtzman's hands before he gets on the airplane so he could

14  spend the day reading them while he is flying.  But if you fail

15  to do so, then you have to get him the documents when he

16  arrives on the ground in London.  And if that does not provide

17  him with sufficient time to read the documents before the

18  deposition, then the defendant will have to make himself

19  available for another session.

20          MR. BARRY:  Your Honor --

21          THE COURT:  Is this Mr. Barry?

22          MR. BARRY:  Yes, this is Mr. Barry.  Your Honor, I

23  apologize that your Honor is under the impression that I

24  haven't been cooperating with counsel or with your Honor.

25  That's certainly not the way I've been trying to conduct myself

76CMCARC

1   in these proceedings.

2        THE COURT:  Mr. Barry, you can't even answer my

3   questions about who has the documents, did the UK solicitors

4   have the documents, how are they getting them to you, when are

5   they getting them to you.  You didn't mention that there would

6   be any problems with complying with delivery last night.  I

7   would love to believe that from this point on there will be a

8   more cooperative attitude, and we'll see what unfolds tomorrow.

9        Is there anything else, Mr. Holtzman?

10       MR. HOLTZMAN:  I'd like to make a slightly different

11  request, your Honor.  I'd like to request that when

12  transmitting the documents to me they send them to me and my

13  colleague by e-mail when they are received, but they also be

14  sent to the UK solicitors that have been advising my clients.

15  They will be in a position to assist me in getting ready for

16  the deposition to some extent, perhaps, and so I think that's

17  the most efficient way to proceed in the hopes of being most

18  effective with our time on Thursday.

19       THE COURT:  Do you have any objection, Mr. Barry?

20       MR. BARRY:  None whatsoever.  I would just ask that

21  Mr. Holtzman forward me the e-mail address of the UK

22  solicitors, of his clients, and we would certainly include them

23  on any transmission.

24       MR. HOLTZMAN:  I certainly will do so.

25       Your Honor, if I may add, Mr. Barry, I'm wondering if

9

76CMCARC

1  he has any sense of what the quantity of documents that we are

2  talking about may be.

3       MR. BARRY:  My understanding, that is a very small

4  amount of documents.  It's not more than -- I wish, your Honor,

5  that I could say specifically exactly what it would be, but I

6  feel that if I make a statement exactly what it is and if it's

7  not accurate -- I don't have it and I haven't seen them.  I

8  don't want to make any misstatements.  That's my only concern.

9  But I've been told it's a very small amount, for whatever

10  that's worth.

11       THE COURT:  Thank you, all.  Good luck.

12                       o0o

# EXHIBIT
# 21

**PROSKAUER ROSE LLP**

A NEW YORK LIMITED LIABILITY PARTNERSHIP
Marvin M. Goldstein, Managing Resident Partner

One Newark Center
Newark, NJ 07102-5211
Telephone 973.274.3200
or 212.736.8165
Fax 973.274.3299

NEW YORK
LOS ANGELES
WASHINGTON
BOSTON
BOCA RATON
NEW ORLEANS
PARIS

**Mark A. Saloman**
Attorney at Law

Direct Dial 973.274.6038
msaloman@proskauer.com

<u>By Hand Delivery</u>

June 13, 2007

Hon. Denise L. Cote, U.S.D.J.
U.S. District Court
Southern District of New York
U.S. Courthouse
500 Pearl Street
New York, New York 10007-1312

Re:    **Guy Carpenter & Company, LLC and Marsh & McLennan Companies, Inc. v.**
       **Julian Samengo-Turner, Ron Whyte, and Marcus Hopkins**
       <u>Case No. 07-CV-3580 (DC)</u>

Dear Judge Cote:

Defendant Ron Whyte has reviewed, and takes no position concerning, Plaintiffs' application concerning service of process upon defendants Samengo-Turner or Hopkins.

Respectfully yours,

Mark A. Saloman
MAS/mmi

cc:    Robert N. Holtzman, Esq. (*via e-mail*)

# EXHIBIT
# 22

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

GUY CARPENTER & COMPANY, LLC and MARSH    :
& McLENNAN COMPANIES, INC.,               :
                         Plaintiffs,   :        07 Civ. 3580 (DLC)
                                      :
                  -v-                :        MEMORANDUM OPINION
                                      :        AND ORDER
JULIAN SAMENGO-TURNER, RON WHYTE, and     :
MARCUS HOPKINS,                           :
                           Defendants.   :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

DENISE COTE, District Judge:

       This action was filed on May 4, 2007.  A conference was

held on May 18 with plaintiffs' counsel and the attorneys who

had entered appearances on behalf of defendant Ron Whyte

("Whyte").  At this conference, Whyte's attorneys represented

that they had been unable to locate defendants Julian Samengo-

Turner ("Samengo-Turner") and Marcus Hopkins ("Hopkins"), who

were traveling abroad.  In their arguments, they repeatedly

referred to all three defendants.

       At the May 18 conference, the Court granted the plaintiffs'

request for expedited discovery.  The defendants' responses to

the interrogatories and document requests were due June 1.  The

defendants' depositions were to take place the week of June 4 or

the week of June 11 in London.  A motion to dismiss was due to

be filed on May 24, 2007, principally addressed to the issue of

forum non conveniens.

On May 24, Whyte filed the motion to dismiss. He argued that the Court lacks personal jurisdiction over him under New York's long-arm statute and under principles of due process and that the doctrine of forum non conveniens supports transfer of this action to England. On May 29, the three defendants commenced an action in the High Court of Justice, Queens Bench Division, Commercial Court in London, seeking an injunction that would prohibit the plaintiffs from maintaining the action before this Court. The British court declined to grant the injunction. On June 6, Whyte submitted a proposed order to show cause to this Court, seeking to stay proceedings here pending resolution of the proceedings in the United Kingdom, or, in the alternative, seeking reconsideration of the Court's expedited discovery order, to stay operation of that order, or to permit interlocutory appeal of that order.

At a conference of June 11,[1] Whyte's counsel represented that the remaining defendants had not properly been served with the summons and complaint. The Court ordered plaintiffs to offer a submission regarding service on defendants Julian Samengo-Turner ("Samengo-Turner") and Marcus Hopkins ("Hopkins") no later than June 12 at 5:00 p.m., and defendants to submit any reply no later than June 13 at Noon. During the conference,

---

[1] Also on June 11, the Court signed the order to show cause, setting a briefing schedule for the arguments contained therein.

2

Whyte's counsel did not indicate that he would not be making an argument on this issue. Whyte's June 13 letter indicates, however, that he takes no position concerning plaintiffs' application regarding service on Samengo-Turner and Hopkins. The following findings of fact are grounded upon plaintiffs' timely submission.

Plaintiffs have engaged in numerous attempts to serve Hopkins and Samengo-Turner. On May 11, plaintiffs mailed the summons, complaint, and associated documents by international registered mail to defendants Samengo-Turner and Hopkins. Service on Samengo-Turner was mailed to 17 Kyrler Road, London, England, SW11 6BD, an address reflected in the records of plaintiff Guy Carpenter & Co., LLC. Service on Hopkins was mailed to 1 Belmont Road, London, England, SW4 0BZ, the address identified by Hopkins on defendants' May 29, 2007 claim form filed with the High Court of Justice in the United Kingdom. Two further attempts to serve Samengo-Turner by international registered mail were made on June 7 and June 11. The June 7 mailing was sent to 49 Prince of Wales Mansions, Prince of Wales Drive, London, England, SW11 4BH, an address identified by Samengo-Turner on the May 29 claim form. The June 11 mailing was sent to Samengo-Turner at B76 Albion Riverside, 8 Hester Road, London, England, SW11 4AP.

Plaintiffs' process servers, Elizabeth Schmitz ("Schmitz") and Jorge Salgado-Reyes ("Salgado-Reyes"), also attempted to personally serve Hopkins no less than four times. On June 8, Schmitz and Salgado-Reyes separately went to Hopkins' home at 1 Belmont Road in London, where Schmitz met an adult woman who told her that Hopkins was not home. When Salgado-Reyes returned several hours later, the same woman, presumed to be Hopkins' wife, refused to accept service on his behalf. Salgado-Reyes left copies of the summons, complaint and associated documents on the floor at the woman's feet. On June 9, Salgado-Reyes returned to Hopkins' home twice more. Both times, he was met with no response when he knocked on the door. That same day, he placed the documents in an envelope marked "Personal & Confidential" and to Hopkins' attention, which he left in Hopkins' letterbox. Finally, on June 12, Salgado-Reyes sent a copy of the documents to Hopkins at his Belmont Road address by first class mail.

Plaintiffs' counsel in the United Kingdom, Charles Colquhoun ("Colquhoun"), attempted to serve Samengo-Turner through his London solicitor. During several telephone calls with Schmitz and Colquhoun on May 5, Samengo-Turner indicated that he would be leaving the United Kingdom on May 8 for a three-week long overseas trip, and proposed that the complaint be served on him through his solicitor in London. He identified

his solicitor as Kate Payne at Elborne Mitchell.  Although
Colquhoun contacted her, Payne indicated on May 8 that she did
not have instructions to accept service on behalf of Samengo-
Turner.

Defendants Hopkins and Samengo-Turner both have actual
notice of the instant litigation.  Their Skeleton Argument in
support of their May 29 claim before the High Court of Justice
noted the commencement of the instant litigation in the Southern
District of New York and cited passages from the plaintiffs'
complaint.

Rule 4(f)(1), Fed. R. Civ. P., permits service upon an
individual defendant located in a foreign country "by any
internationally agreed means reasonably calculated to give
notice, such as those means authorized by the Hague Convention
on the Service Abroad of Judicial and Extrajudicial Documents"
("Hague Service Convention").  Since the United Kingdom and the
United States are both signatories to the Hague Service
Convention, Nov. 15, 1965, [1969] 20 U.S.T. 361, T.I.A.S. No.
6638, service of process on a defendant in the United Kingdom is
governed by the convention.  See, e.g., Burda Media, Inc. v.
Viertel, 417 F.3d 292, 299-300 (2d Cir. 2005).  Article 10(a) of
the Hague Service Convention permits service through mailing of
"judicial documents, by postal channels, directly to persons

abroad," provided that the destination state has not objected to this provision.  Hague Service Convention, art. 10(a).

Since the United Kingdom has not objected to Article 10(a) of the Convention, service through international registered mail remains an acceptable method of serving Hopkins and Samengo-Turner, individual defendants who reside in the United Kingdom. See, e.g., Ackermann v. Levine, 788 F.2d 830, 840 (2d Cir. 1986).  I find that despite the attempts of defendants Hopkins and Samengo-Turner to evade service of process, plaintiffs have served them pursuant to the Hague Service Convention and that they have actual notice of this lawsuit as well.  Accordingly, it is hereby

ORDERED that the plaintiffs may depose Hopkins and Samengo-Turner in London on Wednesday, June 20 and Thursday, June 21, 2007.

SO ORDERED:

Dated:    New York, New York
          June 14, 2007

                              _____
                              DENISE COTE
                              UNITED STATES DISTRICT JUDGE

6

# EXHIBIT
# 23



*Gaining Momentum*

ANNUAL REPORT 2006



MARSH
MERCER
KROLL
GUY CARPENTER
PUTNAM

  

**MMC** is a global professional services firm with annual revenues of approximately $12 billion. It is the parent company of Marsh, the world's leading risk and insurance services firm; Guy Carpenter, the world's leading risk and reinsurance specialist; Kroll, the world's leading risk consulting company; Mercer, a major global provider of human resource and specialty consulting services; and Putnam Investments, one of the largest investment management companies in the United States. More than 55,000 employees provide analysis, advice, and transactional capabilities to clients in over 100 countries.

This annual report contains "forward-looking statements," as defined in the Private Securities Litigation Reform Act of 1995. Please see "Information Concerning Forward-Looking Statements" on page 101 of this annual report.

# EXHIBIT
# 24

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
                                                 :

GUY CARPENTER & COMPANY, LLC and    :
MARSH & McLENNAN COMPANIES, INC.,    :

                                :          07 Civ. 3580 (DC) (KNF)
                  Plaintiffs,        :

                                :          **NOTICE OF SUBPOENA**
              - against -         :

                                :
JULIAN SAMENGO-TURNER, RON WHYTE,    :
and MARCUS HOPKINS,                :

                                :
                  Defendants.     :

                                :
------------------------------------------------------------ x

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil

Procedure, plaintiffs Guy Carpenter & Company, LLC, formerly Guy Carpenter & Company,

Inc., and Marsh & McLennan Companies, Inc., by their undersigned counsel, has served the

attached subpoena upon Integro Insurance Brokers.

Dated: New York, New York
       May 23, 2007

                         KRAMER LEVIN NAFTALIS & FRANKEL LLP

                         By: *Steven M. Knecht*

                            Barry H. Berke (BB-1421)
                            Robert N. Holtzman (RH-9525)
                            Steven M. Knecht (SK-8404)
                  1177 Avenue of the Americas
                  New York, New York 10036
                  (212) 715-9100

                  Attorneys for Plaintiffs

To:     John P. Barry, Esq.
        Proskauer Rose LLP
        One Newark Center, 18th Floor
        Newark, NJ 07102
        973-274-6081
        Attorneys for Defendants

KL3 2594196.1

*₂ AO88 (Rev. 12/06) Subpoena in a Civil Case

**Issued by the**

## UNITED STATES DISTRICT COURT

### SOUTHERN DISTRICT OF NEW YORK

| Guy Carpenter & Company, LLC and Marsh & McLennan Companies, Inc. | **SUBPOENA IN A CIVIL CASE** |
|---|---|
| V. | Case Number:[1]    07 Civ. 3580 (DC) (KNF) |

Julian Samengo-Turner, Ron Whyte, and Marcus Hopkins

TO:  Integro Insurance Brokers
3 Times Square – 9th Floor
New York, NY 10036
Attn:  William P. Costantini, Esq.
General Counsel

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Schedule A attached hereto.

| PLACE | DATE AND TIME |
|---|---|
| Kramer Levin Naftalis & Frankel LLP 1177 Avenue of the Americas New York, NY 10036 Attention: Steven M. Knecht | June 6, 2007 at 10:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Plaintiffs    *Steven M. Knecht* | May 23, 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Steven M. Knecht, Esq. (SK-8404), Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, NY 10036, (212) 715-9100

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

American LegalNet, Inc.
www.FormsWorkflow.com

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(C) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.

(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(D) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

American LegalNet, Inc.
www.FormsWorkflow.com

## SCHEDULE A

## DEFINITIONS AND INSTRUCTIONS

A.    The definitions contained in Rule 26.3(c) of the Local Rules of the United

States District Courts for the Southern and Eastern Districts of New York (the "Local Rules"),

including, without limitation, the definitions of the terms "communication," "document,"

"identify," "concerning" and "person," are incorporated by reference herein.  Without limiting

the foregoing, the term "document," as defined in Local Civil Rule 26.3(c) and Rule 34(a) of the

Federal Rules of Civil Procedure, is intended to be given the broadest possible scope.  It includes

the original and all copies, including all copies which are different in any way from the original

(whether by interlineation, receipt stamp, notation, indication of copy sent or received or

otherwise), regardless of location, including all handwritten, typed, printed, xeroxed,

photographed, recorded, transcribed, punched, taped, filed or graphic matter, and any form of

communication or representation.  The term also includes all information stored in a computer

system although not yet printed out, all information stored on computer hard drives, all

information stored on floppy diskettes, all information stored on computer tape backups, all

information stored on CD-ROM and all information stored on e-mail.

B.    The rules of construction contained in Rule 26.3(d) of the Local Rules,

including, without limitation, the rules of construction with respect to the terms "all," "each,"

"and" and "or," are incorporated by reference herein.

C.    If any document requested herein is not produced or is redacted by you by

reason of a claim of privilege or other immunity from disclosure (including the work product

doctrine), provide the information required by Rules 26.2(a)(1) and 26.2(a)(2)(A) of the Local

Rules with respect to each such document.

D.    Identify every document responsive to this Subpoena that was at any time, but is not presently, in your possession, custody or control by stating: (i) type of document; (ii) author; (iii) recipient(s), including all recipients of carbon or blind copies; (iv) date; (v) subject matter; (vi) present location and custodian of the document and the present address and telephone number of the custodian; and (vii) if the document was lost or destroyed, the circumstances under which the document was lost or destroyed.

E.    The documents called for by this Subpoena include all documents, wherever located, in your possession, custody or control, or in the possession, custody or control of any of your representatives, accountants, auditors, attorneys, consultants, subsidiaries, affiliates, predecessors, successors, officers, directors, employees, agents, members, general partners and limited partners.

F.    The document requests herein are limited to documents dated, created and/or that came into your possession, custody or control at any time during the period from September 1, 2006 to the date of your compliance with this Subpoena.

G.    All documents should be produced as they are kept in the usual course of business.

H.    The document requests herein are continuing in nature, and to the extent that, at any time after the production of documents called for by this Subpoena, you become aware of or acquire additional documents responsive to this Subpoena, such documents shall be produced promptly.

KL3 2594201.3

I.     Each paragraph or subparagraph herein shall be construed independently and not by reference to any other paragraph or subparagraph herein for purposes of limitation.

J.     "Defendants" means Julian Samengo-Turner, Ron Whyte and/or Marcus Hopkins, and anyone else acting under their control or on their behalf.

K.     "Integro" means Integro Insurance Brokers together with each of its past and present corporate affiliates, parents, subsidiaries, employees, agents, and anyone else acting under its control or on its behalf.

L.     "Guy Carpenter" means Guy Carpenter LLC together with each of its past and present corporate affiliates, parents, subsidiaries, employees, agents, and anyone else acting under its control or on its behalf.

M.     "MMC" mean Marsh & McLennan Companies, Inc. together with each of its past and present corporate affiliates, parents, subsidiaries, employees, agents, and anyone else acting under its control or on its behalf.

N.     "Plaintiffs" means Guy Carpenter and/or MMC.

## DOCUMENTS REQUESTED

1.     All documents concerning Integro's recruitment, solicitation and/or hiring of each of defendants, including but not limited to (a) communications between or among one or more defendant(s) and Integro, (b) in-person meetings or interviews (whether formal or informal) between each defendant and Integro, (c) each defendant's offer letter from Integro or employment contract with Integro reflecting defendant's job titles, duties and responsibilities at Integro, and/or defendants' compensation from Integro (including, without limitation, salary,

- 3 -

bonus, stock and other non-cash compensation), (d) negotiations concerning any terms or conditions of employment of defendant(s) by Integro, and/or (e) references to consideration of the possible hiring of any employees of Guy Carpenter; provided that documents concerning compensation from Integro are limited to compensation paid or granted to defendants in 2007.

2.     All documents concerning (a) Integro's actual, possible, or suggested recruitment or solicitation of any current or former employee of Guy Carpenter who reported (directly or indirectly) to defendants (collectively, "defendants' reports"), (b) in-person meetings or interviews (whether formal or informal) between Integro and any of defendants' reports relating to potential employment with Integro, (c) communications by each of defendants with any person (including, without limitation, any of defendants' reports) concerning the recruitment or potential or suggested hiring by Integro of any of defendants' reports, and/or (d) communications between one or more of defendant(s) and Integro regarding the recruitment or potential hiring by Integro of any of defendants' reports.

3.     All documents concerning communications between Integro and any actual or prospective client of Guy Carpenter concerning (a) any of defendants' resignations from Guy Carpenter or hiring by Integro or (b) the possibility of any client serviced by defendants or another Guy Carpenter broker hiring Integro to act as that client's facultative broker.

4.     All documents concerning work done by, or planned to be done for, Integro by one or more of defendants on or before January 31, 2008.

5.     All documents concerning plaintiffs' clients or the nature, type or amount of business of plaintiffs (including, without limitation, Guy Carpenter's facultative reinsurance

KL3 2594201.3

group) which (a) were provided by any of defendants to Integro or (b) constitute communications between any of defendants and Integro.

      6.     All phone records or e-mails concerning communications between (a) any of defendants or any person employed by or representing Integro and (b) any of defendants' reports, including, without limitation, all records concerning the time, place, length, and/or persons involved in such telephone conversations or electronic communications.

      7.     All phone records or e-mails concerning communications between (a) either (i) any of defendants or (ii) any person employed by or representing Integro who has made such communication at the direct or indirect suggestion or instance of any of defendants and (b) any person employed by or representing any Guy Carpenter client, including, without limitation, all records concerning the time, place, length, and/or persons involved in such telephone conversations or electronic communications.

KL3 2594201.3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GUY CARPENTER & COMPANY, LLC and
MARSH & McLENNAN COMPANIES, INC.,

Plaintiffs,

- against -

JULIAN SAMENGO-TURNER, RON WHYTE, and
MARCUS HOPKINS,

Defendants.

DECLARATION OF
BARRY H. BERKE

KRAMER LEVIN NAFTALIS & FRANKEL, LLP
*Attorneys for Plaintiffs Guy Carpenter & Company, Inc. and*
*Marsh & McLennan Companies, Inc.*
1177 Avenue of the Americas  New York, New York  10036
(212) 715-9100

*All communications should be referred to:*
Barry H. Berke
Robert N. Holtzman
Steven M. Knecht