UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
GUY CARPENTER & COMPANY, LLC and MARSH &:
McLENNAN COMPANIES, INC.,               :
                        Plaintiffs,     :    07 Civ. 3580 (DLC)
                                        :
            -v-                         :    OPINION AND ORDER
                                        :
JULIAN SAMENGO-TURNER, RON WHYTE, and   :
MARCUS HOPKINS,                         :
                        Defendants.     :
                                        :
----------------------------------------X

Appearances:

For the Plaintiffs:

Barry H. Berke
Robert N. Holtzman
Steven M. Knecht
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, New York 10036

For the Defendants:

John P. Barry
Mark A. Saloman
Proskauer Rose LLP
One Newark Center, 18th Floor
Newark, New Jersey 07102

DENISE COTE, District Judge:

    One of three defendants in this action brings a motion to

dismiss, asserting lack of personal jurisdiction over him and the

doctrine forum non conveniens.  This breach of contract action

stems from an agreement that contains a forum selection clause

granting exclusive jurisdiction to New York courts.  That clause

being unambiguous and enforceable, the motion is denied.

BACKGROUND

Defendants Julian Samengo-Turner, Ron Whyte and Marcus Hopkins, each of them British citizens and residents, have been employed by Marsh Services Limited ("Marsh"), a United Kingdom company, since 1991, 1988 and 2000, respectively.  They provided services to plaintiff Guy Carpenter & Company, LLC ("Guy Carpenter") in the field of facultative reinsurance.  Guy Carpenter is an indirect wholly owned subsidiary of plaintiff Marsh & McLennan Companies, Inc. ("MMC"), which is also the ultimate parent of Marsh.  The plaintiffs' principal place of business is in New York.

MMC offers incentive compensation plans to certain persons employed by MMC and its affiliates, including the MMC 2000 Senior Executive Incentive and Stock Award Plan ("Plan").  Effective November 1, 2005, MMC made long term incentive grants under the Plan to each of the defendants.  In connection with those awards, the defendants agreed in writing to abide by the terms of the Plan, as well as additional terms contained in an agreement ("Agreement").

Pursuant to the Agreement, each defendant is required to cooperate with the "Company," which is defined as "MCC or any of its subsidiaries or affiliates," including Guy Carpenter, and to provide the Company "such information relating to your work for the Company or your other commercial activities as the Company

2

may from time to time reasonably request in order for the Company
to determine whether you are in compliance with your obligations
under this Agreement."  These obligations include a prohibition
on soliciting employees to leave MMC or Guy Carpenter and work
for a competitor.  If the non-solicitation provision is breached
within a twelve month period following the vesting of any portion
of awards under the Plan, this constitutes "Detrimental
Activity," giving the plaintiffs the right to rescind vested
portions of awards made under the Plan.

Each of the Agreements with the defendants contains the
following forum selection clause, section VI.N:

> The Company and you irrevocably submit to the exclusive
> jurisdiction and venue of any state or federal court
> located in the County of New York for the resolution of
> any dispute over any matter arising from or related to
> the Award. . . . Moreover, both you and the Company (i)
> acknowledge that the forum stated in this Section VI.N
> has a reasonable relation to this Award and to the
> relationship between you and the Company and that the
> submission to the forum will apply, (ii) waive, to the
> extent permitted by law, any objection to personal
> jurisdiction or to the laying of venue of any action or
> proceeding covered by this Section VI.N in the forum
> stated in this Section VI.N, (iii) agree not to
> commence any such action or proceeding in any forum
> other than the forum stated in this Section VI.N . . .
> .

(Emphasis supplied.)  A choice of law provision identifies New
York law as the governing law.  It states that "Notwithstanding
anything to the contrary (except with regard to Schedule II.D, if
applicable), this Agreement shall be governed by the laws of the

State of New York, without regard to conflicts or choice of law
rules or principles."

Schedule II.D, which applies to individuals whose employment
with the Company terminates at a time when their principle place
of employment is the United Kingdom and contains their non-
solicitation provision, has its own choice-of-law and forum
selection clause (albeit a non-exclusive clause) for matters
covered within the Schedule.  It reads:  "This Schedule will be
construed in accordance with English Law and the parties
irrevocably submit to the <u>non-exclusive jurisdiction of the</u>
<u>English Courts</u> to settle any disputes as may arise <u>in connection</u>
<u>with this Schedule</u>.  The remainder of this Agreement will
continue to be governed by the laws of the state of New York."
(Emphasis supplied.)

On April 3, 2007, the defendants gave notices of resignation
to join Integro, a competitor of plaintiffs whose principal place
of business is in this city.   The plaintiffs promptly filed suit
in this court and requested expedited discovery.  At a conference
of May 18, at which the Agreement was construed after hearing
argument from counsel for Whyte and plaintiffs, expedited
discovery was ordered and the schedule was set for this motion,
which was anticipated to be based at least on a <u>forum non</u>
<u>conveniens</u> argument.

4

DISCUSSION

Whyte has moved to dismiss this action on the ground that there is no personal jurisdiction over him and on the doctrine of forum non conveniens.  He does not dispute that his motion must be denied in the event that the Agreement's New York forum selection clause is enforceable against him. [1]  He argues only that the existence of the non-exclusive forum selection clause in Schedule II.D creates an ambiguity which renders the forum selection clause in the body of the Agreement unenforceable. Whyte is wrong.

---

[1] Even if Whyte had argued that the court lacks personal jurisdiction over him or should grant his forum non conveniens motion despite an applicable forum selection clause, such argument would fail.  Parties can consent to personal jurisdiction by means of a forum selection clause, and forum selection clauses are routinely enforced where (1) the clause was "reasonably communicated to the parties" and (2) the clause was not "obtained through fraud or overreaching," and (3) there has been no clear showing that "enforcement would be unreasonable and unjust."  D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 103 (2d Cir. 2006) (citation omitted).  Whyte has not even attempted to make the first two of these showings.  To the extent that Whyte intends to make an additional argument that the Agreement's exclusive forum selection clause is unenforceable because it is unjust, this passing reference in his reply is rejected because it is made for the first time in the reply.  In any event, it would be denied on the merits.

Additionally, as was held in a case cited by Whyte himself, a valid forum selection clause "counsels strongly against a court's dismissal of an action on forum non conveniens grounds."  Sun Forest Corp. v. Shvili, 152 F.Supp. 2d 367, 386 (S.D.N.Y. 2001) (citation omitted).  Considering the steps in the forum non conveniens analysis, as described in Iragorri v. United Techs. Corp., 274 F.3d 65, 72-76 (2d Cir. 2001), the Court would not exercise its discretion to decline jurisdiction over this case.

Under New York law, the interpretation of an unambiguous contract is a question of law for a court to decide. <u>Revson v. Cinque & Cinque, P.C.</u>, 221 F.3d 59, 66 (2d Cir. 2000).  Whyte contends that the following provision within Schedule II.D creates an ambiguity between the two forum selection provisions, which has the effect of rendering the exclusive forum selection clause in the body of the Agreement unenforceable:  "Following the termination of your employment,[2] the definition of Detrimental Activity set out in this Schedule and the provisions of the Schedule shall apply in place of the definition given in the main body of this Agreement in Section I.C(1) (<u>Cancellation and Rescission of Award</u>)[3] and any other contrary provisions of the Agreement."  (Emphasis in original.)

This provision in Schedule II.D does not create an ambiguity that affects the exclusive jurisdiction of New York courts over this dispute.  Whatever else this lawsuit is about, it certainly concerns enforcement of provisions contained within the body of the Agreement, including the duty to cooperate with MMC and Guy Carpenter in their investigation of compliance with the

---

[2]While the plaintiffs would appear to be entitled to rely on the argument that the forum selection clause in Schedule II.D is not even applicable until the termination of the defendants' employment, which has not yet occurred, they do not rest on that argument here.

[3] These provisions include definitions of Detrimental Activity and Rescission Period.

commitments made in return for defendants' receipt of the awards issued under the Plan.  As a result, the clear and unambiguous meaning of the Agreement is that New York provides the exclusive forum for that litigation.  The forum selection clause in Schedule II.D does not apply to that issue, and is in any event non-exclusive.

The authorities on which Whyte relies, only one of which is a published federal court opinion, do not suggest a different analysis.  See Zamer v. Diliddo, No. 97-CV-32S(H), 1997 WL 579752, at *1-3 (W.D.N.Y. Aug. 18, 1997) (M.J.).  In any event, each of these decisions was rendered before the Second Circuit explained that the interpretation of forum selection clauses is generally a matter of law for the court, even when competing clauses are contained in two separate contracts.

> Where, as here, the two sides have put forth different
> contracts, each containing a forum selection clause
> designating a different forum, and the parties do not
> dispute the facts which gave rise to those two
> conflicting contracts, the court must decide as a
> matter of law on the agreed facts which forum selection
> clause governs.  Once the parties agree on the facts,
> the issue is no longer one of burden of proof, the
> issue is one of law which the court must decide.

Asoma Corp. v. SK Shipping Co., Ltd., 467 F.3d 817, 822-23 (2d Cir. 2006).

CONCLUSION

The motion to dismiss by Ron Whyte is denied.

SO ORDERED.

Dated:    New York, New York
          June 29, 2007

_____
DENISE COTE
United States District Judge