# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
———————————————————————— x
GUY CARPENTER & COMPANY, LLC and
MARSH & McLENNAN COMPANIES, INC.,

            Plaintiffs,

- against -

JULIAN SAMENGO-TURNER, RON WHYTE,
and MARCUS HOPKINS,

           Defendants.
———————————————————————— x

07 Civ. 3580 (DC) (KNF)

**PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

PLEASE TAKE NOTICE that, pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and 26.3 of the Local Civil Rules of the United States District Court for the Southern District of New York, plaintiffs Guy Carpenter & Company, LLC, formerly Guy Carpenter & Company, Inc., and Marsh & McLennan Companies, Inc., request that defendants Julian Samengo-Turner, Ron Whyte and Marcus Hopkins produce and make available for inspection and copying at the offices of Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, New York 10036, on or before May __, 2007 at 10:00 a.m., all documents and things designated below which are in their possession, custody or control or in the possession, custody, or control of any of their representatives, attorneys, or agents.

### DEFINITIONS AND INSTRUCTIONS

A.    Pursuant to Rule 26.3(a) of the Local Civil Rules of the United States District Court for the Southern District of New York, the definitions and rules of construction set forth in Local Civil Rules 26.3(c) and (d) are deemed to be incorporated by reference in these requests.

KL3 2591227.2

B.  The term "document," as defined in Local Civil Rule 26.3(c) and Rule 34(a) of the Federal Rules of Civil Procedure, is intended to be given the broadest possible scope. It includes the original and all copies, including all copies which are different in any way from the original (whether by interlineation, receipt stamp, notation, indication of copy sent or received or otherwise), regardless of location, including all handwritten, typed, printed, xeroxed, photographed, recorded, transcribed, punched, taped, filed or graphic matter, and any form of communication or representation. The term also includes all information stored in a computer system although not yet printed out, all information stored on computer hard drives, all information stored on floppy diskettes, all information stored on computer tape backups, all information stored on CD-ROM and all information stored on e-mail.

C.  This request is to be deemed a continuing request, and documents that are responsive, but which are discovered subsequent to an initial production, should nevertheless be promptly produced in the same manner, and at the same address, as the initial production.

D.  If there are no documents responsive to a category in this request, so state in writing.

E.  If any document called for by this request is withheld under a claim of privilege, furnish a list in accordance with Local Civil Rule 26.2(a), setting forth for each such document: (i) the nature of the privilege (including attorney work-product) that is being claimed; (ii) the type of the document (e.g., letter, memo, handwritten notes); (iii) the general subject matter of the document; (iv) the date of the document; and (v) such other information as is sufficient to identify the document for a subpoena duces tecum, including, where appropriate, the

author of the document, the addressee of the document, and, where not apparent, the relationship of the author and addressee to each other.

  F. If you are unable to locate any document requested, identify any individual who you believe is likely to possess any information regarding the present location of the document.

  G. "Complaint" means the Complaint in this action, dated May 4, 2007.

  H. "Defendants" means Julian Samengo-Turner, Ron Whyte and/or Marcus Hopkins, and anyone else acting under their control or on their behalf.

  I. "Integro" means Integro Insurance Brokers together with each of its past and present corporate affiliates, parents, subsidiaries, employees, agents, and anyone else acting under its control or on its behalf.

  J. "Guy Carpenter" means Guy Carpenter LLC together with each of its past and present corporate affiliates, parents, subsidiaries, employees, agents, and anyone else acting under its control or on its behalf.

  K. "MMC" mean Marsh & McLennan Companies, Inc. together with each of its past and present corporate affiliates, parents, subsidiaries, employees, agents, and anyone else acting under its control or on its behalf.

  L. Unless otherwise indicated, the time frame for these requests is September 1, 2006 through the present.
- 3 -

KL3 2591227.2

## DOCUMENTS REQUESTED

1. All documents concerning defendants' hiring by Integro, including but not limited to each defendant's offer letter from Integro or employment contract with Integro reflecting defendant's job titles, duties and responsibilities at Integro, and/or defendant's compensation from Integro (including without limitation salary, bonus, stock and other non-cash compensation.); notes, correspondence (electronic or otherwise), and other documentation reflecting defendants' discussions and negotiations with Integro; and any drafts of the foregoing.

2. All documents concerning each defendants' resignation from Guy Carpenter, including but not limited to communications between (a) each defendant and (b) Integro or any person relating to the reasons for defendants' departure from Guy Carpenter.

3. All documents concerning Integro's recruitment or solicitation of defendants, including but not limited to communications between each defendant and Integro and communications among defendants.

4. All documents concerning in-person meetings or interviews (whether formal or informal) between each defendant and Integro.

5. All documents concerning communications between each defendant and any client of Guy Carpenter concerning (a) defendants' resignations from Guy Carpenter or hiring by Integro or (b) the possibility of any client using Integro for its facultative brokerage business.

6. All documents concerning communications between each defendant and current or former Guy Carpenter or MMC employees concerning Integro.

- 4 -

KL3 2591227.2

7. All documents concerning in-person meetings or interviews (whether formal or informal) relating to potential employment (of anyone) with Integro between each defendant and current or former Guy Carpenter or MMC employees.

8. All documents concerning in-person meetings or interviews (whether formal or informal) between Integro and current or former Guy Carpenter or MMC employee relating to potential employment with Integro.

9. All documents concerning defendant Samengo-Turner's conversation with Mark Newman of Guy Carpenter, on or about April 3, 2007, concerning Integro.

10. All documents concerning communications among defendants concerning the recruitment or potential hiring by Integro of current or former Guy Carpenter or MMC employees.

11. All documents concerning communications between each defendant and Integro regarding the recruitment or potential hiring by Integro of current or former Guy Carpenter or MMC employees.

12. All documents concerning communications between each defendant and Integro about Guy Carpenter's facultative reinsurance group.

13. All documents concerning work done by defendants for Integro to date or plans for work to be done for Integro during defendants' Guy Carpenter notice period.

14. All documents concerning the business of plaintiffs, including without limitation all documents containing confidential information or concerning employees of

plaintiffs that are currently in their possession or control or were in their possession or control at any time after April 3, 2007.

15. All documents concerning communications by defendant(s) to Integro of any confidential documents or information of or relating to Guy Carpenter or MMC or any of their clients.

Dated: New York, New York
       May __, 2007

                              KRAMER LEVIN NAFTALIS & FRANKEL LLP

                              By:_____
                                  Barry H. Berke (BB-1421)
                                  Robert N. Holtzman (RH-9525)
                                  Rachel M. Manne (RM-7151)
                              1177 Avenue of the Americas
                              New York, New York 10036
                              (212) 715-9100

                              Attorneys for Plaintiffs

To:   John Barry, Esq.
       Proskauer Rose LLP
       One Newark Center
       Newark, NJ 07071-5211
       973-274-6081

       Attorneys for Defendants

KL3 2591227.2

# EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------- x

GUY CARPENTER & COMPANY, LLC and
MARSH & McLENNAN COMPANIES, INC.,    :    07 Civ. 3580 (DC) (KNF)

               Plaintiffs,    :    **PLAINTIFFS' FIRST SET OF
                                      :    INTERROGATORIES**

        - against -

JULIAN SAMENGO-TURNER, RON WHYTE,
and MARCUS HOPKINS,

               Defendants.

---------------------------------------------------------- x

     PLEASE TAKE NOTICE that, pursuant to Rule 33 of the Federal Rules of Civil Procedure and 26.3 and 33.3 of the Local Civil Rules of the United States District Court for the Southern District of New York, plaintiffs Guy Carpenter & Company, LLC, formerly Guy Carpenter & Company, Inc., and Marsh & McLennan Companies, Inc., request that defendants Julian Samengo-Turner, Ron Whyte and Marcus Hopkins answer the following interrogatories subject to the instructions and definitions set forth herein on or before May __, 2007 at 10:00 a.m. at the offices of Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, New York 10036.

### DEFINITIONS AND INSTRUCTIONS

    A.    Pursuant to Rule 26.3(a) of the Local Civil Rules of the United States District Court for the Southern District of New York, the definitions and rules of construction set forth in Local Civil Rules 26.3(c) and (d) are deemed to be incorporated by reference in these interrogatories.

KL3 2591196.2

B. In answering these interrogatories, furnish all information that is available to you, including information that is in the possession of any of your present agents, employees, or attorneys, or your former agents, employees, or attorneys, or is otherwise subject to your custody or control.

C. If you know of any document, communication, or information but cannot give the specific information or the full information called for by a particular interrogatory, so state, give the best information that you have on the subject (such as approximate dates or amounts), and identify every person who you believe has the required information with respect thereto.

D. If it is claimed that an answer (in whole or in part) to any interrogatory or part thereof is privileged or otherwise protected from disclosure, identify such information by its subject matter and state the nature and basis of each such claim.

E. If you object to any part of an interrogatory, answer all parts of the interrogatory to which you do not object.

F. These interrogatories shall be deemed continuing, and the responses thereto shall be supplemented in accordance with the Federal Rules of Civil Procedure.

G. "Complaint" means the Complaint in this action, dated May 4, 2007.

H. "Defendants" means Julian Samengo-Turner, Ron Whyte and/or Marcus Hopkins and anyone else acting under their control or on their behalf.

KL3 2591196.2

I. "Integro" means Integro Insurance Brokers together with each of its past and present corporate affiliates, parents, subsidiaries, employees, agents, and anyone else acting under its control or on its behalf.

J. "Guy Carpenter" means Guy Carpenter LLC together with each of its past and present corporate affiliates, parents, subsidiaries, employees, agents, and anyone else acting under its control or on its behalf.

K. "MMC" mean Marsh & McLennan Companies, Inc. together with each of its past and present corporate affiliates, parents, subsidiaries, employees, agents, and anyone else acting under its control or on its behalf.

## INTERROGATORIES

1. Identify all persons who have information concerning each defendant's hiring by Integro, including but not limited to information concerning the solicitation and recruitment of each defendant by Integro and Integro's respective offers of employment to defendants.

2. Identify all persons associated with Integro with whom each defendant interviewed or otherwise communicated in connection with each defendant's hiring by Integro.

3. Identify all Guy Carpenter or MMC employees with whom each defendant communicated about their resignation from Guy Carpenter.

4. Identify all persons who were, at the time of the communication(s), Guy Carpenter or MMC employees with whom each defendant communicated regarding such

person's potential employment with Integro and/or termination of employment with Guy Carpenter.

5. Identify all persons who were, at the time of receipt of such offer, Guy Carpenter or MMC employees and who have been offered employment by, or otherwise recruited by, Integro since January 1, 2007.

6. Identify each defendant's current resident address.

7. Identify all persons who are or were clients or potential clients of Guy Carpenter or MMC during defendants' employment with Guy Carpenter and since defendants' announced their resignations, with whom any of the defendants has communicated regarding the defendant's or defendants' actual or potential departure from Guy Carpenter and hiring by Integro.

Dated: New York, New York
       May __, 2007

                                    KRAMER LEVIN NAFTALIS & FRANKEL LLP

                                    By:_____
                                        Barry H. Berke (BB-1421)
                                        Robert N. Holtzman (RH-9525)
                                        Rachel M. Manne (RM-7151)
                                    1177 Avenue of the Americas
                                    New York, New York 10036
                                    (212) 715-9100

                                    Attorneys for Plaintiffs

To:   John Barry, Esq.
      Proskauer Rose LLP
      One Newark Center
      Newark, NJ 07071-5211
      973-274-6081
      Attorneys for Defendants

# EXHIBIT D

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
———————————————————————— x
GUY CARPENTER & COMPANY, LLC and
MARSH & McLENNAN COMPANIES, INC.,    :    07 Civ. 3580 (DC) (KNF)

                Plaintiffs,    :    **NOTICE OF DEPOSITION**

      - against -    :

JULIAN SAMENGO-TURNER, RON WHYTE,    :
and MARCUS HOPKINS,

                Defendants.    :
———————————————————————— x

      PLEASE TAKE NOTICE that, pursuant to Rule 30 of the Federal Rules of Civil Procedure, plaintiffs Guy Carpenter & Company, LLC, formerly Guy Carpenter & Company, Inc., and Marsh & McLennan Companies, Inc., will take the deposition upon oral examination of defendant Julian Samengo-Turner before an official authorized to administer oaths at the offices of Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, New York 10036, on May __, 2007 at 9:30 am. The deposition will continue from day to day until concluded.

Dated: New York, New York
       May __, 2007

                              KRAMER LEVIN NAFTALIS & FRANKEL LLP

                              By:_____
                                 Barry H. Berke (BB-1421)
                                 Robert N. Holtzman (RH-9525)
                                 Rachel M. Manne (RM 7151)
                              1177 Avenue of the Americas
                              New York, New York 10036
                              (212) 715-9100

                              Attorneys for Plaintiffs

KL3 2591191.1

To:   John Barry, Esq.
      Proskauer Rose LLP
      One Newark Center
      Newark, NJ 07071-5211
      973-274-6081

      Attorneys for Defendants

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
—————————————————————— x
:
GUY CARPENTER & COMPANY, LLC and :
MARSH & McLENNAN COMPANIES, INC., :  07 Civ. 3580 (DC) (KNF)
:
　　　　　　　　Plaintiffs, :  **NOTICE OF DEPOSITION**
:
　　　- against - :
:
JULIAN SAMENGO-TURNER, RON WHYTE, :
and MARCUS HOPKINS, :
:
　　　　　　　　Defendants. :
:
—————————————————————— x

　　　　PLEASE TAKE NOTICE that, pursuant to Rule 30 of the Federal Rules of Civil Procedure, plaintiffs Guy Carpenter & Company, LLC, formerly Guy Carpenter & Company, Inc., and Marsh & McLennan Companies, Inc., will take the deposition upon oral examination of defendant Ron Whyte before an official authorized to administer oaths at the offices of Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, New York 10036, on May __, 2007 at 9:30 am. The deposition will continue from day to day until concluded.

Dated: New York, New York
　　　　May __, 2007

　　　　　　　　　　　　　　　　　　　KRAMER LEVIN NAFTALIS & FRANKEL LLP

　　　　　　　　　　　　　　　　　　　By:_____
　　　　　　　　　　　　　　　　　　　　Barry H. Berke (BB-1421)
　　　　　　　　　　　　　　　　　　　　Robert N. Holtzman (RH-9525)
　　　　　　　　　　　　　　　　　　　　Rachel M. Manne (RM 7151)
　　　　　　　　　　　　　　　　　　　1177 Avenue of the Americas
　　　　　　　　　　　　　　　　　　　New York, New York 10036
　　　　　　　　　　　　　　　　　　　(212) 715-9100

　　　　　　　　　　　　　　　　　　　Attorneys for Plaintiffs

KL3 2591194.1

-2-

To:  John Barry, Esq.
     Proskauer Rose LLP
     One Newark Center
     Newark, NJ 07071-5211
     973-274-6081

     Attorneys for Defendants

KL3 2591194.1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x

GUY CARPENTER & COMPANY, LLC and
MARSH & McLENNAN COMPANIES, INC.,

                  Plaintiffs,

- against -

JULIAN SAMENGO-TURNER, RON WHYTE,
and MARCUS HOPKINS,

                  Defendants.
------------------------------------------------------------ x

07 Civ. 3580 (DC) (KNF)

**NOTICE OF DEPOSITION**

      PLEASE TAKE NOTICE that, pursuant to Rule 30 of the Federal Rules of Civil Procedure, plaintiffs Guy Carpenter & Company, LLC, formerly Guy Carpenter & Company, Inc., and Marsh & McLennan Companies, Inc., will take the deposition upon oral examination of defendant Marcus Hopkins before an official authorized to administer oaths at the offices of Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, New York 10036, on May __, 2007 at 9:30 am. The deposition will continue from day to day until concluded.

Dated: New York, New York
       May __, 2007

                                KRAMER LEVIN NAFTALIS & FRANKEL LLP

                                By:_____
                                   Barry H. Berke (BB-1421)
                                   Robert N. Holtzman (RH-9525)
                                   Rachel M. Manne (RM 7151)
                              1177 Avenue of the Americas
                              New York, New York 10036
                              (212) 715-9100

                              Attorneys for Plaintiffs

KL3 2591195.1

To:  John Barry, Esq.
    Proskauer Rose LLP
    One Newark Center
    Newark, NJ 07071-5211
    973-274-6081

    Attorneys for Defendants