**EXHIBIT 17**

Issued by the
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| Guy Carpenter & Company, LLC and Marsh & McLennan Companies, Inc. | SUBPOENA IN A CIVIL CASE |
|---|---|
| v. Julian Samengo-Turner, Ron Whyte, and Marcus Hopkins | CASE NUMBER:[1] 07 Civ. 3580 (DC) (KNF) |

TO: Integro Insurance Brokers
3 Times Square – 9th Floor
New York, NY 10036
Attn: Roger E. Egan

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Kramer Levin Naftalis & Frankel LLP 1177 Avenue of the Americas New York, NY 10036 | July 9, 2007 9:30 a.m. |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] Attorney for PLAINTIFFS | June 28, 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Steven M. Knecht, Esq. (SK-8404)
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas, New York, NY 10036
(212) 715-9427

(See Rule 45 Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

KL3 2600017.1

| PROOF OF SERVICE | |
|---|---|
| DATE | PLACE |

SERVED

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on
　　　　DATE　　　　　　　　　　　　　　　　SIGNATURE OF SERVER

　　　　　　　　　　　　　　　　　　　　　　　ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject
to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf
the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.
(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.
(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

**EXHIBIT 18**

Issued by the
# UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| Guy Carpenter & Company, LLC and Marsh & McLennan Companies, Inc. | SUBPOENA IN A CIVIL CASE |
|---|---|
| v. | CASE NUMBER:[1] |
| Julian Samengo-Turner, Ron Whyte, and Marcus Hopkins | 07 Civ. 3580 (DC) (KNF) |

TO: Integro Insurance Brokers
3 Times Square – 9th Floor
New York, NY 10036
Attn: John Clements

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Kramer Levin Naftalis & Frankel LLP<br>1177 Avenue of the Americas<br>New York, NY 10036 | July 12, 2007<br>9:30 a.m. |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| /s/ Steven Knecht    Attorney for PLAINTIFFS | June 28, 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Steven M. Knecht, Esq. (SK-8404)
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas, New York, NY 10036
(212) 715-9427

(See Rule 45 Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

|  | PROOF OF SERVICE |  |
|---|---|---|
|  | DATE | PLACE |
| SERVED |  |  |
| SERVED ON (PRINT NAME) |  | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) |  | TITLE |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on
　　　　DATE

　　　　　　　　　　　　　　　　　　　　　　SIGNATURE OF SERVER

　　　　　　　　　　　　　　　　　　　　　　ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject
to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf
the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.
(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.
(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon
that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

# EXHIBIT 19

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/2/07

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
GUY CARPENTER & COMPANY, LLC and MARSH  :
& McLENNAN COMPANIES, INC.,             :
                         Plaintiffs,    :   07 Civ. 3580 (DLC)
                                        :
             -v-                        :   ORDER
                                        :
JULIAN SAMENGO-TURNER, RON WHYTE, and   :
MARCUS HOPKINS,                         :
                         Defendants.    :
                                        :
----------------------------------------X
```

DENISE COTE, District Judge:

At a conference of May 18, the Court granted the plaintiffs' request for expedited discovery. By letter dated June 6, 2007 and proposed order to show cause, defendant Ron Whyte ("Whyte") requested that the proceedings in this matter be stayed, that this Court vacate its expedited discovery order, or that the Court certify its expedited discovery ruling for immediate interlocutory appeal. At a conference of June 11, the Court denied Whyte's requests to vacate its expedited discovery order or to stay this action. It also set a briefing schedule for Whyte's June 6 application for certification of an appeal. By letter dated June 26, defendant Whyte has withdrawn his request for an interlocutory appeal of the Court's ruling on expedited discovery. It is hereby

ORDERED that the Order to Show Cause of June 11 is vacated.

IT IS FURTHER ORDERED that the parties shall confer and present a proposed scheduling order for further proceedings in this action by July 13, 2007.

SO ORDERED:

Dated:   New York, New York
         July 2, 2007

```
                              _____
                                    DENISE COTE
                              United States District Judge
```

**EXHIBIT 20**

    Tuesday, July 03 2007

Brokers
## Best's Review Broker Rankings Show Aon Passing Marsh on Brokerage Revenues, Lockton Jumping Four Spots



Publication Date:   **07/02/2007**
Source:   **BestWire Services**

Marsh & McLennan remains the largest insurance brokerage worldwide in terms of overall revenues, but has surrendered to Aon Corp. the leadership based on brokerage revenues. Among the world's 20 largest insurance brokers, the biggest change in the latest ranking by Best's Review magazine was Lockton Cos. Inc., which moved from No. 14 to No. 10 due to its acquisition of Alexander Forbes International Risk Services.

The annual ranking of brokerages is based on research by the staff of Best's Review magazine and includes detailed profiles of the 20 largest insurance brokerages worldwide, along with a host of other brokerages.

Some brokers reported weathering a tough 2006 because of the impact of litigation, regulatory issues and business changes. Spurred by investigations and lawsuits, some of the largest brokers have moved away from contingent commissions and have been revamping their practices on disclosure and whether to accept payment for certain types of services.

Willis Group Holdings Inc. this year publicly rejected what became known as "supplemental compensation," which is designed to replace contingent commissions. Contingent commissions are payments to brokers based on the performance of business placed by that broker.

Top-ranked Marsh & McLennan, which includes some nonbrokerage units, saw its overall revenues rise to $11.9 billion in 2006, up from $11.7 billion the year prior. However, revenues from brokerage fell to $5.3 billion in 2006, down from $5.4 billion in 2005.

That allowed Aon Corp. -- second in overall revenues -- to surpass Marsh, based on brokerage revenues. Aon's brokerage revenues rose to $5.6 billion in 2006, up from $5.4 billion. Greg Case, Aon's chief executive, this year has been trumpeting his firm's top status based on brokerage revenues.

Rounding out the top five are:

- Willis Group Holdings Ltd. placed third with $2.4 billion in overall revenues. Willis has been an active player in the world brokerage market, launching several new initiatives including a quality index designed to track performance of insurance carriers.

- Arthur J. Gallagher & Co. was fourth, with $1.53 billion in overall revenues. Gallagher reported it has completed 165 acquisitions since 1986.

- Wells Fargo & Co. was fifth, with $1 billion in brokerage revenues. One of the biggest changes for Wells Fargo in 2006 was its name. Wells Fargo's insurance operations were formerly known as Acordia, the name of the brokerage that the banking company acquired to help boost its efforts in selling insurance.

The top 20 insurance brokerages worldwide, based on 2006 results, are:

1. Marsh & McLennan Cos.

2. Aon Corp.

3. Willis Group Holdings Ltd.

4. Arthur J. Gallagher & Co.

5. Wells Fargo & Co.

6. Jardine Lloyd Thompson Group plc.

7. Brown & Brown Inc.

8. BB&T Insurance Services Inc.

9. Hilb Rogal & Hobbs Co.

10. Lockton Cos. Inc.

11. USI Holdings Corp.

12. Hub International Ltd.

13. Wachovia Insurance Services Inc.

14. ABD Insurance & Financial Services

15. CBIZ Benefits & Insurance Services Inc.

16. The Leavitt Group

17. Keenan & Associates

18. Frank Crystal & Co.

19. Bollinger Inc.

20. Meadowbrook Insurance Group Inc.

Full results, including financial information and key developments in 2006 for each broker, along with reported strategies for 2007 and 2008, are published in the July edition of Best's Review magazine or online at www.bestreview.com.

(By: Lee McDonald: Lee.Mcdonald@ambest.com)

Copyright 2007 A.M. Best Company, Inc.

**EXHIBIT 21**

## AFFIDAVIT OF ROGER EGAN

STATE OF NEW YORK     )
                      : ss.:
COUNTY OF NEW YORK )

ROGER EGAN, being first duly sworn, deposes and says:

1. I am the Chief Executive Officer of Integro USA Inc. ("Integro") and am not a party to the lawsuit captioned *Guy Carpenter & Company, LLC v. Julian Samengo-Turner, Ron Whyte and Marcus Hopkins*, No. 07 Civ. 3580 (DC) (United States District Court for the Southern District of New York) (the "Lawsuit").

2. I am not available to appear for deposition in the Lawsuit on July 9, 2007. Due to my business and personal travel plans, as well as what I understand to be the availability of my counsel, it would be difficult for me to appear for a deposition in the Lawsuit before Labor Day, September 3, 2007.

_____
ROGER EGAN

Sworn to me before this
3rd day of July, 2007.

_____
Notary Public

PATRICIA CORBETT-BRADY
Notary Public, State of New York
No. 01CO5031735 Qualified in Queens Co.
Certificate Filed in New York County
Commission Expires August 8, 2010

# EXHIBIT 22

## DECLARATION OF JOHN CLEMENTS

**REGION OF** Vars
**REPUBLIC OF FRANCE**

       **JOHN CLEMENTS**, being duly sworn, deposes and says:

       1.    I am not a party to the lawsuit captioned *Guy Carpenter & Company, LLC v. Julian Samengo-Turner, Ron Whyte and Marcus Hopkins*, No. 07 Civ. 3580 (DC) (United States District Court for the Southern District of New York) (the "Lawsuit").

       2.    While I am a citizen of the United States and have a residence in Connecticut, I am currently living in Paris, France where I have resided for one year. I have a home in France, my family resides with me and my children are enrolled in school in France.

       3.    I am a consultant and non-management director to non-party Integro USA Inc. and its affiliates and am able to fulfill such duties from France. I do not maintain an office or otherwise work out of Integro's New York office.

       4.    Because I will be in France on July 12, 2007 I am not available to appear for a deposition in the Lawsuit on that date. Due to my business and personal travel plans, I cannot reasonably be available to appear in New York for a deposition in the Lawsuit until after Labor Day, September 3, 2007.

5. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: July 3, 2007

*[signature]*
JOHN CLEMENTS